IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KING PHARMACEUTICALS RESEARCH AND DEVELOPMENT, INC., ASTELLAS US LLC and ASTELLAS PHARMA US, INC.,<br><br>**Plaintiffs,**<br><br>v.<br><br>SICOR, INC. and SICOR PHARMACEUTICALS, INC.,<br><br>**Defendants**. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.:  05-0337-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

### FIRST NOTICE OF DEPOSITION OF SICOR, INC. AND SICOR PHARMACEUTICALS, INC. PURSUANT TO FED. R. CIV. P. RULE 30(b)(6)

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Astellas US, LLC, Astellas Pharma US, Inc. and King Pharmaceuticals Research and Development, Inc. shall take the deposition of Defendants Sicor, Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor").  The oral examination of Sicor shall begin at 9:30 a.m. on February 22, 2006, at the offices of Morris, James, Hitchens & Williams LLP, 222 Delaware Avenue, 10th Floor, Wilmington, Delaware  19801, or at another mutually agreed-upon time and location.  The deposition will be taken before a notary public or some other officer authorized to administer oaths under the law, will be recorded by stenographic means and by videotape, and will continue from day to day until completed.

In accordance with Rule 30(b)(6), Sicor is requested to designate one or more officers, directors, managing agents, or other persons authorized to testify on Sicor's behalf "as to matters known or reasonably available to" Sicor regarding the subjects identified in Schedule A.  Plaintiffs

also request that Sicor provide Plaintiffs with written notice at least five (5) business days before the deposition of the name of each witness and of the matters set forth in Schedule A as to which each witness will testify.

This deposition shall be for the purpose of discovery, memorializing the testimony of the corporation on the topics identified in this First Notice, for use at trial and other proceedings between the parties, and any and all other uses permitted by the Federal Rules of Civil Procedure and Evidence.

You are invited to attend and examine the witness(es).

Dated:  February 7, 2006

      /s/ Richard K. Herrmann
Richard K. Herrmann #405
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
rherrmann@morrisjames.com

Susan H. Griffen
David P. Frazier
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue
Washington, D.C.  20001-4413
(202) 408-4000

Paul E. Crawford #493
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
Wilmington, DE  19801
(302) 888-6200

F. Dominic Cerrito
Gasper LaRosa
JONES DAY
222 E. 41st Street
New York, NY  10017
(212) 326-3939

*Attorneys for Plaintiffs*

## SCHEDULE A

## DEFINITIONS

1. The term "Sicor" (*see* Stipulation of Dismissal, [D.I. 10]) refers to Sicor Inc., Sicor Pharmaceuticals, Inc., Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries, Ltd. (collectively "Teva"), and, whether owned wholly or only partially, Sicor subsidiaries, affiliates, divisions, and corporate predecessors, and Teva corporate predecessors, and every present and former director, agent, employee, consultant, expert, attorney, representative, nominee, and all other persons acting or purporting to act on behalf of those corporations, subsidiaries, affiliates, divisions, and predecessors.

2. The term "Accused Product(s)" shall refer to Sicor's proposed Adenosine Injection, USP, 60mg/20ml and 90mg/30ml as specified in ANDA No. 77-425, and/or referred to in Defendants' Supplemental Preliminary Non-Infringement Contentions Regarding U.S. Patent No. 5,070,877 as "Sicor's Adenosine Product."

3. The term "the '877 patent" shall mean U.S. Patent No. 5,070,877.

4. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.

5. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request.

6. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

7. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

8.  As used herein, "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, referring directly or indirectly to, in any way, the particular subject matter identified.

**TOPICS OF EXAMINATION**

1. The method in which Sicor intends its Accused Products to be used.

2. The composition of Sicor's Accused Products.

3. Sicor's decision to develop an adenosine-containing product for use as an adjunct in myocardial perfusion imaging.

4. Sicor's decision to develop its Accused Products.

5. Sicor's knowledge of Astellas's Adenoscan® product, including but not limited to Sicor's knowledge of Astellas's Adenoscan® product prior to its decision to develop its Accused Products.

6. Comparisons done by or on behalf of Sicor between Sicor's Accused Products and Astellas's Adenoscan®.

7. Comparisons done by or on behalf of Sicor between Sicor's Accused Products and any claim of the '877 patent.

8. Any consideration or analysis of Astellas's Adenoscan® product insert.

9. The drafting of the proposed product inserts for Sicor's Accused Products.

10. All decisions on the wording of the proposed product inserts for Sicor's Accused Products.

# CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2006, I electronically filed the foregoing document, **FIRST NOTICE OF DEPOSITION OF SICOR, INC. AND SICOR PHARMACEUTICALS, INC. PURSUANT TO FED. R. CIV. P. RULE 30(b)(6)**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

| | |
|---|---|
| Paul E. Crawford | Josy W. Ingersoll |
| Patricia Smink Rogowski | John W. Shaw |
| Connolly Bove Lodge & Hutz LLP | Young Conaway Stargatt & Taylor, LLP |
| 1007 N. Orange Street | The Brandywine Building |
| Wilmington, DE 19801 | 1000 West Street, 17th Floor |
| | Wilmington, DE 19801 |

Additionally, I hereby certify that on the 7th day of February, 2006, the foregoing document was served via email and Federal Express on the following non-registered participants:

| | |
|---|---|
| Gasper J. LaRosa | Annemarie Hassett |
| Jones Day | Melanie Rupert |
| 222 East 41 Street | Goodwin Proctor LLP |
| New York, NY 10017 | 599 Lexington Avenue |
| gjlarosa@jonesday.com | New York, NY 10022 |
| | ahassett@goodwinproctor.com |

　　　　　　　　　　　　　　　　　　/s/ Richard K. Herrmann
　　　　　　　　　　　　　　　Richard K. Herrmann (#405)
　　　　　　　　　　　　　　　Mary B. Matterer (#2696)
　　　　　　　　　　　　　　　MORRIS, JAMES, HITCHENS & WILLIAMS LLP
　　　　　　　　　　　　　　　222 Delaware Avenue, 10th Floor
　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　(302) 888-6800
　　　　　　　　　　　　　　　rherrmann@morrisjames.com

　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*