# EXHIBIT A

Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

King Pharmaceuticals Research and Development, Inc., Astellas US LLC, and Astellas Pharma US, Inc.,

    *Plaintiffs,*

v.

Sicor Inc. and Sicor Pharmaceuticals, Inc.,

    *Defendants.*

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-337 SLR
Pending in the District of Delaware

TO: Dr. Syed Mohiuddin
   12531 Shamrock Road
   Omaha, NE 68154

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Thibault Suhr & Thibault<br>6818 Grover Street, Suite 107<br>Omaha, NE 68016-3632 | March 2 & 3, 2006<br>9:30 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A: Definitions and Instructions & Requests for the Production of Documents. Please be advised that appearance for production at Thibault Suhr & Thibault will be waived if copies of the production are received by Ms. Rupert at the offices of Goodwin Procter LLP, 599 Lexington Avenue, New York, NY 10022 by 5:00 p.m. on February 15, 2006, or as otherwise agreed by counsel for defendant.

| PLACE | DATE AND TIME |
|---|---|
| Thibault Suhr & Thibault<br>6818 Grover Street, Suite 107<br>Omaha, NE 68016-3632 | February 17, 2006<br>2:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. | 2/1/06 |

ISSUING OFFICER'S NAME ADDRESS AND PHONE NUMBER
Melanie R. Rupert
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800

(See Rule 45, Federal rules of Civil Procedure, parts C & D attached)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

           date             place

served on (print name)             manner of service

served by (print name)             title

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                date

signature of server

address of server

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **DEFINITIONS**

A.  "The '877 patent" shall refer to U.S. Patent No. 5,070,877, all parent and grandparent applications resulting in its issuance, and all related U.S. or foreign patent applications.

B.  "Related patents or patent applications" shall refer to any U.S. or foreign patents or patent applications in the same family (including applications for which no patents have issued) and including without limitation all foreign, provisional, or U.S. patent parent applications from which the referenced patent claims priority; all divisional, reissue, continuation, and continuation-in-part applications; and all requests for continued examinations, reexamination proceedings, or correction certificates that claim priority or originate from the same foreign, non-provisional, or parent applications.

C.  "The named inventors" shall refer the inventors named on the face of the '877 patent, namely Dr. Syed M. Mohiudden and Dr. Daniel E. Hilleman.

D.  "Adenosine" shall refer to 6-amino-9-$\beta$-D-ribofuranosyl-9-H-purine, including all compositions, formulations, products, preparations, or other substances including, containing, or comprising in any form the compound adenosine.

E.  "Myocardial perfusion imaging" shall refer to myocardial perfusion scintigraphy, including without limitation using thallium-201 in patients unable to exercise adequately.

F.  "Subject matter of the '877 patent" shall encompass the field of art described in the disclosure of the '877 patent, in addition to the subject matter of the claims set forth therein, including but not limited to the use of adenosine for coronary artery dilation and/or myocardial perfusion imaging.

G.  "King" shall refer to King Pharmaceuticals Research and Development, Inc., its subsidiaries, affiliates, divisions, and corporate predecessors, whether owned wholly or only partially, and every present and former director, agent, employee, consultant, expert, attorney, representative, nominee, and all other persons acting or purporting to act on behalf of those corporations, subsidiaries, affiliates, divisions, and predecessors.

H.  "Medco" shall refer to Medco Research, Inc., its subsidiaries, affiliates, divisions, and corporate predecessors, whether owned wholly or only partially, and every present and former director, agent, employee, consultant, expert, attorney, representative, nominee, and all other persons acting or purporting to act on behalf of those corporations, subsidiaries, affiliates, divisions, and predecessors.

I.  "Communication" shall mean any exchange or transmittal of information in the form of facts, ideas, inquiries, or otherwise, whether written, oral, electronic, or in any other form.

J.  "Document" or "documents" shall be interpreted in the broadest sense available pursuant to Rule 34(a), Fed. R. Civ. P., to include without limitation any writing of any kind (including originals and all non-identical copies) in any medium in which the information is stored.

K.  "Thing" or "things" shall mean any tangible object, including without limitation devices, designs, plans, physical objects, samples, products, components, prototypes, models, samples, specimens, photographs, and any audio, video, or digital recordings.

L.  "Concerning" or "concern" shall mean referring to, describing, evidencing, or constituting.

M. "Person" shall mean any natural person or any business, legal, or governmental entity or association.

N. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

O. The use of the singular form of any word includes the plural and vice versa.

### INSTRUCTIONS

A. This request seeks production of all documents and things described in the request which are currently in your possession, custody, or control, whether prepared by your or anyone else, and in any location they may exist.

B. Each request shall be read to be inclusive rather than exclusive. The past tense shall include the present tense, and the present tense shall include the past tense.

C. If any document is not produced on the grounds of the attorney-client privilege, the work product immunity doctrine, or any other applicable privilege, you shall identify the document by providing the date of the document; the names of all authors, addressees, and recipients; a summary of the contents of the general subject matter of the document; and the basis for withholding the document. To the extent that only a portion of a document or thing is claimed to be privileged, the non-privileged portions of the document or thing should be produced, and information set forth above should be provided with respect to the redacted portions of the document.

D. If any requested document is known to have existed and cannot now be located or has been destroyed or discarded, identify the document by stating the last known custodian of the document, the date of destruction or discard, the manner of destruction or discard, the reasons for

destruction or discard, the efforts made to locate such document, a statement describing contents of the document, and all authors, addressees, or recipients of the document.

E.  Each request shall be answered separately, and documents responsive to each request shall be produced accordingly, so as to indicate the request(s) to which they are deemed to respond.

F.  Documents and things shall be produced as they are maintained in the normal course of ordinary business. All associated file labels, file headings, and file folders shall be produced together with the responsive documents and things from each file. Each page of each responsive document shall be given a discrete production number.

G.  Electronic records and computerized information must be produced in an intelligible electronic format, together with a description of the system from which they were derived sufficient to cause the record and information to be comprehensible.

H.  These document requests shall be deemed continuing in nature and create an ongoing obligation to supplement production of responsive documents in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

I.  If you have any good faith objection(s) to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to part of the request should be made in writing and served on Sicor's counsel on or before the date production is due. If there is an objection to any part of a request, then the part objected to should be identified, and documents responsive to the part that is not objected to shall be produced.

## SCHEDULE A

Produce any and all documents and things at the date and time specified in the attached subpoena that concern or relate to the following topics:

1. All documents and things concerning the '877 patent, or any related patent or patent application.

2. All documents and things concerning the alleged inventions claimed in the '877 patent, including but not limited to any publications, research memoranda, studies, reports, written commentary, notes, laboratory notebooks, or communications.

3. All documents and things concerning the research and development of the alleged inventions claimed in the '877 patent.

4. All documents and things concerning the decision to file the applications that resulted in the issuance of the '877 patent or any related patent or patent applications.

5. All documents and things concerning:

   (a) The conception of the alleged invention claimed, and each of the acts that were involved in the claimed conception;

   (b) The reduction to practice of the claimed invention, including any acts or activities involved in or leading to reduction to practice;

   (c) The first written description of the claimed invention;

   (d) The first written disclosure to another person of the claimed invention;

   (e) The first public disclosure to another person of the claimed invention;

   (f) The first public use of the claimed invention;

   (g) Research, development, synthesis, testing, evaluation, analysis, or use of the claimed invention prior to March 29, 1989;

   (h) The first advertisement or promotion of the claimed invention;

   (i) The first sale or offer for sale of the claimed invention or any embodiment thereof;

5

  (j)  Any communication, disclosure, showing, sampling, display, or demonstration of the claimed invention or any embodiment thereof prior to March 29, 1989; and

  (k)  The best mode for practicing the claimed invention known to the inventors of the '877 patent as of March 29, 1989.

6. All documents and things concerning any of the examples set forth in the '877 patent.

7. All laboratory notebooks of the named inventors or those working under the supervision of, reporting to, or in collaboration with such inventor(s), concerning the alleged inventions claimed in the '877 patent.

8. All correspondence between or among King Research Pharmaceuticals Research and Development, Medco Research, Inc., and/or the named inventors concerning the '877 patent or the subject matter of the '877 patent.

9. All documents and things concerning the level of ordinary skill in the art, as of March 29, 1989, with respect to the subject matter of the '877 patent, including but not limited to the use of adenosine for coronary artery dilation and/or myocardial perfusion imaging.

10. All documents and things concerning the ownership or transfer of any rights in the inventions claimed in the '877 patent, beginning from a time prior to the first conception of the alleged invention(s) of the '877 patent to present.

11. All documents and things concerning any assignments, offers to assign, or attempts to assign the '877 patent, beginning from a time prior to the first conception of the alleged invention(s) of the '877 patent to present.

12. All documents and things concerning the use of adenosine for coronary artery dilation that were in existence on or before March 29, 1989.

13. All documents and things concerning the use of adenosine for myocardial perfusion imaging that were in existence on or before March 29, 1989.

14. All documents and things concerning U.S. Patent No. 5,731,296 and any related patents or patent applications, including but not limited to foreign patents or patent applications.

15. All documents and things concerning Investigational New Drug Application No. 30,974.

16. All documents and things concerning any experiments, clinical trials, or other research studies in humans or animals on or before March 29, 1989 concerning the use of adenosine in coronary artery dilation.

17. All documents and things concerning any experiments, clinical trials, or other research studies in humans or animals on or before March 29, 1989 concerning the use of adenosine in myocardial perfusion imaging.

18. All invention disclosure statements concerning the alleged inventions disclosed in the '877 patent.

19. All documents and things concerning any domestic or foreign civil action or administrative proceedings (other than this case) involving the '877 patent or any related patents or patent applications.

7