IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KING PHARMACEUTICALS RESEARCH AND DEVELOPMENT, INC., ASTELLAS US LLC and ASTELLAS PHARMA US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SICOR INC. and SICOR PHARMACEUTICALS, INC., <br><br> Defendants. | Civil Action No.: 05-0337-SLR |

### SICOR'S OBJECTIONS TO FIRST NOTICE OF DEPOSITION OF SICOR INC. AND SICOR PHARMACEUTICALS, INC. PURSUANT TO FED. R. CIV. P. RULE 30(b)(6)

Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor") hereby object to the February 7, 2006 First Notice of Deposition of Sicor Inc. and Sicor Pharmaceuticals, Inc. as follows:

### GENERAL OBJECTIONS

1.  Sicor objects to each deposition topic to the extent that it seeks to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the District of Delaware.

2.  Sicor objects to each deposition topic to the extent it seeks to obtain information that is protected from discovery by the attorney-client privilege, the work product doctrine or by any other applicable immunity or privilege.

3. Sicor objects to each deposition topic to the extent that it calls for expert testimony.

4. Sicor objects to each deposition topic to the extent that it is duplicative of other discovery produced in this case, or of discovery which is more easily available through other, more appropriate and/or less-burdensome means.

5. Sicor objects to each deposition topic to the extent that it is vague and indefinite, overly broad, unduly burdensome or calls for testimony that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

6. Sicor objects to each topic to the extent that it seeks legal analysis or conclusions.

7. Sicor's statement that it will produce a corporate designee for examination should not be construed to mean that Sicor has knowledge with respect to the topic at issue.

8. Sicor objects to Definition 1 to the extent that it seeks information not within Sicor's possession, custody or control and beyond the scope of Rule 30(b)(6), Fed. R. Civ. P.

9. Sicor objects to Definition 8 on the grounds that it is overly broad, vague, ambiguous and so expansive as to be virtually meaningless as it calls for, *inter alia*, anything "referring directly or indirectly to" "in any way" a given subject matter. Sicor shall construe "relating" as "referring to, describing, evidencing, or constituting."

10. Sicor objects to the noticed date of February 22, 2006 and states that it will produce a witness or witnesses on a mutually agreeable date.

## SPECIFIC OBJECTIONS

**Topic No. 1:**

The method in which Sicor intends its Accused Products to be used.

**Objection to Topic No. 1:**

Sicor objects to this Topic as vague and ambiguous with respect to "method . . . to be used." Subject to and without waiving its objections, Sicor will produce a corporate designee for examination on Topic No. 1.

**Topic No. 2:**

The composition of Sicor's Accused Products.

**Objection to Topic No. 2:**

Sicor objects to this Topic as vague and ambiguous with respect to "composition." Sicor further objects to this Topic to the extent it is duplicative of one or more other topics identified in plaintiffs' notices of Rule 30(b)(6) depositions. Subject to and without waiving its objections, Sicor will produce a corporate designee for examination on Topic No. 2.

**Topic No. 3:**

Sicor's decision to develop an adenosine-containing product for use as an adjunct in myocardial perfusion imaging.

**Objection to Topic No. 3:**

Sicor objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Sicor further objects to this Topic as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited to the product that is the subject of ANDA 77-425. Subject to and without waiving its objections, Sicor will produce a corporate designee for examination on Topic No. 3.

**Topic No. 4:**

Sicor's decision to develop its Accused Products.

**Objection to Topic No. 4:**

Sicor objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving its objections, Sicor will produce a corporate designee for examination on Topic No. 4.

**Topic No. 5:**

Sicor's knowledge of Astellas's Adenoscan® product, including but not limited to Sicor's knowledge of Astellas's Adenoscan® product prior to its decision to develop its Accused Products.

**Objection to Topic No. 5:**

Sicor objects to this Topic as vague, ambiguous and overly broad with respect to "knowledge." Sicor further objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving its objections, Sicor will produce a corporate designee for examination on Topic No. 5.

**Topic No. 6:**

Comparisons done by or on behalf of Sicor between Sicor's Accused Product and Astellas's Adenoscan®.

**Objection to Topic No. 6:**

Sicor objects to this Topic as vague, ambiguous and overly broad with respect to "comparisons." Sicor further objects to this Topic to the extent it is duplicative of one or more other topics identified in plaintiffs' notices of Rule 30(b)(6) depositions. Subject to and without waiving its objections, Sicor will produce a corporate designee for examination on Topic No. 6.

**Topic No. 7:**

Comparisons done by or on behalf of Sicor between Sicor's Accused Products and any claim of the '296 patent.

**Objection to Topic No. 7:**

Sicor objects to this Topic as vague, ambiguous and overly broad with respect to "comparisons." Sicor objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Sicor further objects to this Topic to the extent that it calls for information that is properly the subject of expert testimony.

**Topic No. 8:**

Any consideration or analysis of Astellas's Adenoscan® product insert.

**Objection to Topic No. 8:**

Sicor objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Sicor further objects to this Topic to the extent that it calls for information that is properly the subject of expert testimony. Sicor also objects to this Topic to the extent that it calls for legal analysis or conclusions. Sicor further objects to this Topic as vague and overly broad with respect to "any consideration or analysis" of Astellas's product insert. Subject to and without waiving its objections, Sicor will produce a corporate designee for examination on Topic No. 8.

**Topic No. 9:**

The drafting of the proposed product inserts for Sicor's Accused Products.

**Objection to Topic No. 9:**

Sicor objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Sicor further objects to this Topic to the extent that it calls for information that is properly the subject of expert testimony. Sicor also objects to this Topic to the extent that it calls for legal analysis or conclusions. Sicor

further objects to this Topic as vague and overly broad with respect to "any consideration or analysis" of Astellas's product insert. Subject to and without waiving its objections, Sicor will produce a corporate designee for examination on Topic No. 9.

**Topic No. 10:**

All decisions on the wording of the proposed product inserts for Sicor's Accused Products.

**Objection to Topic No. 10:**

Sicor objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Sicor further objects to this Topic to the extent that it seeks information that is properly the subject of expert testimony. Sicor also objects to this Topic to the extent that it calls for legal analysis or conclusions. Sicor further objects to this Topic as vague and overly broad with respect to "any consideration or analysis" of Astellas's product insert. Subject to and without waiving its objections, Sicor will produce a corporate designee for examination on Topic No. 10.

                            Respectfully submitted,

                            /s/ Josy W. Ingersoll

                            Josy W. Ingersoll (No. 1088)
                            *jingersoll@ycst.com*
                            John W. Shaw (No. 3362)
                            *jshaw@ycst.com*
                            Monté T. Squire (No. 4764)
                            *msquire@ycst.com*
                            YOUNG CONAWAY STARGATT & TAYLOR, LLP
                            The Brandywine Building
                            1000 West Street, 17th Floor

Of Counsel:                  Wilmington, Delaware 19899-0391
                            (302) 571-6600

David M. Hashmall, P.C. (admitted *pro hac vice*)
Annemarie Hassett (admitted *pro hac vice*)   *Attorneys for Defendants Sicor Inc. and Sicor*
Goodwin Procter LLP                       *Pharmaceuticals, Inc.*
599 Lexington Aveneue
New York, NY 10022
(212) 813-8800


Dated: February 27, 2006

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on February 27, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard K. Herrmann, Esquire
>Morris James Hitchens & Williams
>222 Delaware Avenue, 10th Floor
>P.O. Box 2306
>Wilmington, DE 19899-2306

>Paul Crawford, Esquire
>Connolly Bove Lodge & Hutz
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899-2207

I further certify that on February 27, 2006, I caused copies of the foregoing document to be served by hand delivery and electronic mail on the above listed counsel of record and on the following in the manner indicated:

### BY FEDERAL EXPRESS AND ELECTRONIC MAIL

>Charles E. Lipsey, Esquire
>Finnegan Henderson Farabow Garrett & Dunner, LLP
>Two Freedom Square
>11955 Freedom Drive
>Reston, VA 20190-5675

>Susan H. Griffen, Esquire
>Finnegan Henderson Farabow Garrett & Dunner, LLP
>901 New York Avenue, N.W.
>Washington, DC 20001-4413

Gasper LaRosa, Esquire
Jones Day
222 East 41st Street
New York, NY 10017

/s/ Monté T. Squire

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
**YOUNG CONAWAY STARGATT & TAYLOR LLP**
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Defendants*