IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KING PHARMACEUTICALS RESEARCH
AND DEVELOPMENT, INC.,
ASTELLAS US LLC and
ASTELLAS PHARMA US, INC.,

Plaintiffs,

v.

SICOR INC. and
SICOR PHARMACEUTICALS, INC.,

Defendants.

Civil Action No.: 05-0337-SLR

## SICOR'S OBJECTIONS TO SECOND NOTICE OF DEPOSITION OF SICOR INC. AND SICOR PHARMACEUTICALS, INC. PURSUANT TO FED. R. CIV. P. RULE 30(b)(6)

Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor") hereby

object to the February 7, 2006 Second Notice of Deposition of Sicor Inc. and Sicor

Pharmaceuticals, Inc. as follows:

### GENERAL OBJECTIONS

1.     Sicor objects to each deposition topic to the extent that it seeks to impose

requirements or obligations in addition to or different from those imposed by the Federal Rules

of Civil Procedure or the Local Civil Rules of the United States District Court for the District of

Delaware.

2.     Sicor objects to each deposition topic to the extent it seeks to obtain information

that is protected from discovery by the attorney-client privilege, the work product doctrine or by

any other applicable immunity or privilege.

3.      Sicor objects to each deposition topic to the extent that it calls for expert testimony.

4.      Sicor objects to each deposition topic to the extent that it is duplicative of other discovery produced in this case, or of discovery which is more easily available through other, more appropriate and/or less-burdensome means.

5.      Sicor objects to each deposition topic to the extent that it is vague and indefinite, overly broad, unduly burdensome or calls for testimony that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

6.      Sicor objects to each topic to the extent that it seeks legal analysis or conclusions.

7.      Sicor's statement that it will produce a corporate designee for examination should not be construed to mean that Sicor has knowledge with respect to the topic at issue.

8.      Sicor objects to Definition 1 to the extent that it seeks information not within Sicor's possession, custody or control and beyond the scope of Rule 30(b)(6), Fed. R. Civ. P.

9.      Sicor objects to Definition 8 on the grounds that it is overly broad, vague, ambiguous and so expansive as to be virtually meaningless as it calls for, *inter alia*, anything "referring directly or indirectly to" "in any way" a given subject matter.  Sicor shall construe "relating" as "referring to, describing, evidencing, or constituting."

10.     Sicor objects to the noticed date of March 7, 2006 and states that it will produce a witness or witnesses on a mutually agreeable date.

### SPECIFIC OBJECTIONS

**Topic No. 1:**

Sicor's development of its Accused Products.

**Objection to Topic No. 1:**

Sicor objects to this Topic to the extent it is duplicative of one or more other topics identified in plaintiffs' notices of Rule 30(b)(6) depositions. Subject to and without waiving its objections, Sicor will produce a corporate designee for examination on Topic No. 1.

**Topic No. 2:**

Efforts at Sicor to develop a product that is bioequivalent to Astellas' Adenoscan®.

**Objection to Topic No. 2:**

Sicor objects to this Topic to the extent it is duplicative of one or more other topics identified in plaintiffs' notices of Rule 30(b)(6) depositions. Subject to and without waiving its objections, Sicor will produce a corporate designee for examination on Topic No. 2.

**Topic No. 3:**

Bioequivalence studies done by or on behalf of Sicor on Sicor's Accused Products.

**Objection to Topic No. 3:**

Sicor objects to this Topic as vague and ambiguous with respect to "bioequivalence studies." Sicor further objects to this Topic on the ground that it appears to be duplicative of Topic No. 2, above. Subject to and without waiving its objections, Sicor will produce a corporate designee for examination on Topic No. 3.

**Topic No. 4:**

Testing of Sicor's Accused Products in humans.

**Objection to Topic No. 4:**

Sicor objects to this Topic as vague and ambiguous with respect to "testing." Sicor further objects to this Topic to the extent that it calls for expert testimony. Sicor also objects to this Topic to the extent it is duplicative of one or more other topics identified in plaintiffs'

notices of Rule 30(b)(6) depositions.  Subject to and without waiving its objections, Sicor will

produce a corporate designee for examination on Topic No. 4.

**Topic No. 5:**

All instances of administration of Sicor's Accused Products to humans.

**Objection to Topic No. 5:**

Sicor objects to this Topic to the extent that it calls for expert testimony.  Sicor further

objects to this Topic to the extent it is duplicative of one or more other topics identified in

plaintiffs' notices of Rule 30(b)(6) depositions.  Subject to and without waiving its objections,

Sicor will produce a corporate designee for examination on Topic No. 5.


Respectfully submitted,

Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
John W. Shaw (No. 3362)
*jshaw@ycst.com*
Monté T. Squire (No. 4764)
*msquire@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899-0391
(302) 571-6600

Of Counsel:

David M. Hashmall, P.C. (admitted *pro hac vice*)
Annemarie Hassett (admitted *pro hac vice*)
Goodwin Procter LLP
599 Lexington Aveneue
New York, NY 10022
(212) 813-8800

*Attorneys for Defendants Sicor Inc. and Sicor*
*Pharmaceuticals, Inc.*


Dated:  February 27, 2006

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on February 27, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard K. Herrmann, Esquire
> Morris James Hitchens & Williams
> 222 Delaware Avenue, 10th Floor
> P.O. Box 2306
> Wilmington, DE 19899-2306
>
> Paul Crawford, Esquire
> Connolly Bove Lodge & Hutz
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE 19899-2207

I further certify that on February 27, 2006, I caused copies of the foregoing document to be served by hand delivery and electronic mail on the above listed counsel of record and on the following in the manner indicated:

### BY FEDERAL EXPRESS AND ELECTRONIC MAIL

> Charles E. Lipsey, Esquire
> Finnegan Henderson Farabow Garrett & Dunner, LLP
> Two Freedom Square
> 11955 Freedom Drive
> Reston, VA 20190-5675
>
> Susan H. Griffen, Esquire
> Finnegan Henderson Farabow Garrett & Dunner, LLP
> 901 New York Avenue, N.W.
> Washington, DC 20001-4413

Gasper LaRosa, Esquire
Jones Day
222 East 41st Street
New York, NY 10017

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
**YOUNG CONAWAY STARGATT & TAYLOR LLP**
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Defendants*