IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KING PHARMACEUTICALS RESEARCH AND DEVELOPMENT, INC., ASTELLAS US LLC and ASTELLAS PHARMA US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SICOR INC. and SICOR PHARMACEUTICALS, INC., <br><br> Defendants. | Civil Action No.: 05-0337-SLR <br><br> **Redacted Version - Publicly Filed** |

Of Counsel:

David M. Hashmall, P.C. (admitted *pro hac vice*)
Annemarie Hassett (admitted *pro hac vice*)
Goodwin Procter LLP
599 Lexington Aveneue
New York, NY 10022
(212) 813-8800

Dated: February 27, 2006

Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
John W. Shaw (No. 3362)
*jshaw@ycst.com*
Monté T. Squire (No. 4764)
*msquire@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899-0391
(302) 571-6600

*Attorneys for Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc.*

## SICOR'S OBJECTIONS TO THIRD NOTICE OF DEPOSITION OF SICOR INC. AND SICOR PHARMACEUTICALS, INC. PURSUANT TO FED. R. CIV. P. RULE 30(b)(6)

Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor") hereby object to the February 9, 2006 Third Notice of Deposition of Sicor Inc. and Sicor Pharmaceuticals, Inc. as follows:

### GENERAL OBJECTIONS

1. Sicor objects to each deposition topic to the extent that it seeks to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the District of Delaware.

2. Sicor objects to each deposition topic to the extent it seeks to obtain information that is protected from discovery by the attorney-client privilege, the work product doctrine or by any other applicable immunity or privilege.

3. Sicor objects to each deposition topic to the extent that it calls for expert testimony.

4. Sicor objects to each deposition topic to the extent that it is duplicative of other discovery produced in this case, or of discovery which is more easily available through other, more appropriate and/or less-burdensome means.

5. Sicor objects to each deposition topic to the extent that it is vague and indefinite, overly broad, unduly burdensome or calls for testimony that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

6. Sicor objects to each topic to the extent that it seeks legal analysis or conclusions.

7. Sicor's statement that it will produce a corporate designee for examination should not be construed to mean that Sicor has knowledge with respect to the topic at issue.

8. Sicor objects to Definition 1 to the extent that it seeks information not within Sicor's possession, custody or control and beyond the scope of Rule 30(b)(6), Fed. R. Civ. P.

9. Sicor objects to Definition 8 on the grounds that it is overly broad, vague, ambiguous and so expansive as to be virtually meaningless as it calls for, *inter alia*, anything "referring directly or indirectly to" "in any way" a given subject matter. Sicor shall construe "relating" as "referring to, describing, evidencing, or constituting."

10. Sicor objects to the noticed date of March 21, 2006 and states that a witness or witnesses will be made available on a mutually agreeable date.

## SPECIFIC OBJECTIONS

**Topic No. 1:**

REDACTED

**Objection to Topic No. 1:**

REDACTED

**Topic No. 2:**

REDACTED

**Objection to Topic No. 2:**

REDACTED

**Objection to Topic No. 3:**

REDACTED

**Topic No. 4:**

REDACTED

**Objection to Topic No. 4:**

REDACTED

Topic No. 5:

REDACTED

**Objection to Topic No. 5:**

REDACTED

Topic No. 6:

The factual bases for Sicor's denial of the averments of Paragraph 30 of the Complaint in this action.

**Objection to Topic No. 6:**

Sicor objects to this Topic to the extent that it seeks information protected from discovery by the attorney-client privilege and/or the work product doctrine. Sicor further objects to this Topic to the extent that it calls for information that is properly the subject of expert testimony.

Sicor also objects to this Topic to the extent that it calls for legal analysis, conclusions and/or testimony concerning Sicor's legal contentions.

Respectfully submitted,

*[signature]*

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Monté T. Squire (No. 4764)
msquire@ycst.com
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
(302) 571-6600

Of Counsel:

David M. Hashmall, P.C. (admitted *pro hac vice*)
Annemarie Hassett (admitted *pro hac vice*)
Goodwin Procter LLP
599 Lexington Aveneue
New York, NY 10022
(212) 813-8800

*Attorneys for Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc.*

Dated: February 27, 2006

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on February 27, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Richard K. Herrmann, Esquire
>Morris James Hitchens & Williams
>222 Delaware Avenue, 10th Floor
>P.O. Box 2306
>Wilmington, DE 19899-2306

>Paul Crawford, Esquire
>Connolly Bove Lodge & Hutz
>The Nemours Building
>1007 North Orange Street
>P.O. Box 2207
>Wilmington, DE 19899-2207

I further certify that on February 27, 2006, I caused copies of the foregoing document to be served by hand delivery and electronic mail on the above listed counsel of record and on the following in the manner indicated:

### BY FEDERAL EXPRESS AND ELECTRONIC MAIL

>Charles E. Lipsey, Esquire
>Finnegan Henderson Farabow Garrett & Dunner, LLP
>Two Freedom Square
>11955 Freedom Drive
>Reston, VA 20190-5675

>Susan H. Griffen, Esquire
>Finnegan Henderson Farabow Garrett & Dunner, LLP
>901 New York Avenue, N.W.
>Washington, DC 20001-4413

Gasper LaRosa, Esquire
Jones Day
222 East 41st Street
New York, NY 10017

_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
**YOUNG CONAWAY STARGATT & TAYLOR LLP**
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Defendants*

**Other Documents**
1:05-cv-00337-SLR King Pharmaceuticals Research and Development, Inc. et al v. SICOR Inc. et al

U.S. District Court

District of Delaware

Notice of Electronic Filing

The following transaction was received from Squire, Monte entered on 2/27/2006 at 9:34 PM EST and filed on 2/27/2006

**Case Name:**  King Pharmaceuticals Research and Development, Inc. et al v. SICOR Inc. et al
**Case Number:**  1:05-cv-337
**Filer:**  SICOR Pharmaceuticals, Inc.
   SICOR Inc.
**Document Number:** 57

**Docket Text:**
OBJECTIONS by SICOR Inc., SICOR Pharmaceuticals, Inc. to [41] Notice to Take Deposition, *of Sicor Pursuant to Fed. R. Civ. P. Rule 30(b)(6) - Third Notice [FILED UNDER SEAL]*. (Squire, Monte)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=2/27/2006] [FileNumber=175426-0]
[53b600c10987fd2573bcd54bdde1bdd44e90839e074e58f96b7ed56a16b308df6c29
cbf53c52804e1aa6ec1dee9c6694dd44546db0e50449610a20e158d9beec]]

**1:05-cv-337 Notice will be electronically mailed to:**

Francis D. Cerrito    fdcerrito@jonesday.com,

Paul E. Crawford    pcrawford@cblh.com, dhallowell@cblh.com; jcurry@cblh.com

Richard K. Herrmann    rherrmann@morrisjames.com,

Karen Elizabeth Keller    corporate@ycst.com, corpcal@ycst.com

Gasper J. LaRosa    GJLaRosa@jonesday.com,

Doungamon Fon Muttamara-Walker    fmuttamara-walker@ycst.com, corporate@ycst.com; hhall@ycst.com; corpcal@ycst.com

Brian M. Poissant    bmpoissant@jonesday.com,

Patricia Smink Rogowski    progowski@cblh.com, vmurphy@cblh.com

**1:05-cv-337 Notice will be delivered by other means to:**

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on March 14, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306

Paul Crawford, Esquire
Connolly Bove Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

I further certify that on March 14, 2006, I caused copies of the foregoing document to be served by hand delivery on the above listed counsel of record and on the following in the manner indicated:

### ELECTRONIC MAIL

Charles E. Lipsey, Esquire
Finnegan, Henderson, Farabow,
  Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

Susan H. Griffen, Esquire
Finnegan, Henderson, Farabow,
  Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413

Gasper LaRosa, Esquire
Jones Day
222 East 41st Street
New York, NY 10017

_____
John W. Shaw (No. 3362)
Josy W. Ingersoll (No. 1088)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Defendants*