

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KING PHARMACEUTICALS RESEARCH AND DEVELOPMENT, INC., ASTELLAS US LLC, and ASTELLAS PHARMA US, INC.<br><br>Plaintiffs,<br><br>v.<br><br>SICOR INC. and SICOR PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No. 05-337 SLR<br><br>**REISSUE**<br><br><br>**REDACTED** |

### REISSUED SECOND NOTICE OF RULE 30(b)(6) DEPOSITION OF KING PHARMACEUTICALS RESEARCH AND DEVELOPMENT

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6), Fed. R. Civ. P., on April 6, 2006, Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor") will take the deposition upon oral examination of King Pharmaceuticals Research and Development, Inc. ("King"). The deposition will begin at 9:30 a.m. at the offices of Goodwin Procter LLP, located at 599 Lexington Avenue, New York, New York, and continue from day to day until completed.

King is requested and required pursuant to Rule 30(b)(6) to designate and make available to testify on its behalf at said deposition one or more officers, directors, managing agents, or other persons who consent and are knowledgeable on its behalf with respect to each of the subject matters set forth in Schedule A attached hereto.

The deposition shall be conducted before a notary public or other officer authorized to administer oaths. The deposition will be recorded stenographically and by video. You are invited to attend and cross-examine.

Dated: March 22, 2006

/s/

John W. Shaw (No. 3362)
Josy W. Ingersoll (No. 1088)
D. Fon Muttamara-Walker (No. 4646)
Monté T. Squire (No. 4764)
YOUNG CONAWAY
STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Of Counsel:
David M. Hashmall, P.C. (admitted *pro hac vice*)
Annemarie Hassett (admitted *pro hac vice*)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800

*Attorneys for Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc*

## SCHEDULE A

### Definitions and Instructions

1. "The '877 patent" shall refer to U.S. Patent No. 5,070,877.

2. "The named inventors" shall refer the inventors named on the face of the '877 patent, namely Dr. Syed M. Mohiuddin and Dr. Daniel E. Hilleman.

3. "Adenosine" shall refer to 6-amino-9-β-D-ribofuranosyl-9-H-purine, including all compositions, formulations, products, preparations, or other substances including, containing, or comprising in any form the compound adenosine.

4. "Myocardial perfusion imaging" shall refer to myocardial perfusion scintigraphy, including without limitation using thallium-201 in patients unable to exercise adequately.

5. "King" shall refer to King Pharmaceuticals Research and Development, Inc., its subsidiaries, affiliates, divisions, and corporate predecessors, whether owned wholly or only partially, and every present and former director, agent, employee, consultant, expert, attorney, representative, nominee, and all other persons acting or purporting to act on their behalf.

6. "Medco" shall refer to Medco Research, Inc., its subsidiaries, affiliates, divisions, and corporate predecessors, whether owned wholly or only partially, and every present and former director, agent, employee, consultant, expert, attorney, representative, nominee, and all other persons acting or purporting to act on their behalf.

7. "Astellas" shall refer to Astellas US LLC and Astellas Pharma US, Inc., and their subsidiaries, affiliates, divisions, and corporate predecessors, whether owned wholly or only partially, and every present and former director, agent, employee, consultant, expert, attorney, representative, nominee, and all other persons acting or purporting to act on their behalf.

8. "Fujisawa" shall refer to Fujisawa Pharmaceutical Co. Ltd., and its subsidiaries, affiliates, divisions, and corporate predecessors, whether owned wholly or only partially, and

every present and former director, agent, employee, consultant, expert, attorney, representative, nominee, and all other persons acting or purporting to act on their behalf.

9. "FDA" shall refer to the United States Food and Drug Administration.

10. "Concerning" or "concern" shall mean referring to, describing, evidencing, or constituting.

11. "Communication" shall mean any exchange or transmittal of information in the form of facts, ideas, inquiries, or otherwise, whether written, oral, electronic, or in any other form.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13. The use of the singular form of any word includes the plural and vice versa.

## DEPOSITION TOPICS

1.  Research, experiments, testing, and development concerning the alleged inventions claimed or described in the '877 patent that were conducted prior to March 29, 1989, by or on behalf of the named inventors, King, Medco, Astellas, or any other person in privity or joint venture with any of them.

2.  For each claim of the '877 patent, the conception, reduction to practice, and reasonable diligence in reduction to practice of the alleged invention, including the identification of the dates of, the persons involved in, and the documents relating to the conception, reduction to practice, and reasonable diligence.

3.  Studies or analyses of the mechanism of action of adenosine as a vasodilator in animals or humans in connection with myocardial perfusion imaging.

4.  Studies or analyses comparing the mechanisms of action of adenosine and dipyridamole, respectively, as a vasodilator in animals or humans in connection with myocardial perfusion imaging.

5.  Research and development conducted in connection with Investigational New Drug Application No. 30,974, or any other investigational new drug application for an adenosine product for use in myocardial perfusion imaging, including any submissions to or communications with the FDA in connection therewith.

6.  Research and development conducted in connection with New Drug Application No. 20-059, or any other new drug application for an adenosine product for use in myocardial perfusion imaging, including any submissions to or communications with the FDA in connection therewith.

7. The ownership, assignment, or transfer of any right to or title or interest in the '877 patent from January 1, 1989 to present.

8. The assignment of or offers to assign rights in the '877 patent from the named inventors to Medco, including but not limited to all actual or proposed consideration for this assignment.

9. License(s) to or offers to license the alleged inventions claimed in the '877 patent, and all negotiations related thereto, including but not limited to licenses with Astellas, and any subsequent breach or termination thereof.

10. The transfer of rights in or title to the '877 patent as a result of King's acquisition of Medco.

11. All steps taken and efforts made by King before, during, or after King's acquisition of Medco to obtain (a) documents concerning the research, development, and testing leading to the alleged inventions claimed in the '877 patent, including original documents, laboratory notebooks, and memorandums, and (b) the compete prosecution file(s) and complete file wrapper(s) for the application which issued as the '877 patent.

12. REDACTED

13. All steps taken and efforts made by King to obtain the inventors' cooperation in the enforcement of the '877 patent.

14. Data, studies, or analyses of the market for Adenoscan® or the use of adenosine in myocardial perfusion imaging from March 29, 1989 to present.

15. Studies or analysis comparing the market for Adenoscan® to the market for other products used in myocardial perfusion imaging, including but not limited to Persantine®, from March 29, 1989 to present.

16. Annual and long-range strategic plans, business plans, marketing plans, advertising plans, and promotional plans with respect to the marketing or sale of Adenoscan® from March 29, 1989 to present.

17. Benefits and incentives, including funds, grants, journal subscriptions, equipment, products, or any other items or materials provided by Medco or King to any physicians, clinics, hospitals, or providers of medical research and services in connection with the promotion of Adenoscan® or the use of adenosine in myocardial perfusion imaging.

18. All promotional materials that Medco or King provided or made available to any physicians, clinics, hospitals, or providers of medical research and services in connection with the promotion of Adenoscan® or the use of adenosine in myocardial perfusion imaging.

19. The labeling of Adenoscan®, including but not limited to the "indications and usage" and "dosage and administration" sections of the Adenoscan® package insert.

20. The content of the training provided to agents, licensees, or employees of King or Medco regarding the mechanism of action of Adenoscan®.

21. The content of the training provided to agents, licensees, or employees of King or Medco regarding the promotion and marketing of Adenoscan®.

22. Publications concerning studies or analyses that were conducted on or before March 29, 1989 and concerning the use or mechanism of action of vasodilators in animals or humans, including but not limited to adenosine.

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on March 22, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306

Paul Crawford, Esquire
Connolly Bove Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

I further certify that on March 22, 2006, I caused copies of the foregoing document to be served by hand delivery on the above listed counsel of record and on the following in the manner indicated:

### ELECTRONIC MAIL

Charles E. Lipsey, Esquire
Finnegan, Henderson, Farabow,
    Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

Susan H. Griffen, Esquire
Finnegan, Henderson, Farabow,
    Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413

Gasper LaRosa, Esquire
Jones Day
222 East 41st Street
New York, NY 10017

_____
John W. Shaw (No. 3362)
Josy W. Ingersoll (No. 1088)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on March 22, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306

Paul Crawford, Esquire
Connolly Bove Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207

I further certify that on March 22, 2006, I caused copies of the foregoing document to be served by hand delivery on the above listed counsel of record and on the following in the manner indicated:

**ELECTRONIC MAIL**

Charles E. Lipsey, Esquire
Finnegan, Henderson, Farabow,
  Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

Susan H. Griffen, Esquire
Finnegan, Henderson, Farabow,
  Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413

Gasper LaRosa, Esquire
Jones Day
222 East 41st Street
New York, NY 10017

_____
John W. Shaw (No. 3362)
Josy W. Ingersoll (No. 1088)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR LLP
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Defendants*