IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KING PHARMACEUTICALS RESEARCH AND          )
DEVELOPMENT, INC., ASTELLAS US LLC, and     )
ASTELLAS PHARMA US, INC.                     )
                                             )
                        Plaintiffs,          )
                                             )
            v.                               )        Civil Action No. 05-337-SLR
                                             )
SICOR INC. and SICOR PHARMACEUTICALS, INC.  )
                                             )
                        Defendants.          )
_____ )

**STIPULATION AND PROPOSED ORDER**

      Plaintiffs King Pharmaceuticals Research and Development, Inc. ("King"), Astellas US

LLC, and Astellas Pharma US, Inc. (collectively, "Astellas") and defendants Sicor Inc. and Sicor

Pharmaceuticals, Inc. (collectively, "Sicor") stipulate and agree that, notwithstanding the

provisions of Federal Rule of Civil Procedure 26 and any applicable case law, the scope of

allowable expert discovery will be limited as set out below.  The parties understand that a

stipulation and order identical in substance also will be entered in *Item Development AB et al. v.*

*Sicor, Inc. and Sicor Pharmaceuticals, Inc.*, No. 05-336.  The parties stipulate and agree that:

      1.     The parties will produce to one another their respective experts' final reports and

curricula vitae, and at the same time will either identify, by production number where available,

or produce a clean copy of those documents that the experts relied on in the course of preparing

and rendering their opinions, if the documents have not already been produced.  Except as

provided in paragraph 4 below, no other documents relating to expert reports will be produced,

provided, however, that nothing in this agreement is intended to bar discovery otherwise discoverable from a party or third party outside of the context of expert discovery or intended to alter the applicable rules regarding discovery of prior testimony or statements by an expert witness.

2.     The parties will not seek to discover experts' notes, drafts of expert reports, or communications with counsel in preparation for depositions or drafting of expert reports.

3.     Subject to the restrictions set forth above, the parties shall be entitled to seek discovery regarding the process undertaken by experts in preparing reports, such as who prepared each section of the report, how much time was spent drafting the report, or who the expert spoke with concerning the substance of the expert's opinions during the course of drafting the expert report, and to seek discovery regarding the content of any communications between any expert and any fact witness at any time. The parties expressly agree, however, that notwithstanding the provisions of this paragraph, they will not seek discovery into the substance of any drafts of expert reports, the substance of any comments made on drafts of expert reports, the substance of any proposed edits to expert reports, or the substance of any communications with counsel regarding the substance of the opinions expressed in the expert reports.

4.     In addition to the discovery described in paragraph 3, the parties shall produce all test results and all underlying data and documents for any tests the expert or any other consultant or expert conducts if (1) the expert relies on or refers to the tests in the expert's report or testimony or (2) the expert was involved in any manner in the tests and the tests relate to a subject on which the expert will testify. In either case (1) or case (2), the parties shall be entitled to seek discovery regarding the substance of any communications concerning the tests between the expert and any other expert or consultant who participated in the tests. In either case (1) or

case (2), if such tests were conducted by another expert or consultant, the parties will make that

other expert or consultant available for deposition and will produce all data and documents

concerning all tests conducted by that other expert or consultant in connection with this

litigation, and relating to the subject matter of the testifying expert's testimony or report, whether

or not the testifying expert relies on all of the tests.  There shall be no discovery of

communications between counsel and such other expert or consultant.


Dated:  May ___, 2006

MORRIS JAMES HITCHENS & WILLIAMS

   /s/ Mary B. Matterer
_____
Richard K. Herrmann (No. 405)
Mary B. Matterer (No. 2696)
222 Delaware Avenue, 10th Fl.
P.O. Box 2306
Wilmington, DE  19899-2306
Telephone: (302)-888-6816
rherrmann@morrisjames.com
*Attorneys for Astellas US LLC and
Astellas Pharma US, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

   Monté T. Squire
_____
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 571-6600
msquire@ycst.com
*Attorneys for Sicor, Inc. and Sicor
Pharmaceuticals, Inc.*


SO ORDERED this _____ day of _____, 2006.


_____
United States District Judge