## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KING PHARMACEUTICALS RESEARCH AND DEVELOPMENT, INC., ASTELLAS US LLC, and ASTELLAS PHARMA US, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-337-SLR |
| SICOR, INC. and SICOR PHARMACEUTICALS, INC. | ) ) | |
| Defendants. | ) ) ) | |

## PROPOSED PRETRIAL ORDER

On January 31, 2007, counsel for Plaintiffs Astellas US LLC and Astellas Pharma US, Inc. (collectively "Astellas") and King Pharmaceuticals Research and Development Inc. ("King"), and Defendants Sicor, Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor") attended a pre-trial conference before this Court. The Court hereby orders the following matters as to the trial scheduled to begin on February 12, 2007.

## I.   NATURE OF THE ACTION AND PLEADINGS (DEL. L.R. 16.4(D)(1)).

1.    This is an action by King and Astellas against Sicor for infringement of U.S. Patent No. 5,070,877 ("the '877 patent") under 35 U.S.C. § 271(e)(2), also known as the Hatch-Waxman Act.

2.    On December 6, 2004, Sicor, Inc. and Sicor Pharmaceuticals, Inc. filed an Abbreviated New Drug Application ("ANDA") seeking permission from the FDA to market an

injectable adenosine product for use as an adjunct to thallium-201 myocardial perfusion scintigraphy in patients unable to exercise adequately.  The ANDA was amended on April 16, 2005, to include a Paragraph IV certification.

3.      On May 26, 2005, Astellas and King filed a Complaint for infringement of the '877 patent against Sicor, Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd. (Civil Action No. 05-337-SLR) (D.I. 1).

4.      On August 8, 2005, Sicor filed an Answer and Affirmative Defense and a Motion to Dismiss Count III of the Complaint (D.I. 6; D.I. 8).  On the same day, the parties filed a Stipulation of Dismissal of Complaint as to Teva Pharmaceuticals, USA, Inc. and Teva Pharmaceutical Industries Ltd. in which the Teva entities agreed to be bound by the judgment in this matter (D.I. 10).  On August 9, 2005, the Court entered the order approving this stipulation.

5.      The Court granted in part and denied in part Sicor's Motion to Dismiss Count III on March 31, 2006 (D.I. 79).

6.      On May 16, 2006, Astellas and Sicor stipulated and agreed, subject to the Court's approval, that Defendants' making, using, offering to sell, importing, or selling Sicor's Adenosine Injection USP in the United States would infringe claims 1, 3-12, 17, 18, 20-26 and 43 of the '877 patent. (D.I. 104).  On May 17, 2006, the Court entered the order approving this stipulation.

7.      On June 29, 2006, the Court denied Sicor's Motion to amend the pleadings. (D.I. 107).

8.      On August 11, 2006, the parties filed their Joint Claim Construction Statement. (D.I. 111).

## II.     BASIS FOR FEDERAL JURISDICTION (D. DEL. L.R. 16.4(D)(2))

9.      This is an action by Plaintiffs King and Astellas against Sicor for infringement of

the '877 patent under 35 U.S.C. § 271(e)(2).

    10.    This action arises under the patent laws of the United States, Title 35,

United States Code.  The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a),

2201, and 2202.

    11.    Venue is proper in this judicial district under one or more of 28 U.S.C. §§

1391(b), (c), and (d), and 1400(b).

## III.    STATEMENT OF FACTS WHICH ARE ADMITTED AND REQUIRE NO PROOF (D. DEL. L.R. 16.4(D)(3))

    12.    The parties admit the facts stated in attached Exhibit 1.

## IV.    ISSUES OF FACT THAT REMAIN TO BE LITIGATED AND EXPECTED PROOFS (D. DEL. L.R. 16.4(D)(4))

    13.    Plaintiffs' Statement of Issues of Fact That Remain to be Litigated is attached as

Exhibit 2.

    14.    Defendants' Statement of Issues of Fact That Remain to be Litigated is attached

as Exhibit 3.

## V.    ISSUES OF LAW THAT REMAIN TO BE LITIGATED (D. DEL. L.R. 16.4(D)(5))

    15.    Plaintiffs' Statement of Issues of Law that remain to be litigated is attached as

Exhibit 4.

    16.    Defendants' Statement of Issues of Law that remain to be litigated is attached as

Exhibit 5.

## VI.    EXHIBIT LISTS (D. DEL. L.R. 16.4(D)(6))

    17.    The exhibits that Plaintiffs may introduce into evidence in C.A. 05-337-SLR are

included on the list attached hereto as Exhibit 6.

    18.    The exhibits that Defendants may introduce into evidence in C.A. 05-337-SLR

are included on the list attached hereto as Exhibit 7.

19.     The parties' respective exhibit lists identify all the exhibits they may introduce into evidence in C.A. 05-337-SLR and the companion case C.A. 05-336-SLR.

20.     Plaintiffs' objections to Defendants' trial exhibits and Defendants' identification of FRE in support of admission are listed on Exhibit 7.  Defendants' objections to Plaintiffs' trial exhibits and Plaintiffs' identification of FRE in support of admission are listed on Exhibit 6. Plaintiffs provided additional bases of objections to Defendants' exhibits on January 25, 2006, to which Defendants agree to respond by January 29, 2006.

21.     The parties reserve the right to supplement these exhibit lists during the period prior to the commencement of trial. Except for exhibits which are to be used solely for impeachment, only the exhibits that have been identified on the parties' exhibit lists and provided to the opposing party by 7 p.m. on February 7, 2007, may be introduced at trial. Summaries under Rule 1006 must be provided by January 29, 2007.

22.     The parties will offer at trial one or more of the exhibits set forth in their respective lists.  These lists include the exhibit numbers to be used at trial and a description sufficient to identify the exhibits.  These exhibit lists may include exhibits that may not necessarily be offered or introduced into evidence.

23.     Each party may use an exhibit that is listed on the other side's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections, and provided that the party has complied with the notice provisions of paragraph 26.  Any exhibit, once admitted, may be used equally by each party for any proper purpose and subject to the rules of evidence.

24.     The parties shall produce a copy of any and all exhibits to be used at trial, labeled with the exhibit number.

25.    Each party reserves the right to object to the relevancy of any exhibit offered by the other party, at the time such exhibit is offered, in view of the specific context in which such exhibit is offered.

26.    Plaintiffs and Defendants disagree on the notice to be provided of exhibits that may be offered on redirect.

27.    **Defendant's Proposed Language**:

28.    [The parties will exchange all demonstratives and exhibits to be used on examination of a witness to be called by that party and the identity of the witness with whom they will be used, by 7 p.m. two calendar days before the anticipated use. The party calling the witness may not use any other exhibits in the examination of that witness, except by agreement of the parties or leave of Court with respect to exhibits the need for which was not reasonably foreseeable to the party calling the witness.]

29.    **Plaintiffs' Proposed Language**:

30.    [The parties will exchange all demonstratives and exhibits to be used on direct examination of a witness and the identity of the witness with whom they will be used by 7:00 p.m. two calendar days before the anticipated use.]

31.    For demonstratives, the parties will exchange on 8.5 x 11 paper black and white representations of these demonstrative exhibits, or color representations if color is necessary to interpret the exhibit. The notice provisions of this paragraph shall not apply to demonstrative exhibits created in the courtroom during testimony at trial or the enlargement, simple highlighting, ballooning, or excerption of trial exhibits or testimony. The opposing party shall, by 7 p.m. one (1) calendar day before the expected use, notify the other side of any objections it intends to maintain to the exhibits or pose to the demonstratives. These objections will be taken

up with the Court prior to the witness's testimony, as directed by the Court. Exhibits to which no objection has been made shall be admitted if offered.

32.    The parties have agreed that a copyright page will not be necessary to authenticate a journal article that is used as a trial exhibit, as long as the article sets forth the date of its publication elsewhere on its face.

33.    The parties have agreed that the Defendants will treat color versions of Plaintiffs' documents as equivalent to the originally marked black and white exhibits. In addition, the parties have agreed to replace any truly illegible exhibits with better versions that will be treated as equivalent to the originally marked exhibits.

34.    The parties have agreed that the Defendants will not object to Plaintiffs' reliance on the certified translations accompanying exhibits TX085, TX274, TX293, and TX412. Defendants reserve and expressly do not waive all other objections to exhibits TX085, TX274, TX293 and TX412.

## VII.    WITNESS LISTS (D. DEL. L.R. 16.4(D)(7))

35.    Plaintiffs' list of witnesses to be called live or by deposition is attached as Exhibit 8A.

36.    Defendants' list of witnesses to be called live or by deposition is attached as Exhibit 9A.

37.    Plaintiffs' rebuttal list of witnesses to be called live or by deposition is attached as Exhibit 8B.

38.    Defendants' rebuttal list of witnesses to be called live or by deposition is attached as Exhibit 9B.

39.    Plaintiffs' description of its experts' qualifications is attached as Exhibit 8C.

40.    Defendants' description of its experts' qualifications is attached as Exhibit 9C.

41.     The parties have agreed that the party going first at trial shall identify the witnesses it intends to call to testify, whether live or by deposition, for the first day of trial or its first (3) witnesses, whichever number is greater, by 7 p.m. on Friday, February 9, 2007 or by 7 p.m. three (3) calendar days prior to the commencement of trial in the event that the start of trial is moved.  A party intending to call as a witness an employee of an opposing party shall provide notice of its intent to do so four (4) calendar days before the witness is called.  Other than for the first day of testimony in each party's case, a party will identify the witnesses it intends to call by 7 p.m. two (2) calendar days prior to the expected testimony.

42.     Each party will give 48 hours notice of when it intends to complete the presentation of its evidence.  Not more than twelve (12) hours after receiving such notice, the opposing party shall identify the witnesses it intends to call on the first day of its case in chief or rebuttal or its first three (3) witnesses, whichever number is greater.

43.     The parties shall exchange designation of the deposition testimony that they intend to offer at trial on Friday, February 2, 2007.  The opposing side shall provide objections and counter-designations on Monday, February 5, 2007.  Any objections to the counter-designations and further designations in response to counter-designations shall be exchanged on Thursday, February 8, 2007.  Except by agreement of the parties or by leave of Court, no other deposition designations may be introduced at trial.

44.     With respect to deposition designations and counter-designations, each side shall be charged only with the time needed to read, or play by videotape, its own designations or counter-designations, and will not be charged with the time necessary to read, or play by videotape, the other side's designations or counter-designations.

45.     The listing of a witness on a party's witness list does not require that party to call

that witness to testify, either in person or by deposition.

46.    Each party must identify by 7 p.m. on January 29, 2007 the witnesses that it intends to call live at trial.

## VIII.    BRIEF STATEMENT OF INTENDED PROOF (D. DEL. L.R. 16.4(D)(8)-(10))

47.    Plaintiffs' list of intended proofs is attached as Exhibit 10.

48.    Defendants' list of intended proofs is attached as Exhibit 11.

## IX.    GOOD FAITH SETTLEMENT EFFORTS (D. DEL. L.R. 16.4(D)(12))

49.    Two-way communications have occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement.  The parties have not reached any agreement that would resolve this matter.

## X.    OTHER MATTERS WHICH THE PARTIES DEEM APPROPRIATE (D. DEL. L.R. 16.4(D)(13))

50.    The parties agree that each side will be allowed a one hour opening statement.

51.    A list and brief discussion of miscellaneous issues that Plaintiffs deem appropriate to discuss at the pretrial conference is set forth in Exhibit 12.

52.    A list and brief discussion of miscellaneous issues that Defendants deem appropriate to discuss at the pretrial conference is set forth in Exhibit 13.

53.    The parties request that the Court grant access to the Courtroom on the day before trial for the purposes of setting up electronic and computer devices.

54.    Once the parties have arrived in Delaware for the trial, service of documents and exhibits shall occur by hand delivery and email on lead trial counsel and copies by email to local counsel and each party's designee for email service.  This agreement ends when trial is concluded.

## XI.     PRETRIAL ORDER TO CONTROL FUTURE PROCEEDINGS (D. DEL. L.R. 16.4(D)(14))

55.     This Order shall control the subsequent course of trial, unless modified by the

Court to prevent manifest injustice.


SO ORDERED:

Dated: _____, 2007          _____

                                         UNITED STATES DISTRICT JUDGE



____/s/ Richard K. Herrmann_____          ____/s/ Karen E. Keller_____
Richard K. Herrmann #405                     Josy W. Ingersoll #1088
Mary B. Matterer # 2696                      Karen E. Keller #4489
MORRIS JAMES LLP                             YOUNG CONAWAY STARGATT & TAYLOR, LLP
500 Delaware Avenue, Suite 1500              The Brandywine Building
Wilmington, DE 19801-1494                    1000 West Street
(302) 888-6800                               Wilmington, DE  19801
rherrmann@morrisjames.com                    (302) 571-6672
mmatterer@morrisjames.com                    jingersoll@ycst.com
*Attorneys for Plaintiffs*                   kkeller@ycst.com
*Astellas US LLC and*                        *Attorneys for Defendants*
*Astellas Pharma US, Inc.*                   *Sicor Inc. and Sicor Pharmaceuticals, Inc.*



____/s/ Paul E. Crawford_____
Paul E. Crawford #493
Patricia Smink Rogowski # 2632
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
Wilmington, DE 19801
(302) 658-9141
pcrawford@cblh.com
progowski@cblh.com
*Attorneys for Plaintiff*
*King Pharmaceuticals Research*
*and Development, Inc.*

# EXHIBIT  1

## EXHIBIT 1

## STATEMENT OF ADMITTED FACTS

### I.    THE PARTIES

1.    Plaintiffs Astellas US LLC and Astellas Pharma US, Inc. (collectively,
"Astellas") are both corporations organized and existing under the laws of the State of Delaware,
with their principal places of business at Three Parkway North, Deerfield, Illinois 60015-2548.

2.    Plaintiff King Pharmaceuticals Research and Development, Inc. ("King"), is a
corporation organized and existing under the laws of the State of Delaware having a principal
place of business at 7001 Weston Parkway, Suite 300, Cary, North Carolina  27513.

3.    Defendant Sicor Pharmaceuticals Inc. (Sicor Pharma) is a corporation organized
and existing under the laws of the State of Delaware having a principal place of business at 19
Hughes, Irvine, California  92618.

4.    Defendant Sicor Inc. is a corporation organized and existing under the laws of the
State of Delaware having a principal place of business at 19 Hughes, Irvine, California  92618.

5.    Sicor Pharmaceuticals is a wholly owned subsidiary of Sicor Inc. (collectively,
"Sicor").

### II.    THE '877 PATENT

6.    The United States Patent and Trademark Office ("PTO") issued U.S. Patent No.
5,070,877 ("the '877 patent") on December 10, 1991 from Application No. 07/330,156 ("the
'156 application") filed on March 29,1989.  The patent is entitled "Novel Method of Myocardial
Imaging."  The face of the patent lists Syed Mohiuddin and Daniel Hilleman as the inventors.

7.    The face of the '877 patent lists Medco Research, Inc. as the assignee.

### III.    THE PROSECUTION OF THE PATENT

8.    The '156 application was filed as a continuation-in-part of Application No.

07/231,217, filed August 11, 1988 (the original Mohiuddin application).

9.    The '877 patent is assigned to King.

## IV.    ADENOSCAN®

10.    Astellas is the exclusive licensee of certain rights under the '877 patent.

11.    Astellas manufactures Adenoscan pursuant to NDA No. 20-059.

12.    Astellas sells Adenoscan® (Adenosine Injection , USP), an adenosine-based product for use as an adjunct to the thallium-201 myocardial perfusion scintigraphy in patients unable to exercise adequately.

13.    Pursuant to 21 U.S.C. § 355(b)(1) and the FDA regulations promulgated pursuant thereto, the '877 patent is listed with respect to Adenoscan® in "Approved Drug Products with Therapeutic Equivalence Evaluations" ("the Orange Book"), 24th Edition, published by the United States Food and Drug Administration ("the FDA").

## V.    SICOR'S ANDA

14.    On December 6, 2004, Sicor filed Abbreviated New Drug Application No. 77-425 ("ANDA No. 77-425") with the FDA, addressed to a proposed product identified as adenosine (Adenosine Injection, USP).

15.    The proposed labeling and/or proposed package insert submitted with ANDA No. 77-425 states that it is indicated as an adjunct to thallium-201 myocardial perfusion scintigraphy in patients unable to exercise adequately.

## VI.    OTHER

17.    Example 13 of the '296 patent was added on December 28, 1987, as part of the continuation in part application 07/138,306 and is titled "Adenosine in the Diagnosis of Coronary Heart Disease by Radionucleide Scintigraphy."

# EXHIBIT  2

**EXHIBIT 2**

**PLAINTIFFS' STATEMENT OF ISSUES OF FACT**
**THAT REMAIN TO BE LITIGATED**

To the extent that Plaintiffs' Statement of Issues of Law That Remain to be Litigated

contain issues of fact, those issues are incorporated herein by reference. Should the Court

determine that any issue identified in this list as an issue of fact is more properly considered an

issue of law, Plaintiffs incorporate such issues by reference into its Statement of Issues of Law

That Remain to be Litigated. Plaintiffs have stated the issues of fact more generally than

defendants, but intend to litigate, as required, the numerous sub-issues set forth by Defendants.

**I.    ANTICIPATION**

For purposes of determining infringement of the '877 patent, the Plaintiffs will assert

only claim 23 as read through claim 17 (hereinafter "claim 23(17)"), claim 23 as read through

claim 18 (hereinafter "claim 23(18)"), and claim 43.[1] The parties will litigate whether Sicor has

proven by clear and convincing evidence that:

1.       Claims 23(17), 23(18) and 43 of U.S. Patent No. 5, 070,877 ("the asserted claims

of the '877 patent") are anticipated under 35 U.S.C. § 102(e) by United States Patent No.

5,731,296 ("the '296 patent"); and/or

2.       The asserted claims of the '877 patent are anticipated under 35 U.S.C. § 102(a) by

the Karolinska Institute Request to the Ethics Committee of the Karolinska Institute, Sweden

(1988)(the "Karolinska Request").

---

[1] Plaintiffs reserve the right to further narrow the asserted claims.

## II.     OBVIOUSNESS

The parties will litigate whether Sicor has proven by clear and convincing evidence that:

3.     The subject matter of the asserted claims of the '877 patent would have been obvious under 35 U.S.C. § 103 to one of ordinary skill in the relevant art at the time the invention was made over the '296 patent and/or the Karolinska Request;

4.     The subject matter of the asserted claims of the '877 patent would have been obvious under 35 U.S.C. § 103 to one of ordinary skill in the relevant art at the time the invention was made over the '296 patent and/or the Karolinska Request in view of one or more of the following publications;

a.     Sollevi et al., *Cardiovascular Effects of Adenosine During Controlled Hypotension in Cerebral Aneurysm Surgery*, 59 Anesthesiology (Circulation II) A9 (1983) ("Sollevi I");

b.     Sollevi et al., *Controlled Hypotension with Adenosine in Cerebral Aneurysm Surgery*, 61 Anesthesiology 400 (1984) ("Sollevi III");

c.     Sollevi, *Cardiovascular Effects of Adenosine in Man: Possible Clinical Implications*, 27 Progress in Neurobiology 319 (1986) ("Sollevi 1986");

d.     Biaggioni et al., *Cardiovascular Effects of Adenosine Infusion in Man and Their Modulation by Dipyridamole*, 39 Life Sciences 2229 (1986) ("Biaggioni 1986");

e.     Biaggioni et al., *Cardiovascular and Respiratory Effects of Adenosine in Conscious Man*, 61 Circulation Research 779 (1987) ("Biaggioni 1987")

f.     Conradson et al., *Cardiovascular effects of infused adenosine in man: potentiation by dipyridamole*, 129 Acta Physiologica Scandinavica 387 (1987) ("Conradson");

2

g.     Fuller et al., *Circulatory and respiratory effects of infused adenosine in conscious man*, 24 British J. Clinical Pharmacology 309 (1987) ("Fuller"); or

h.     Owall et al., *Clinical experience with adenosine for controlled hypotension during cerebral aneurysm surgery*, 66 Anesthesia Analgesia 229 (1987) ("Owall");

5.     The subject matter of the asserted claims of the '877 patent would have been obvious under 35 U.S.C. § 103 to one of ordinary skill in the relevant art at the time the invention was made over Gould et al., *Noninvasive Assessment of Coronary Stenoses by Myocardial Imaging During Pharmacologic Coronary Vasodilatation. II. Clinical Methodology and Feasibility*, 41 Am. J. Cardiology 279 (1978) ("Gould 1978") in combination with any of Sollevi I, Sollevi III, Sollevi 1986, the '296 patent, Biaggioni 1986, Biaggioni 1987, Conradson, Fuller, or Owall;

6.     The subject matter of the asserted claims of the '877 patent would have been obvious under 35 U.S.C. § 103 to one of ordinary skill in the relevant art at the time the invention was made over Albro et al., *Noninvasive Assessment of Coronary Stenoses by Myocardial Imaging During Pharmacologic Coronary Vasodilatation. III. Clinical Trial*, 42 Am. J. Cardiology 751 (1978) ("Albro") in combination with any of Sollevi I, Sollevi III, Sollevi 1986, the '296 patent, Biaggioni 1986, Biaggioni 1987, Conradson, Fuller, or Owall;

7.     The subject matter of the asserted claims of the '877 patent would have been obvious under 35 U.S.C. § 103 to one of ordinary skill in the relevant art at the time the invention was made over Iskandrian, *Dipyridamole cardiac imaging*, 115 Curriculum in Cardiology, Am. Heart J. 432 (1988) ("Iskandrian") and Lagerkranser et al., *Central and*

*Splanchinic Hemodynamics in the Dog during Controlled Hypotension with Adenosine*, 60 Anesthesiology 547 (1984) ("Lagerkranser") in combination with any of Sollevi I, Sollevi III, Sollevi 1986, the '296 patent, Biaggioni 1986, Biaggioni 1987, Conradson, Fuller, or Owall;

8.      The subject matter of the asserted claims of the '877 patent would have been obvious under 35 U.S.C. § 103 to one of ordinary skill in the relevant art at the time the invention was made over Strauss et al., *Noninvasive Detection of Subcritical Coronary Arterial Narrowings With a Coronary Vasodilator and Myocardial Perfusion Imaging*, 39 Am. J. Cardiology 403 (1977) and any of Gould 1978, Albro, or Iskandrian in combination with any of Sollevi I, Sollevi III, Sollevi 1986, the '296 patent, Biaggioni 1986, Biaggioni 1987, Conradson, Fuller, or Owall;

9.      The subject matter of the asserted claims of the '877 patent would have been obvious under 35 U.S.C. § 103 to one of ordinary skill in the relevant art at the time the invention was made over Leppo et al. *Quantiative Thallium-201 Redistribution with a Fixed Coronary Stenosis in Dogs*, 63 Circulation 632 (1981)  and any of Gould 1978, Albro or Iskandrian in combination with any of Sollevi I, Sollevi III, Sollevi 1986, the '296 patent, Biaggioni 1986, Biaggioni 1987, Conradson, or Owall; and whether

10.      Sicor should be precluded from offering proof in support of its contentions that Gould 1978 and Albro 1978 anticipate the asserted claims where neither reference was identified as anticipatory prior art in Sicor's contentions and expert reports.

### III.    PRIOR ART

The parties will litigate whether Sicor has proven by clear and convincing evidence that:

11.      Example XIII of the '296 patent, the Karolinska Request, and Iskandrian are prior art in accordance with 35 U.S.C. §§ 102, 103, with respect to the '877 patent.

## IV.     EXCEPTIONAL CASE

Unless severed for separate trial, the parties will litigate whether the present case is an exceptional case and Plaintiffs are entitled to reasonable attorneys fees under 35 U.S.C. § 285.

# EXHIBIT 3

**EXHIBIT 3**

**DEFENDANTS' STATEMENT OF ISSUES OF FACT
THAT REMAIN TO BE LITIGATED**

To the extent that any issue identified by Defendants as an issue of law should properly be considered an issue of fact, Defendants incorporate it herein by reference. Similarly, to the extent that any issue identified herein as an issue of fact should properly be considered an issue of law, it should be so considered.

The parties will litigate at trial whether the following are true statements of fact:

**I.    Myocardial Perfusion Imaging**

1.    Myocardial perfusion imaging is a diagnostic technique used to identify and assess conditions such as coronary artery disease and stenosed arteries. Myocardial perfusion imaging utilizes a radiation-sensitive camera to depict the distribution of radiotracers to identify the regional distribution of blood flow in the myocardium under normal conditions and under circumstances of increased myocardial blood flow.

2.    Myocardial perfusion imaging was identified as potentially useful in the 1960s, but the test procedure remained sub-optimal through at least the early 1970s.

3.    The usefulness of the technique improved through the 1970s with the identification of better radiotracers, such as thallium-201.

4.    By the mid to late 1970s, it had been determined that detection of coronary artery disease with myocardial perfusion imaging was improved by injecting the radiotracer near the end of a period of maximal exercise, instead of when the patient was at rest. Also by the mid to late 1970s, it was recognized that coronary vasodilators could be used as a possible alternative to maximal exercise as a means of increasing blood flow, to increase the radiotracer extraction, in connection with myocardial perfusion imaging.

5.      By 1978, dipyridamole had been used as a pharmacological stress agent in connection with myocardial perfusion imaging in humans.  By the mid 1980s, research showed that dipyridamole was at least as effective as exercise for improving imaging.

6.      At the relevant time, it was known in the art that dipyridamole was an adenosine uptake inhibitor and that the vasodilation action of dipyridamole was linked to metabolism and transport of adenosine.

7.      Adenosine has long been known to be a vasodilator in mammals, including in humans.

8.      At the time of the application for the '877 patent, the only United States source of pharmaceutical grade adenosine for intravenous administration was Medco Research, Inc., the original assignee of the '877 patent.

9.      Pharmaceutical grade adenosine is required for intravenous administration of adenosine in humans.

**II.    The '877 Patent**

10.      Several of the asserted claims, including claims 1 and 17, are generally directed to continuous intravenous infusion of an adenosine receptor agonist, infused at a rate within the range of 20 to 200 µg/kg/min, to cause coronary artery dilation, and then performing a technique, such as myocardial perfusion imaging, to detect and assess dysfunction.  Other claims, including claims 7-9, 23-24, and 43, specify that the adenosine receptor agonist is adenosine.  Claims 4 and 20 identify a group, which includes adenosine, from which the adenosine receptor agonist is chosen.

11.      Claims 6 and 18 require that the adenosine receptor agonist be administered by intravenous infusion at a dosage of about 140 µg/kg/min.

- 2 -

12.     Claim 3 requires that the myocardial dysfunction be selected from the group consisting of coronary artery disease, ventricular dysfunction and differences in blood flow through the disease free coronary vessels and stenotic coronary vessels.

13.     Claim 5 specifies certain techniques for detecting the presence and assessing the severity of the myocardial dysfunction, including by radiopharmaceutical myocardial perfusion imaging.  Claims 10 and 22 identify a group -- including scintigraphy, SPECT and PET, among others -- from which the method of radiopharmaceutical myocardial perfusion imaging may be selected.  Claims 12 and 26 require that the method of radiopharmaceutical myocardial perfusion imaging is scintigraphy.

14.     Claims 11, 12, 21 and 25 identify radiopharmaceutical agents for use with the radiopharmaceutical myocardial perfusion imaging, including thallium-201.

15.     The alleged inventions in asserted claims 1, 3-12, 17, 18, 20-26 and 43 of the '877 patent were conceived on or after December 28, 1987.

III.    **Anticipation**

16.     The asserted claims of the '877 patent are invalid as anticipated by one or more of United States Patent No. 5,731,296 ("the '296 patent") and Request to the Ethics Committee at Karolinska Institute dated December 28, 1987, and identified as having arrived on February 3, 1988 (the "Karolinska Request").

17.     Plaintiffs cannot establish conception of the alleged inventions in asserted claims 1, 3-12, 17, 18, 20-26 and 43 of the '877 patent prior to December 28, 1987.

18.     The '296 patent, including Example XIII thereof, is prior art to the '877 patent.

19.     The '296 patent discloses every element of the asserted claims of the '877 patent. Example XIII of the '296 patent describes the use of adenosine in the diagnosis of coronary heart

disease in humans by radionuclide scintigraphy. Example XIII states that the dose of adenosine for this purpose should lie in the range of 10 to 150 µg/kg/minute. Example XIII also identifies the use of radio-isotopes such as thallium-201 and gamma radiation detection to visualize myocardial irrigation. The '296 patent further discloses continuous infusion of adenosine to humans at varying rates under varying conditions.

20.    The Karolinska Request is prior art to the '877 patent.

21.    The Karolinska Request discloses every element of asserted claims 1, 3-5, 7-12, 17, 20-26 and 43 of the '877 patent. The Karolinska Request proposes replacing the coronary dilating substance of dipyridamole with adenosine. The Karolinska Request notes that dipyridamole has the same effect as adenosine and is used as a diagnostic tool in myocardial scintigraphy with thallium. The Karolinska Request identifies a dose of 60 µg/kg/minute of adenosine, which, according to the Karolinska Request, is sufficient for dilation of coronary arteries. The Karolinska Request also identifies use of thallium-201 as the radiopharmaceutical agent for scintigraphy.

**IV.    Obviousness**

22.    The asserted claims of the '877 patent are invalid as obvious in light of various combinations of the following references and/or the knowledge and skill in the art at the time:

The '296 patent;

Albro, P.C., *et al.*, *Noninvasive Assessment of Coronary Stenoses by Myocardial Imaging During Pharmacologic Coronary Vasodilatation: III. Clinical Trial*, Am. J. Cardiol., 42:751-760 (1978) ("Albro");

I. Biaggioni *et al.*, *Cardiovascular effects of adenosine infusion in man and their modulation by dipyridamole*, Life Sciences 39:2229-2236 (1986) (Biaggioni 1986);

I. Biaggioni *et al.*, *Cardiovascular and respiratory effects of adenosine in conscious man: evidence for chemoreceptor activation*, Circulation Research 61(6):779-786 (Dec. 1987) ("Biaggioni 1987");

T.B.G. Conradson *et al.*, *Cardiovascular effects of infused adenosine in man: potentiation by dipyridamole*, Acta Physiol Scand. 129:387-391 (1987) ("Conradson");

R.W. Fuller, *Circulatory and respiratory effects of infused adenosine in conscious man,"* Br. J. Clin. Pharma., 24:309-317 (1987) ("Fuller");

Gould, K.L., *Noninvasive Assessment of Coronary Stenoses by Myocardial Imaging During Pharmacologic Vasodilatation: II. Clinical Methodology and Feasibility*, Am. J. Cardiol. 41:279-287 (1978) ("Gould 1978");

A.S. Iskandrian *et al.*, *Dipyridamole cardiac imaging*, Am. Heart J. 115(2):432-443 (Feb. 1988) ("Iskandrian");

M. Lagerkranser *et al.*, *Central and splanchinic hemodynamics in the dog during controlled hypotension with adenosine*, Anesth. 60:547-552 (June 1984) ("Lagerkranser");

J. Leppo *et al., Quantitative thallium-201 redistribution with a fixed coronary stenosis in dogs*, Circulation 63(3):632-639 (March 1981) ("Leppo");

A. Öwall *et al.*, *Clinical experience with adenosine for controlled hypotension during cerebral aneurysm surgery*, Anesth Analg. 66:229-34 (1987) ("Owall");

A. Sollevi *et al.*, *Cardiovascular effects of adenosine during controlled hypotension in cerebral artery aneurysm surgery*, Anesthesiology 59(3): A9 (Sept. 1983) ("Sollevi 1983");

A. Sollevi, *et al.*, *Controlled hypotension with adenosine in cerebral aneurysm surgery*, Anesthesiology, 61:400-405 (Oct. 1984) ("Sollevi 1984b");

A. Sollevi, *Cardiovascular effects of adenosine in man: possible clinical implications*, Progress in Neurobiology 27:319-349 (1986) ("Sollevi 1986");

H. W. Strauss and Bertram Pitt, *Noninvasive detection of subcritical coronary arterial narrowings with a coronary vasodilator and myocardial perfusion imaging*; The American Journal of Cardiology, 30:403-406 (1977) ("Strauss 1977"); and

The Karolinska Request.

23.    Gould 1978 discloses a method of detecting the presence and assessing the

severity of myocardial dysfunction in a human by (1) administering dipyridamole intravenously

in an amount sufficient to cause coronary artery dilation (142 µg/kg/min) and (2) performing a technique on the human – administration of thallium-201 followed by myocardial imaging – to detect the presence and assess the severity of the dysfunction.  Gould 1978 also expressly suggests substituting another, more potent, vasodilator for dipyridamole in the diagnostic procedure.

24.     Albro discloses a method of detecting the presence and assessing the severity of myocardial dysfunction in a human by (1) intravenously administering dipyridamole in an amount sufficient to cause coronary artery dilation (142 µg/kg/min) and (2) performing a technique on the human – administration of thallium-201 followed by myocardial perfusion imaging – to detect the presence and assess the severity of the dysfunction.  Albro also provides motivation to substitute adenosine for dipyridamole in the method described in Albro.

25.     It was known prior to 1987 that the particular vasodilator used to increase blood flow for myocardial perfusion imaging was not critical, provided that adequate vasodilation was achieved.

26.     It was known in the art at the relevant time that dipyridamole was an adenosine uptake inhibitor and that the vasodilation action of dipyridamole was linked to metabolism and transport of adenosine.

27.     By mid 1987, it was known in the art that adenosine could be safely administered to humans as a continuous, intravenous infusion at various infusion levels.

28.     Sollevi 1983 discusses continuous intravenous infusion of adenosine at a mean dose of 140 µg/kg/min to anesthetized patients undergoing surgery who had been pretreated with dipyridamole.  Sollevi 1984b discloses continuous intravenous infusion of adenosine at rates of 10 to 320 µg/kg/min to anesthetized patients who had been pretreated with dipyridamole.

Sollevi 1986 discusses continuous intravenous infusion of adenosine to humans for various purposes at various rates, including ranges of 20-50 µg/kg/min, 50-150 µg/kg/min, and 150-350 µg/kg/min.

29.    Biaggioni 1986 discloses continuous intravenous infusion of adenosine to conscious humans at rates of 10, 20, 40, 60, 80, 100 and 140 µg/kg/min for periods of 15 minutes each.  Biaggioni 1987 discloses continuous intravenous infusion of adenosine to humans at doses of 80 to 180 µg/kg/min.

30.    Conradson discloses continuous, intravenous infusion of adenosine to conscious humans at rates of 70 to 100 µg/kg/min.  Fuller discloses continuous intravenous infusion of adenosine to conscious healthy humans at rates up to 200 µg/kg/min.  Owall discloses continuous infusion of adenosine to anesthetized patients at rates of 88 to 530 µg/kg/min.

31.    Iskandrian, a February 1988 article, discusses the then-established method of detecting the presence and assessing the severity of myocardial dysfunction in a human by (1) administering dipyridamole in an amount sufficient to cause coronary artery dilation, including intravenous administration at a rate of 142 µg/kg/min, and (2) administering thallium-201 followed by myocardial perfusion imaging to detect the presence and assess the severity of the dysfunction.  Iskandrian also provides motivation for substituting another vasodilator, such as adenosine, for dipyridamole in the described method.

32.    Iskandrian identifies adenosine triphosphate as a coronary vasodilator. Lagerkranser teaches that adenosine triphosphate is degraded entirely to adenosine and its breakdown products.

33.    A person of ordinary skill in the art at the relevant time would have reasonably expected that continuous infusion of adenosine, at rates within the ranges disclosed in the art,

would likely succeed as a pharmacologic stress agent in connection with myocardial perfusion imaging.

34.    A person of ordinary skill in the art at the time would have reasonably expected that adenosine, administered at a rate within the ranges disclosed in the art, would succeed as a substitute for dipyridamole as a pharmacologic stress agent in connection with myocardial perfusion imaging.

35.    The asserted claims of the '877 patent are also obvious in light of studies involving the use of pharmacological stressors for myocardial perfusion imaging in dogs, in combination with the knowledge in the art and/or specific references in the art, as discussed below.

36.    Strauss 1977 describes intravenous bolus injection of the coronary vasodilator ethyl-adenosine-5'-carboxylic acid in connection with myocardial perfusion imaging in dogs. Ethyl adenosine was known as an intense coronary vasodilator. Strauss 1977 also expressly suggests that other vasodilators could be used.

37.    Leppo describes a study of thallium distribution in dogs where the pharmacologic stress agent used was adenosine. Leppo describes continuous intravenous infusion of adenosine to dogs in combination with a mixture of thallium-201 and microspheres. Leppo further describes recording myocardial scintigraphic images with a standard gamma camera.

38.    A person of ordinary skill in the art would have had a reasonable expectation, based on Strauss or Leppo in light of the knowledge in the art and/or in combination with the other references in that art, that use of adenosine for myocardial perfusion images in humans would succeed.

## V.    Secondary Considerations

39.    Throughout this case, Plaintiffs have consistently relied upon three secondary considerations in an attempt to rebut Defendants' *prima facie* obviousness case:  commercial success, skepticism of experts, and unexpected results.

40.    In their Statement of Issues of Law that Remain to Be Litigated, Plaintiffs refer to at least four additional secondary considerations:  long-felt need, teaching away, failure of others, and acclaim in the field.

41.    As set forth in Defendants' Statement of Issues of Law that Remain to be Litigated, determining whether or not certain secondary considerations exist in a case is a factual inquiry.  Plaintiffs have not yet offered any factual proof with respect to the secondary considerations of long-felt need, teaching away, failure of others, and acclaim in the field, and none of them were addressed in Plaintiffs' expert reports.

42.    Plaintiffs cannot be permitted to rely upon the secondary considerations of long-felt need, teaching away, failure of others, and acclaim in the field at trial.

### A.    Commercial Success

43.    Plaintiffs have failed to demonstrate nexus between the asserted claims of the '877 patent and the alleged commercial success of their Adenoscan® product.

44.    The sales levels achieved by Adenoscan® provide no evidence of any superiority of Adenoscan®, as these sales levels have no demonstrated nexus to the subject matter of the asserted claims of the '877 patent.

45.    The commercial sales of Adenoscan® are a result of extensive marketing and promotional campaigns; an increase in demand for myocardial perfusion imaging employing pharmacological stress agents that occurred for reasons unrelated to the asserted inventions; and

the absence of marketing and promotion by the manufacturers of drugs that are competitive alternatives to Adenoscan®.

**B.    Skepticism**

46.    There is no evidence of skepticism that demonstrates the non-obviousness of the asserted claims of the '877 patent.

47.    Numerous prior art publications describe the continuous intravenous infusion of adenosine to humans.

48.    The state of the art and knowledge in the art suggested substituting adenosine, the direct acting agent, for dipyridamole, which acted indirectly either by inhibiting adenosine deaminase or by preventing the uptake of adenosine into these tissues.

**C.    Unexpected Results**

49.    Plaintiffs have not demonstrated any unexpected results for the methods of the asserted claims.

50.    Any difference in results between adenosine and dipyridamole were expected based on the knowledge in the art at the time of the properties, mechanism and half-life of both agents.

**VI.    Exceptional Case**

51.    Plaintiffs have identified exceptional case under 35 U.S.C. § 285 as an issue to be litigated.  Defendants maintain that it is improper, and a waste of the parties' and Court's time and resources, to address issues of exceptional case at this time, and that all such issues should be bifurcated until the Court has rendered a decision on the merits and determined that there is a "prevailing party" as required by 35 U.S.C. § 285.

# EXHIBIT   4

<u>**EXHIBIT 4**</u>

<u>**PLAINTIFFS' STATEMENT OF ISSUES OF LAW**</u>
<u>**THAT REMAIN TO BE LITIGATED**</u>

Plaintiffs reserve the right to modify, supplement, or change this Statement of Issues of Law That Remain to be Litigated (the "Statement") to the extent necessary to fairly respond to any issues that Defendants raise or drop in its Statement of Issues of Law That Remain to be Litigated.

If any statement included herein as an issue of law should properly be considered an issue of fact, then it should be so considered. Similarly, if any statement included as an issue of fact should properly be considered an issue of law, then it is incorporated herein by reference.

## I.    PATENT VALIDITY

1.    The parties will litigate whether the Defendants have proven invalidity of the '877 patents by a showing of clear and convincing evidence. A patent is presumed valid. 35 U.S.C. § 282. In order to overcome the presumption of validity, the challenger bears the burden of proving invalidity by clear and convincing evidence. *TP Labs., Inc. v. Prof'l Positioners, Inc.*, 724 F.2d 965, 971 (Fed. Cir. 1984). That burden is "constant and remains throughout the suit on the challenger" and "does not shift at any time to the patent owner." *Id.*

2.    The challenger's "burden is especially difficult when the prior art was before the PTO examiner during prosecution of the application." *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1323 (Fed. Cir. 1999) (quoting *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1467 (Fed. Cir. 1990)). In other words, the challenger has the "added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job." *Ultra-Tex Surfaces, Inc. v. Hill Bros. Chem. Co.*, 204 F.3d 1360, 1367

(Fed. Cir. 2000) (quoting *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359

(Fed. Cir. 1984)).

### A.     Anticipation

3.     The Federal Circuit "requires that a party seeking to invalidate a patent under

§ 102 show that the allegedly invalidating prior art contains each and every element of [the]

claimed invention."  *Union Oil Co. of California v. Atlantic Richfield Co.*, 208 F.3d 989, 994-95

(Fed. Cir. 2000) (internal citations omitted); *In re Dillon*, 919 F.2d 688, 715 (Fed. Cir. 1990)

("Section 102 describes prior art as what is published or otherwise known, including subject

matter in public use or on sale.  Not included is what is unknown, or knowledge that became

known to the inventor through the inventor's own research.").

4.     Thus, the parties will litigate whether Sicor, as the patent challenger, has proven

by clear and convincing evidence that every limitation of the asserted claims of the '877 patent

are contained, in a single prior art reference.  *See Union Carbide Chemicals & Plastics*

*Technology Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1188 (Fed. Cir. 2002).

### A.     Obviousness

5.     The parties will litigate whether Sicor, as the patent challenger, has proven by

clear and convincing evidence that the asserted claims of the '877 patent would have been

obvious to one of ordinary skill in the art at the time of the invention.  *Graham v. John Deere*

*Co. of Kansas City*, 383 U.S. 1, 17 (1966); *National Steel Car, Ltd. v. Canadian Pacific Railway,*

*Ltd.*, 357 F.3d 1319, 1334 (Fed. Cir. 2004) ("It is elementary in patent law that, in determining

whether a patent is valid . . . the first step is to determine the meaning and scope of each claim in

suit.  After construing the claims, a court must compare the prior art to claims as one of ordinary

skill of art at the time of the invention would have done.") (internal citations omitted).

6.      Obviousness is a conclusion of law based on the factual inquiries, as set forth in

*Graham*, which include consideration of (1) the scope and content of the prior art, (2) the

differences between the prior art and the claimed subject matter as a whole, (3) the level of skill

in the art, and (4) objective evidence of nonobviousness.  *Yamanouchi Pharm. Co., Ltd. v.*

*Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1343 (Fed. Cir. 2000).

7.      The scope and content of the prior art must be considered as a whole.  *In re*

*Wesslau*, 353 F.2d 238, 241 (C.C.P.A. 1965) ("It is impermissible . . . to pick and choose from

any one reference only so much of it as will support a given position, to the exclusion of other

parts necessary to the full appreciation of what such reference fairly suggests to one of ordinary

skill in the art.").

8.      The Federal Circuit has instructed that the prior art, not hindsight knowledge of a

patentee's success, must motivate a person of ordinary skill in the art to do what the patentee has

done.  *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 2006 WL 3792689, *7 (Fed. Cir. 2006)

(instructing that "mere identification in the prior art of each component of a composition does

not show that the combination as a whole lacks the necessary attributes for patentability");

*Yamanouchi*, 231 F.3d at 1343; *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 840 F.2d 902,

907 (Fed. Cir. 1988) ("Care must be taken to avoid hindsight reconstruction by using 'the patent

in suit as a guide through the maze of prior art references, combining the right references in the

right way so as to achieve the result of the claims in suit.'") (citing *Orthopedic Equip. Co. v.*

*United States*, 702 F.2d 1005, 1012 (Fed. Cir. 1983)); *C. & A. Potts & Co. v. Creager*, 155 U.S.

597, 608 (1895) ("The apparent simplicity of a new device often leads an inexperienced person

to think that it would have occurred to any one familiar with the subject; but the decisive answer

is that, with dozens and perhaps hundreds of others laboring in the same field, it had never

occurred to any one before.").

9.      Proceeding contrary to the accepted wisdom is strong evidence of

nonobviousness.  *W.L. Gore & Assoc., Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1542 (Fed. Cir.

1983).  The Federal Circuit has recognized that a reference may "teach away" when "a person of

ordinary skill, upon reading the reference, would be discouraged from following the path set out

in the reference, or would be led in a direction divergent from the path that was taken by the

applicant."  *Tec Air, Inc. v. Denso Mfg. Michigan Inc.*, 192 F.3d 1353, 1360 (Fed. Cir. 1999).

10.     Further, the prior art must provide a reasonable expectation of success.  *In re Dow

Chem. Co.*, 837 F.2d 469, 473 (Fed. Cir. 1988).  Arguments that the claimed invention would

have been "obvious to try" are not sufficient.  *Gillette Co. v. S.C. Johnson & Son, Inc.*, 919 F.2d

720 (Fed. Cir. 1990) (commenting that "we have consistently held that 'obvious-to-try' is not to

be equated with obviousness").

## B.     Issues of Law Specific to the '877 Patent

11.     With respect to claim 23, as read through claim 18 from which it depends

(hereinafter "claim 23(18)"), the parties will litigate whether a multiple dependent claim like

claim 23 of the '877 patent, should be read as a plurality of dependent claims (Plaintiffs'

position), or in the alternative, as simultaneously claiming all embodiments of all the claims from

which it depends (Defendants' position).  A multiple dependent claim shall be construed to

incorporate by reference the limitations of the particular claim in relation to which it is being

considered.  35 U.S.C. § 112, ¶ 5 (2000); M.P.E.P. § 608.01(n) 600-86 (explaining that multiple

dependent claims "must be considered in the same manner as a plurality of single dependent

claims"); H.R. Rep. No. 94-592, at 1241 (1975) ("[A] multiple dependent claim, as such, does

not contain all the limitations of all the claims to which it refers, but rather, contains at any one time only those limitations of the particular claim under consideration.").

12.      The parties will litigate whether the disclosure of a broad numerical range is sufficient to anticipate the dose of claim 23(18) of the '877 patent.  *Atofina v. Great Lakes Chem. Corp.*, 441 F.3d 991, 1000 (Fed. Cir. 2006) ("The disclosure is only that of a range, not a specific temperature in that range, and the disclosure of a range is no more a disclosure of the end points of the range than it is of each of the intermediate points.").

13.      The parties will litigate whether Example XIII of the '296 patent qualifies as prior art under 35 U.S.C. § 102(e) to each of the claims of the '877 patent.  *See, e.g., Waldemar Link, GmbH & Co. v. Osteonics Corp.*, 32 F.3d 556, 558 (Fed. Cir. 1994).  In order to antedate a reference, "all the applicant can be required to show is priority with respect to so much of the claimed invention as the reference happens to show.  When he has done that he has disposed of the reference." *In re Stempel*, 241 F.2d 755 (C.C.P.A. 1957) ("In the case of a reference, it is fundamental that it is valid only for what it discloses and if the applicant establishes priority with respect to that disclosure, and there is no statutory bar, it is of no effect at all.").

14.      The parties will litigate whether the Karolinska Request qualifies as a "printed publication" under 35 U.S.C. § 102(a) to anticipate the '877 patent.  The Federal Circuit instructs that dissemination and public accessibility are key factors when determining whether a reference qualifies as a "publication."  According to *Bruckelmyer v. Ground Heaters*, a reference is "publicly accessible" if it has "been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it . . . ." 453 F.3d 1374, 1378 (Fed. Cir. 2006).  The ability to locate a printed publication is critical.  *Id.* at 1379 (upholding *In re Cronyn*, 890 F.2d 1158 (Fed. Cir.

1989)); *see also Cronyn*, 890 F.2d at 1160-61 (holding that theses kept in a university library along with an index of cards containing the students' names and the theses' titles but no indication of the subject matter were not meaningfully indexed or catalogued and therefore insufficient to qualify as prior art).

### C.     Objective Evidence of Nonobviousness

15.     The parties will litigate whether objective indicia of nonobviousness demonstrate the patentability of the methods claimed in the '877 patent.  *Graham*, 383 U.S. at 17-18; *Pro-Mold & Tool Co. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568, 1573 (Fed. Cir. 1996) ("It is the secondary considerations that are often the most probative and determinative of the ultimate conclusion of obviousness or nonobviousness."); *Ruiz v. A.B. Chance, Co.*, 234 F.3d 654, 667 (Fed. Cir. 2000) (stating that "secondary considerations, when present, must be considered in determining obviousness").

16.     The Federal Circuit has emphasized the need for evaluating objective evidence of nonobviousness.  *Id.*  This evaluation must be made during a court's consideration of whether the claimed invention is obvious, not after such a determination is complete.  *Lindemann Maschinfabrik GMBH v. American Hoist and Derrick Co.*, 730 F.2d 1452, 1461 (Fed. Cir. 1984).

### (1)     Long-Felt Need

17.     Evidence of a long-felt and unresolved need until the solution offered by the patented invention supports a finding of nonobviousness.  *Goodyear Tire & Rubber Co. v. Ray-O-Vac Co.*, 321 U.S. 275, 279 (1944); *Georgia Pacific Corp. v. United States Gypsum Co.*, 195 F.3d 1322, 1330 (Fed. Cir. 1999, as amended 2000).

### (2)     Unexpected Results

18.     Evidence of unexpected results, in the eyes of a person of ordinary skill in the art, can rebut a prima facie case of obviousness.  *See In re Papesch*, 315 F.2d 381 (C.C.P.A. 1963)

(reversing a finding of obviousness where the claimed chemical compound contained minor

structural changes at three locations that transformed the un-modified compound from an

inactive anti-inflammatory agent to an active anti-inflammatory compound).  This is particularly

true in fields such as chemistry or medicine, where even slight changes in a product may "yield

substantially different results."  *In re Soni*, 54 F.3d 746, 750 (Fed. Cir. 1995).

### (3)    Commercial Success

19.    The commercial success of an invention, generally demonstrated by a showing of

significant sales in the relevant market, is evidence of nonobviousness.  *Goodyear Tire & Rubber

Co.*, 321 U.S. at 279; *Pro-Mold*, 75 F.3d at 1573-74; *Demaco Corp. v. F. Von Langsdorff

Licensing Ltd.*, 851 F.2d 1387 (Fed. Cir. 1988); *Hybritech Inc. v. Monoclonal Antibodies, Inc.*,

802 F.2d 1367, 1382 (Fed. Cir. 1986) ("[The] record shows that advertising makes those in the

industry-- hospitals, doctors, and clinical laboratories-- aware of the diagnostic kits but does *not*

make these potential users buy them; *the products have to work*, and there is *no* evidence that

that is *not* the case here or that the success was not due to the merits of the claimed [invention]--

clearly contrary to the district court's finding.") (emphasis added).

### (4)    Teaching Away and Skepticism in the Field

20.    Where the prior art "teaches away" from the claimed invention rather than

motivating a person of ordinary skill in the art to do what the patentee has done, the claimed

invention is nonobvious.  *In re Hedges*, 783 F.2d 1038, 1041 (Fed. Cir. 1986).

21.    Evidence of initial skepticism, surprise, or incomprehension upon learning of the

invention and thereafter praising its value is strong evidence of nonobviousness.  *United States v.

Adams*, 383 U.S. 39, 52 (1966); *Evtl. Designs, Ltd. v. Union Oil Co. of Cal.*, 713 F.2d 693, 697-

98 (Fed. Cir. 1983); *Ruiz*, 234 F.3d at 668 ("Proceeding contrary to the accepted wisdom . . . is

strong evidence of unobviousness.") (internal citations omitted).  This is particularly true where

7

"the skepticism is expressed at the time of the invention, in a nonadversarial setting." *Burlington Industries, Inc. v. Quigg*, 229 U.S.P.Q. 916, 919 (D.D.C. 1986), aff'd, 822 F.2d 1581 (Fed. Cir. 1987).

### D.    Exceptional Case

22.    The parties will litigate whether this is an exceptional case and whether Plaintiffs are entitled to reasonable attorney fees.  In ANDA-induced infringement actions, attorney fees for an "exceptional case" are specifically authorized under 35 U.S.C. § 271(e)(4) (in accordance with 35 U.S.C. § 285).  For example, a baseless Paragraph IV certification, when combined with litigation misconduct, is sufficient to support a claim for an "exceptional case."  *See Yamanouchi*, 231 F.3d at 1347.

# EXHIBIT   5

**EXHIBIT 5**

DEFENDANTS' STATEMENT OF ISSUES OF LAW

**Anticipation:**

1.     Whether the alleged inventions in asserted claims 1, 3-12, 17, 18, 20-26 and 43 of the '877 patent are invalid under 35 U.S.C. § 102.

**Obviousness:**

2.     Whether the alleged inventions in asserted claims 1, 3-12, 17, 18, 20-26 and 43 of the '877 patent are invalid under 35 U.S.C. § 103.

3.     Whether there is a nexus between any alleged commercial success of Adenoscan® and the alleged invention of asserted claims 1, 3-12, 17, 18, 20-26 and 43 of the '877 patent.

**Conception:**

4.     Whether the alleged inventions of claims 1, 3-12, 17, 18, 20-26 and 43 of the '877 patent were conceived by the named inventors of the '877 patent prior to December 28, 1987.

**Exceptional Case:**

5.     Plaintiffs have identified exceptional case under 35 U.S.C. § 285 as an issue to be litigated.  Defendants maintain that it is improper, and a waste of the parties' and the Court's time and resources, to address issues of exceptional case at this time and that all such issues should be bifurcated until the Court has rendered a decision on the merits and determined that there is a "prevailing party" as required by 35 U.S.C. § 285.

**Additional Issues:**

6.     Plaintiffs' Statement of Issues of Law That Remain to be Litigated (Exhibit 4) includes under the heading "objective evidence of nonobviousness" topics relating to alleged secondary factors, which Defendants believe raise issues of fact, not law.  *See Para-Ordnance*

*Mfg., Inc. v. SGS Importers Int'l, Inc.*, 73 F.3d 1085, 1091 (Fed. Cir. 1995).  Defendants address these topics concerning alleged secondary factors in their Statement of Issues of Fact That Remain to be Litigated (Exhibit 3).  To the extent that any issue identified by Defendants as an issue of fact should properly be considered as an issue of law, Defendants incorporate it herein by reference.  Similarly, to the extent that any issue identified herein as an issue of law should properly be considered an issue of fact, it should be so considered.

7.      Plaintiffs' Statement of Issues of Law That Remain To Be Litigated includes argument and characterizations of legal authority which Defendants dispute.  Defendants will respond where necessary and appropriate, as the issues arise at trial and/or in post-trial briefing, or as otherwise directed by the Court.

# EXHIBIT  6

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX001 | U.S. Patent No. 5,731,296 (filed on Mar. 15, 1993, issued on Mar. 29,1998). | PDX001 PDX043 PDX125 PDX148 PDX167 Klabunde03 DDX047 | | | No objection | | | Item/King |
| TX002 | U.S. Patent No. 5,070,877 (filed Mar. 29, 1989, issued on Dec. 10, 1991). | PDX002 DDX003 PDX044 PDX124 PDX146 | | | No objection | | | King |
| TX003 | Adenoscan product description. | PDX003 PDX046 | SIC005325 | SIC005331 | **Item:** 402 403 (cumulative) **King:** 402 403 (cumulative) | **Item:** 402 403, no basis for exclusion **King:** 402 403, no basis for exclusion | | Item/King |
| TX004 | Excerpt from Sicor's ANDA for Adenosine Injection, USP, dated 12/06/2004. | PDX004 PDX045 | SIC004124 | SIC004184 | **Item:** 402 403 (cumulative) **King:** 402 403 (cumulative) | **Item:** 402 403, no basis for exclusion **King:** 402 403, no basis for exclusion | | Item/King |
| TX005 | Letter from R. Blevins to D. Hilleman, copying S. Mohiuddin, dated 08/02/1989. | DDX039 | K06996 | K06997 | 402 403 (cumulative) 801(c) and 802 Lack of foundation | 402 403, no basis for exclusion 803(6) 901(a), 902(11) | | King |
| TX006 | Teva Press Release announcing approval of adenosine injection, dated 06/16/2004. | PDX048 | | | **Item:** 402 **King:** 402 | **Item:** 402 **King:** 402 | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX007 | Amendment to application to market adenosine injection for thallium myocardial imaging submitted by Sicor to FDA, dated 4/16/2005. | PDX050 | SIC005356 | SIC005362 | Item:<br>402<br><br>King:<br>402 | Item:<br>402<br><br><br>King:<br>402 | | Item/King |
| TX008 | Sicor's ANDA for Adenosine Injection, USP, dated 12/06/2004. | PDX054<br>PDX053 | SIC004124 | SIC005324 | Item:<br>402<br>403 (cumulative)<br>1006 (voluminous document)<br><br>King:<br>402<br>403 (cumulative)<br>1006 (voluminous document) | Item:<br>402<br>403, no basis for exclusion<br>1006, no basis for exclusion<br><br>King:<br>402<br>403, no basis for exclusion<br>1006, no basis for exclusion | | Item/King |
| TX009 | Fujisawa Product Development Report for Adenoscan IV, dated 11/30/1993. | PDX057 | AST0075387 | AST0075467 | Item:<br>402<br><br>King:<br>402 | Item:<br>402<br><br>King:<br>402 | | Item/King |
| TX010 | Teva Press Release announcing tentative approval of adenosine injection, dated 02/13/2006. | PDX058 | | | Item:<br>402<br><br>King:<br>402 | Item:<br>402<br><br>King:<br>402 | | Item/King |
| TX011 | Email from R. Lowe to J. Pastore, W. Bondinell, and K. Feldtmose, copying S. Hernandez, dated 11/16/2004. | PDX059 | SIC011505 | SIC011505 | Item:<br>402<br>403 (waste of time)<br>801(c) and 802<br><br>King:<br>402<br>403 (waste of time)<br>801(c) and 802 | Item:<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6); 801(d)(2)(D)<br>King:<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6); 801(d)(2)(D) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX012 | Letter from Sicor to Item, Fujisawa, and Astellas, dated 04/16/2005. | PDX060A | AST0086511 | AST0086524 | Item:<br>402<br>403 (waste of time)<br><br>King:<br>402<br>403 (waste of time) | Item:<br>402<br>403, no basis for exclusion<br><br>King:<br>402<br>403, no basis for exclusion | | Item/King |
| TX013 | Letter from Sicor to King, Fujisawa, and Astellas, dated 04/16/2005. | PDX061A | AST0086525 | AST0086545 | Item:<br>402<br>403 (waste of time)<br><br>King:<br>402<br>403 (waste of time) | Item:<br>402<br>403, no basis for exclusion<br><br>King:<br>402<br>403, no basis for exclusion | | Item/King |
| TX014 | Letter from K. Loberg to Fujisawa Healthcare Inc., dated 04/07/2005. | PDX111 | AST0213252 | AST0213253 | Item:<br>402<br>403 (waste of time)<br><br>King:<br>402<br>403 (waste of time) | Item:<br>402<br>403, no basis for exclusion<br><br>King:<br>402<br>403, no basis for exclusion | | Item/King |
| TX015 | Expert Report of K. Leffler, dated 06/09/2006. | PDX120 | | | Item:<br>403 (cumulative)<br>801(c) and 802<br><br>King:<br>403 (cumulative)<br>801(c) and 802<br>Further objections reserved pending Court's consolidation of issue for trial | Item:<br>403, no basis for exclusion<br>non-hearsay use (801); 801(d)(2)<br><br>King:<br>403, no basis for exclusion<br>non-hearsay use (801); 801(d)(2)<br>Further bases reserved pending Court's consolidation of issue for trial | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX016 | Rebuttal Expert Report of K. Leffler, dated 09/01/2006. | PDX121 Hay 11 | | | **Item:** 403 (cumulative) 801(c) and 802 **King:** 403 (cumulative) 801(c) and 802 Further objections reserved pending Court's consolidation of issue for trial | **Item:** 403, no basis for exclusion non-hearsay use (801); 801(d)(2) **King:** 403, no basis for exclusion non-hearsay use (801); 801(d)(2) Further bases reserved pending Court's consolidation of issue for trial | | Item/King |
| TX017 | Expert Report of K. Leffler, dated 06/09/2006. | PDX122 | | | **Item:** 403 (cumulative) 801(c) and 802 Further objections reserved pending Court's consolidation of issue for trial **King:** 403 (cumulative) 801(c) and 802 | **Item:** 403, no basis for exclusion non-hearsay use (801); 801(d)(2) Further bases reserved pending Court's consolidation of issue for trial **King:** 403, no basis for exclusion non-hearsay use (801); 801(d)(2) | | Item/King |
| TX018 | Rebuttal Expert Report of K. Leffler, dated 09/01/2006. | PDX123 | | | **Item:** 403 (cumulative) 801(c) and 802 Further objections reserved pending Court's consolidation of issue for trial **King:** 403 (cumulative) 801(c) and 802 | **Item:** 403, no basis for exclusion non-hearsay use (801); 801(d)(2) Further bases reserved pending Court's consolidation of issue for trial **King:** 403, no basis for exclusion non-hearsay use (801); 801(d)(2) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX019 | Adenoscan Sales Charts listing sales and costs for Adenoscan 1990-2005. | PDX126 DDX193 | AST0185475 | AST0185476 | **Item:**<br>801(c) and 802<br>Improper compilation<br><br>**King:**<br>801(c) and 802<br>Improper compilation | **Item:**<br>803(6)<br>1006, no basis for exclusion<br><br>**King:**<br>803(6)<br>1006, no basis for exclusion | | Item/King |
| TX020 | General Method of Data Collection, www.ims-global.com/insight/world_in_brief/0010/data_values.htm (last visited 09/24/2006). | PDX129 | | | **Item:**<br>402<br>403 (cumulative and waste of time)<br>801(c) and 802<br><br>**King:**<br>402<br>403 (cumulative and waste of time)<br>801(c) and 802 | **Item:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay use (801)<br>106<br>**King:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay use (801)<br>106 | | Item/King |
| TX021 | Chart abstracted from The Myocardial Perfusion Study Monthly Monitor, produced by AMR. | PDX130 | AST0185477 | AST0185482 | **Item:**<br>106 (incomplete)<br>403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part)<br>Improper compilation<br>Lack of foundation<br><br>**King:**<br>106 (incomplete)<br>403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part)<br>Improper compilation<br>Lack of foundation | **Item:**<br>106, no basis for exclusion<br>403, no basis for exclusion<br>non-hearsay use (801); 803(17)<br><br>1006, no basis for exclusion<br>901(a)<br><br>**King:**<br>106, no basis for exclusion<br>403, no basis for exclusion<br>non-hearsay use (801); 803(17)<br><br>1006, no basis for exclusion<br>901(a) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX022 | Excel spreadsheet from Dr. Hay's economic analysis, containing graph titled "Scans." | PDX131 | | | **Item:**<br>403 (confusion)<br>801(c) and 802<br><br>Improper compilation<br>Lack of foundation<br><br>**King:**<br>403 (confusion)<br>801(c) and 802<br><br>Improper compilation<br>Lack of foundation | **Item:**<br>403, no basis for exclusion<br>non-hearsay use (801); 801(d)(2);<br><br>1006, no basis for exclusion<br>901(a)<br><br><br><br>**King:**<br>403, no basis for exclusion<br>non-hearsay use (801); 801(d)(2);<br><br>1006, no basis for exclusion<br>901(a) | | Item/King |
| TX023 | DePuey, Updated Imaging Guidelines for Nuclear Cardiology Procedures, 8 J. Nuclear Caridology (2001). | PDX132 | | | **Item:**<br>402<br>403 (waste of time)<br>801(c) and 802<br><br>**King:**<br>402<br>403 (waste of time)<br>801(c) and 802 | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18) | | Item/King |
| TX024 | Leffler, Persuasion or Information? The Economics of Prescription Drug Advertising, 24 J. Law and Econ. 45 (1981). | PDX134 | SIC011827 | SIC011857 | **Item:**<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>non-hearsay use (801); 803(18); 803(16)<br>**King:**<br>non-hearsay use (801); 803(18); 803(16) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX025 | Gonul et al., Promotion of Prescription Drugs and Its Impact on Physicians' Choice Behavior, 65 J. of Marketing 79 (2001). | PDX137 | SIC011765 | SIC011776 | **Item:**<br>801(c) and 802<br>Illegible (at least in part)<br><br>**King:**<br>801(c) and 802<br>Illegible (at least in part) | **Item:**<br>non-hearsay use (801); 803(18)<br><br><br>**King:**<br>non-hearsay use (801); 803(18) | | Item/King |
| TX026 | Expert Report of P. Binkley, dated 06/09/2006. | PDX158 | | | **Item:**<br>403 (cumulative)<br>801(c) and 802<br><br>**King:**<br>402<br>801(c) and 802<br>Rule 26 | **Item:**<br>403, no basis for exclusion<br>non-hearsay use (801); 801(d)(2)<br><br>**King:**<br>402<br>non-hearsay use (801); 801(d)(2) | | Item/King |
| TX027 | Sullivan et al., Pharmacologic Intervention of Deconditioning in Humans, 33 Clinical Research 523A (1985). | PDX159 | | | 402<br>801(c) and 802<br>Hearsay as to handwriting<br>Not previously produced | 402<br>non-hearsay use (801); 803(18); 803(16) | | Item |
| TX028 | Sullivan et al., Prevention of Bedrest-induced Physical Deconditioning by Daily Dobutamine Infusions, 76 J. Clinical Invest. 1632 (1985). | PDX160 | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(18); 803(16) | | Item |
| TX029 | Starling et al., Biochemical Analysis of Human Myocardium in Cardiac Transplant Recipients, 36 Clinical Research 829A (1988). | PDX161 | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(18) | | Item |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX030 | Leier et al., Disparity between improvement in left ventricular function and changes in clinical status and exercise capacity during chronic enoximone therapy, 117 Am. Heart J. 1092 (1989). | PDX162 | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(18) | | Item |
| TX031 | Tice et al., Clinical pharmacology of nicorandil in patients with congestive heart failure, 52 Clinical Pharmacology & Therapeutics 496 (1992). | PDX164 | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(18) | | Item |
| TX032 | Tice et al., Hemodynamic Effects of Oral Nicorandil in Congestive Heart Failure, 65 Am J. of Cardiol. 1361 (1990). | PDX165 | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(18) | | Item |
| TX033 | Declaration of P. Binkley, dated 08/23/2006. | PDX166 | | | 402<br>403 (cumulative)<br>801(c) and 802 | 402, no basis for exclusion<br>non-hearsay use (801); 801(d)(2) | | Item |
| TX034 | Binkley et al., Chapter 26: Non-ACE Inhibitor Vasodilators, in Congestive Heart Failure (2d ed.) (2000). | PDX168 | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(18) | | Item |
| TX035 | Drury and Szent-Gyorgyi., The Physiological Activity of Adenine Compounds With Especial Reference to Their Action Upon The Mammalian Heart, 68 J. Physiol. 213 (1929). | PDX169 | | | Item:<br>801(c) and 802<br><br>King:<br>801(c) and 802 | Item:<br>non-hearsay use (801); 803(18); 803(16)<br><br>King:<br>non-hearsay use (801); 803(18); 803(16) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX036 | DiMarco et al., Adenosine: electrophysiologic effects and therapeutic use for terminating paroxysmal supraventricular tachycardia, 68 Circulation 1254 (1983). | PDX171 | | | **Item:** 801(c) and 802 **King:** 402 801(c) and 802 | **Item:** non-hearsay use (801); 803(18); 803(16) **King:** 402 non-hearsay use (801); 803(18); 803(16) | | Item/King |
| TX037 | Sollevi et al., Cardiovascular effects of adenosine in man, 120 Acta Physiologica Scandinavica 11A (1984). | PDX173 DDX055 | | | **Item:** 801(c) and 802 **King:** 801(c) and 802 | **Item:** non-hearsay use (801); 803(18); 803(16) **King:** non-hearsay use (801); 803(18); 803(16) | | Item/King |
| TX038 | Gould et al., Noninvasive Assessment of Coronary Stenoses by Myocardial Imaging During Pharmacologic Coronary Vasodilatation. II. Clinical Methodology and Feasibility, 41 Am. J. Cardiol. 279 (1978). | PDX174 DDX254 PDX154 | | | **Item:** 801(c) and 802 **King:** 801(c) and 802 | **Item:** non-hearsay use (801); 803(18); 803(16) **King:** non-hearsay use (801); 803(18); 803(16) | | Item/King |
| TX039 | Needleman et al., excerpt from Chapter 33: Drugs Used for the Treatment of Angina: Organic Nitrates, Calcium Channel Blockers and B-Adrenergic Antagonists, in Goodman and Gilman's The Pharmacological Basis of Therapeutics (7th ed.) (1985). | PDX175 | SIC011640 | SIC011645 | **Item:** 801(c) and 802 **King:** 801(c) and 802 | **Item:** non-hearsay use (801); 803(18); 803(16) **King:** non-hearsay use (801); 803(18); 803(16) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX040 | Kassell et al., Cerebral and Systemic circulatory effects of arterial hypotension induced by adenosine, 58 J. Neurosurg. 69 (1983). | PDX176 | | | 801(c) and 802 Illegible (at least in part) | non-hearsay use (801); 803(18); 803(16) | | Item |
| TX041 | 1985 The Year Book of Anesthesia 115-16 (Ronald D. Miller et al. eds., Year Book Medical Publishers, Inc. 1985). | PDX178 | AST0056211 | AST0056214 | 801(c) and 802 | non-hearsay use (801); 803(18); 803(16) | | Item |
| TX042 | Fukunaga et al., ATP-Induced Hypotensive Anethesia During Surgery, 57 Anesthesiology A65 (1982). | PDX179 DDX134 | | | 801(c) and 802 | non-hearsay use (801); 803(18); 803(16) | | Item |
| TX043 | Rebuttal Expert Report P. Binkley, dated 09/01/2006. | PDX182 | | | 403 (cumulative) 801(c) and 802 | 403, no basis for exclusion non-hearsay use (801); 801(d)(2) | | Item |
| TX044 | Klabunde and Althouse, Adenosine Metabolism in Dog Whole Blood: Effects of Dipyridamole, 28 Life Sciences 2631 (1981). | PDX183 | | | Item: 801(c) and 802 King: 801(c) and 802 | Item: non-hearsay use (801); 803(18); 803(16) King: non-hearsay use (801); 803(18); 803(16) | | Item/King |
| TX045 | DiMarco et al., Diagnostic and Therapeutic Use of Adenosine in Patients With Supraventricular Tachyarrhythmias, 6 J. Am. Coll. Cardiol. 417 (1985). | PDX186 | | | Item: 801(c) and 802 King: 801(c) and 802 | Item: non-hearsay use (801); 803(18); 803(16) King: non-hearsay use (801); 803(16) | | Item/King |
| TX046 | Wilson et al., Effects of Adenosine on Human Coronary Arterial Circulation, 82 Circulation 1595 (1990). | PDX187 | | | Item: 801(c) and 802 King: 801(c) and 802 | Item: non-hearsay use (801); 803(18) King: non-hearsay use (801); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX047 | Pantely and Bristow, Adenosine: Renewed Interest in an Old Drug, 82 Circulation 1854 (1990). | PDX188 | | | **Item:** 402 801(c) and 802  **King:** 402 801(c) and 802 | **Item:** 402 non-hearsay use (801); 803(18)  **King:** 402 non-hearsay use (801); 803(18) | | Item/King |
| TX048 | Biaggioni et al., Cardiovascular Effects of Adenosine Infusion in Man and Their Modulation by Dipyridamole, 39 Life Sciences 2229 (1986). | PDX189 PDX150 Wackers420 | | | **Item:** 402 801(c) and 802  **King:** 801(c) and 802 | **Item:** 402 non-hearsay use (801); 803(18); 803(16)  **King:** non-hearsay use (801); 803(18); 803(16) | | Item/King |
| TX049 | Letter from R. Berne to A. Sollevi, dated 02/08/1985. | PDX190 | ID0002234 | ID0002234 | 106 (incomplete) 801(c) and 802 901(a) | 106, no basis for exclusion 803(16); non-hearsay use (801); 803(3); 901(a); 901(b)(8) | | Item |
| TX050 | Letter from F. Robicsek to A. Henze, dated 10/21/1985; translated letter from A. Henze to A. Sollevi, dated 11/22/1985; letter from A. Sollevi to F. Robicsek, dated 12/11/1985; letter from F. Robicsek to A. Sollevi, dated 01/02/1986. | PDX191 | ID0000594 | ID0000598 | 402 106 (incomplete) 801(c) and 802  901(a) Hearsay as to handwriting Improper compilation Lack of foundation Uncertified translation | 402 106, no basis for exclusion 803(16); non-hearsay use (801); 803(6); 803(3); 901(a); 901(b)(8)  1006, no basis for exclusion 901(a); 901(b)(8) | | Item |
| TX051 | Fukunaga et al., Dipyridamole Potentiates the Hypotensive Effect of ATP, 61 Anesthesiology A39 (1984). | PDX192 | | | 801(c) and 802 | non-hearsay use (801); 803(16); 803(18) | | Item |
| TX052 | Adenoscan Original IND, Vol. 1 of 1, 12/09/1987. | PDX401 | AST0009416 | AST0009603 | 801(c) and 802 | non-hearsay use (801); 803(6) | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX053 | Letter from C. White to G. Salzberg, dated 12/31/1987. | PDX402 | AST0063594 | AST0063594 | 402<br>106 (incomplete)<br>801(c) and 802<br>Lack of foundation | 402<br>106, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>901(a) | | King |
| TX054 | Telephone interview summary with FDA, dated 01/26/1988. | PDX403 | AST0102443 | AST0102443 | 402<br>801(c) and 802<br>Lack of foundation | 402<br>non-hearsay use; 803(1); 803(6)<br>901(a) | | King |
| TX055 | Letter from G. Salzberg to R. Lipicky, dated 05/19/1988. | PDX404 | AST0009611 | AST0009621 | 402<br>106 (incomplete)<br>801(c) and 802 | 402<br>106, no basis for exclusion<br>non-hearsay use (801); 803(6) | | King |
| TX056 | Curriculum Vitae for S. Mohiuddin. | DDX002 | K02217 | K02237 | 402<br>403 (waste of time)<br>801(c) and 802 | 402<br>403, no basis for exclusion<br>803(6); 803(5) | | King |
| TX057 | Mohiuddin et al., Clinical Utility of Adenosine in Radionuclide Mycardial Imaging. | DDX004 | AST0001042 | AST0001052 | 801(c) and 802 | non-hearsay use (801); 803(6) | | King |
| TX058 | Study C-1: Clinical Utility of Adenosine in Radionuclide Myocardial Imaging. | DDX005 | AST0001036 | AST0001205 | 801(c) and 802<br>Lack of foundation | non-hearsay use (801); 803(6)<br>901(a) | | King |
| TX059 | U.S. Patent Application Serial No. 231,217 (filed 08/11/1988). | DDX006 | AST0055432 | AST0055455 | 403 (duplicative (TX304))<br>801(c) and 802<br>901(a) | 403, no basis for exclusion<br>803(8)<br>901(a); 901(b)(7) | | King |
| TX060 | Letter from M. Lawler to S. Mehr, dated 10/22/87. | DDX007 | K 05446 | K 05446 | 106 (incomplete)<br>801(c) and 802<br>Lack of foundation | 106, not basis for exclusion<br>non-hearsay use (801); 803(6)<br>901(a) | | King |
| TX061 | Letter from W. Govier to FDA, dated 12/09/1987. | DDX008 | AST0009417 | AST0009504 | 801(c) and 802 | non-hearsay use (801); 803(6) | | King |
| TX062 | Assignment by D. Hilleman and S. Mohiuddin to Medco Research, Inc., signed on 07/15/1988. | DDX013 | K 01870 | K 01871 | No objection | | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX063 | Assignment by D. Hilleman and S. Mohiuddin to Medco Research, Inc., signed on 04/07/1989. | DDX014 | AST0068043 | AST0068044 | No objection | | | King |
| TX064 | Patent Application and Transmittal Letter by D. Hilleman and S. Mohuiddin for "Novel Method of Myocardial Imaging," dated 03/29/1989. | DDX016 | AST0056734 | AST0056757 | 403 (cumulative) 801(c) and 802  901(a) | 403, no basis for exclusion non-hearsay use (801);803(6); 803(8) 901(a); 901(b)(7) | | King |
| TX065 | Letter from J. Mueth to PTO enclosing Declaration and Power of Attorney, dated 05/01/1989. | DDX017 | AST0056767 | AST0056769 | No objection | | | King |
| TX066 | Expert Report of M. Cerqueira, with attachments. | DDX02-C | | | 403 (cumulative) 801(c) and 802 | 403, no basis for exclusion non-hearsay use (801) | | King |
| TX067 | Siffring et al., Myocardial Uptake and Clearance of Tl-201 in Healthy Subjects Comparison of Adenosine-induced Hyperemia and Exercise Stress, 173 Radiology 769 (1989). | DDX024 | AST0046551 | AST0046556 | 402 403 (cumulative) 801(c) and 802 | 402 403, no basis for exclusion non-hearsay use (801); 803(18) | | King |
| TX068 | Gupta et al., Comparison of Adenosine and Exercise Thallium-201 Single Photon Emission Computed Tomography (SPECT) Myocardial Perfusion Imaging, 19 J. Am. Coll. Cardiol. 248 (1992). | DDX025 | AST0005668 | AST0005678 | 402 403 (cumulative) 801(c) and 802 | 402 403, no basis for exclusion non-hearsay use (801); 803(18) | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX069 | Hilleman et al., Cost-Minimization Analysis of Intravenous Adenosine and Dipyridamole in Thallous Chloride TI 201 SPECT Myocardial Perfusion Imaging, 31 Annals of Pharmacotherapy 974 (1997). | DDX028 | AST0081167 | AST0081172 | 801(c) and 802 | non-hearsay use (801); 803(18) | | King |
| TX070 | Rebuttal Expert Report of H.W. Strauss. | DDX03-C PDX202 Wackers423 | | | Item:<br>402<br>801(c) and 802<br>Rule 26<br><br>King:<br>403 (cumulative)<br>801(c) and 802 | Item:<br>402<br>non-hearsay use (801); 801(d)(2)<br><br>King:<br>403, no basis for exclusion<br>non-hearsay use (801); 801(d)(2) | | Item/King |
| TX071 | Letter from D. Hilleman to G. Salzberg, dated 09/15/1987. | DDX033 | K05445 | K05445 | 801(c) and 802 | non-hearsay use (801); 803(6) | | King |
| TX072 | Item 11: Case Report Tabulations for Study C-1. | DDX035 | AST0004318 | AST0004366 | 402<br>403 (cumulative)<br>801(c) and 802<br>Lack of foundation | 402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>901(a) | | King |
| TX073 | Declaration and Power of Attorney, signed by S. Mohiuddin and D. Hilleman on 04/07/1989. | DDX036 | AST0056768 | AST0056769 | No objection | | | King |
| TX074 | Letter from D. Hilleman to R. Blevins, dated 11/25/1988. | DDX037 | K07053 | K07053 | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(6) | | King |
| TX075 | Adenoscan Package Insert. | DDX03A-Cerq. Klabunde04 Zaret06 | | | No objection | | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX076 | Mohiuddin et al., Thallium-201 Myocardial Imaging in Patients with Coronary Artery Disease: Comparison of Intravenous Adenosine and Oral Dipyridamole, 26 Annals of Pharmacotherapy 1352 (1992). | DDX040 | AST0038631 | AST0038636 | 402<br>403 (cumulative)<br>801(c) and 802 | 402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18) | | King |
| TX077 | Mohiuddin et al., Safety of Different Dosages of Intravenous Adenosine Used in Conjunction With Diagnostic Myocardial Imaging Techniques, 13 Pharmacotherapy 476 (1993). | DDX041 | AST0096788 | AST0096792 | 402<br>403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part) | 402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18) | | King |
| TX078 | Mohiuddin et al., The Comparative Safety and Diagnostic Accuracy of Adenosine Myocardial Perfusion Imaging in Women versus Men, 16 Pharmacotherapy 646 (1996). | DDX042 | ID0014238 | ID0014244 | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(18) | | King |
| TX079 | Declaration and Power of Attorney signed by D. Hilleman on 08/10/1988, signed by S. Mohiuddin on 08/23/1988. | DDX046 | AST0055460 | AST0055463 | No objection | | | King |
| TX080 | Letter from M. Shah to A. Sollevi, dated 01/16/1991. | DDX049 | ID0019461 | ID0019461 | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(6) | | Item |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX081 | Notes from meeting of A. Sollevi, G. Nyberg, K. Moe and P. Thurell on 01/22/1991. | DDX051 | ID0005568 | ID0005569 | 402<br>801(c) and 802<br><br>901(a)<br>Lack of foundation<br>Illegible (at least in part) | 402<br>non-hearsay use (801); 803(1); 803(6)<br>901(a); 901(b)(1)<br>901(a); 901(b)(1) | | Item |
| TX082 | Sollevi et al., Cardiovascular Effects of Adenosine During Controlled Hypotension in Cerebral Aneurysm Surgery, 59 Anesthesiology A9 (1983). | DDX054<br>PDX172 | | | **Item:**<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>non-hearsay use (801); 803(16); 803(18)<br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX083 | Lagerkranser et al., Adenosine Induced Hypotension in Man: Effects on Cerebral Circulation and Metabolism, 63 Anesthesiology A45 (1985). | DDX056 | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(16); 803(18) | | Item |
| TX084 | Letter from A. Sollevi to M. Shah, dated 02/05/1991. | DDX057 | ID0019462 | ID0019462 | 402<br>403 (confusion and waste of time)<br>801(c) and 802 | 402<br>403, no basis for exclusion<br><br>non-hearsay use (801); 803(6) | | Item |
| TX085 | Approval of Ethics Committee request, dated 12/21/1983, for project titled "Treatment of supraventricular tachyarrhythmias with intravenous adenosine" (with Certified Translation). | DDX098 | ID0002389 | ID0002398 | 402<br>801(c) and 802<br><br>901(a) | 402<br>non-hearsay use (801); 803(6); 803(16)<br>901(a); 901(b)(8) | | Item |
| TX086 | U.S. Patent Application Serial No. 138,306 (12/28/1987 CIP). | DDX129 | | | | | | Item |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX087 | Fukunaga et al., Hypotensive Effects of Adenosine and Adenosine Triphosphate Compared with Sodium Nitroprusside, 61 Anesthesia and Analgesia 273 (1982). | DDX133 | | | 801(c) and 802 | non-hearsay use (801); 803(18); 803(16) | | Item |
| TX088 | Sollevi et al., Relationship between arterial and venous adenosine levels and vasodilation during ATP-and adenosine-infusion in dogs, 120 Acta Physiol. Scand. 171 (1984). | DDX135 | | | 801(c) and 802 | non-hearsay use (801); 803(16); 803(18) | | Item |
| TX089 | Assignment to Sollmedco Aktiebolag from Aktiebolaget Hassle, dated 02/19/1992. | DDX136 | ID0000373 | ID0000375 | No objection | | | Item |
| TX090 | Assignment from Sollmedco Aktiebolag to Item Development Aktiebolag, dated 12/01/1992. | DDX137 | ID0001514 | ID0001516 | No objection | | | Item |
| TX091 | Letter from R. Berne to P. Thurell, dated 05/31/1994. | DDX163 | ID0004644 | ID0004644 | 402<br>106 (incomplete)<br>801(c) and 802<br>Hearsay as to handwriting<br>Lack of foundation | 402<br>106, not basis for exclusion<br>non-hearsay use (801); 803(6)<br><br>901(a) | | Item |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX092 | Fascimile to American Society of Nuclear Cardiology from Fujisawa USA, Inc. from Fujisawa USA, Inc., dated 01/09/1998. | DDX205 | AST0194740 | AST0194741 | **Item:** 106 (incomplete) 801(c) and 802 Illegible (at least in part) **King:** 106 (incomplete) 801(c) and 802 Illegible (at least in part) | **Item:** 106, not basis of exclusion 803(6) **King:** 106, not basis of exclusion 803(6) | | Item/King |
| TX093 | Albro et al., Noninvasive Assessment of Coronary Stenoses by Myocardial Imaging During Pharmacologic Coronary Vasodilatation: III. Clinical Trial, 42 Am. J. Cardiol. 751 (1978). | PDX155 DDX255 | | | **Item:** 402 801(c) and 802 **King:** 801(c) and 802 | **Item:** 402 non-hearsay use (801); 803(18); 803(16) **King:** non-hearsay use (801); 803(18); 803(16) | | Item/King |
| TX094 | Brown et al., Intravenous Dipyridamole Combined With Isometric Handgrip for Near Maximal Acute Increase in Coronary Flow in Patients With Coronary Artery Disease, 48 Am. J. Cardiol. 1077 (1981). | DDX256 PDX181 PDX208 | | | **Item:** 801(c) and 802 **King:** 801(c) and 802 | **Item:** non-hearsay use (801); 803(18); 803(16) **King:** non-hearsay use (801); 803(18); 803(16) | | Item/King |
| TX095 | Josephson et al., Noninvasive detection and localization of corornary stenoses in patients: Comparison of resting dypridamole and excersise thallium-201 myocardial perfusion imaging, 103 Am. Heart J. 1008 (1982). | DDX257 PDX203 | SIC011660 | SIC011670 | **Item:** 402 801(c) and 802 **King:** 801(c) and 802 | **Item:** 402 non-hearsay use (801); 803(18); 803(16) **King:** non-hearsay use (801); 803(18); 803(16) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX096 | U.S. Department of Commerce Patent Office Deposit Account Order Form, dated 4/14/1989. | DDX258 | K01851 | K02085 | No objection | | | King |
| TX098 | Nishimura et al., Quantitative Thallium-201 Single-Photon Emission Computed Tomography During Maximal Pharmacologic Coronary Vasodilation With Adenosine for Assessing Coronary Artery Disease, 18 J. Am. Coll. Cardiol. 6 (1991). | DDX304 | AST0084300 | AST0084310 | **Item:**<br>402<br>801(c) and 802<br>Hearsay as to handwriting<br>Illegible (at least in part)<br><br>**King:**<br>402<br>801(c) and 802<br>Hearsay as to handwriting<br>Illegible (at least in part) | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(18) | | Item/King |
| TX099 | Adenoscan References, Revised 12/21/1993. | DDX305 | AST0088001 | AST0088001 | **Item:**<br>402<br>106 (incomplete)<br>801(c) and 802<br>Lack of foundation<br><br>**King:**<br>402<br>106 (incomplete)<br>801(c) and 802<br>Lack of foundation | **Item:**<br>402<br>106, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>901(a)<br><br>**King:**<br>402<br>106, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>901(a) | | Item/King |
| TX100 | Rossen et al., Coronary Dilation With Standard Dose Dipyridamole and Dipyridamole Combined With Handgrip, 79 Circulation 566 (1989). | DDX307 | AST0064843 | AST0064849 | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>402<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX101 | Klabunde, Dipyridamole Inhibition of Adenosine Metabolism in Human Blood, 92 Eur. J. Pharmacol. 21 (1983). | DDX308 PDX184 | AST0084721 | AST0084726 | **Item:** 801(c) and 802<br><br>**King:** 402 801(c) and 802 | **Item:** non-hearsay use (801); 803(18); 803(16)<br>**King:** 402 non-hearsay use (801); 803(18); 803(16) | | Item/King |
| TX102 | Nishimura et al., Equivalence Between Adenosine and Exercise Thallium-201 Myocardial Tomography: A Multicenter, Prospective, Crossover Trial, 20 J. Am. Coll. Cardiol. 265 (1992). | DDX309 | AST0084288 | AST0084298 | **Item:** 402 801(c) and 802<br><br>**King:** 402 801(c) and 802 | **Item:** 402 non-hearsay use (801); 803(18)<br><br>**King:** 402 non-hearsay use (801); 803(18) | | Item/King |
| TX103 | Cerqueira et al., Safety Profile of Adenosine Stress Perfusion Imaging: Results From the Adenoscan Multicenter Trial Registry, 23 J. Am. Coll. Cardiol. 384 (1994). | DDX311 | AST0084169 | AST0084174 | **Item:** 402 801(c) and 802<br><br>**King:** 801(c) and 802 | **Item:** 402 non-hearsay use (801); 803(18)<br><br>**King:** non-hearsay use (801); 803(18) | | Item/King |
| TX104 | Pharmacologic Stress in Myocardial Perfusion Imaging:  Product Monograph (1995). | DDX312 | AST0093111 | AST0093130 | **Item:** 403 (cumulative) 801(c) and 802<br><br>**King:** 403 (cumulative) 801(c) and 802 | **Item:** 403, no basis for exclusion non-hearsay use (801); 803(6)<br><br>**King:** 403, no basis for exclusion non-hearsay use (801); 803(6) | | Item/King |
| TX107 | License Agreement between Fujisawa and Item Development, dated 03/27/1998. | DDX337 | AST0065102 | AST0065129 | **Item:** 403 (cumulative) 801(c) and 802<br><br>**King:** 403 (cumulative) 801(c) and 802 | **Item:** 403, no basis for exclusion non-hearsay use (801); 803(6)<br><br>**King:** 403, no basis for exclusion non-hearsay use (801); 803(6) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX109 | AMR data for 1995, second quarter through 2002, second quarter. | DDX359 | AST0131843 | AST0131847 | **Item:**<br>403 (cumulative)<br>801(c) and 802<br>Lack of foundation<br><br>**King:**<br>403 (cumulative)<br>801(c) and 802<br>Lack of foundation | **Item:**<br>403, no basis for exclusion<br>803(6); 803(17)<br>901(a)<br><br>**King:**<br>403, no basis for exclusion<br>803(6); 803(17)<br>901(a) | | Item/King |
| TX110 | Biaggioni et al., Humoral and Hemodynamic Effects of Adenosine Infusion In Man, 33 Clinical Research 280A (1985). | DDX376<br>PDX180 | | | **Item:**<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>non-hearsay use (801); 803(16); 803(18)<br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX111 | Fuller et al., Circulatory and respiratory effects of infused adenosine in conscious man, 24 British J. Clinical Pharmacol. 309 (1987). | DDX377 | | | 801(c) and 802 | non-hearsay use (801); 803(18) | | King |
| TX112 | Sollevi et al., Controlled Hypotension with Adenosine in Cerebral Aneurysm Surgery, 61 Anesthesiology 400 (1984). | DDX378<br>PDX177<br>PDX145 | | | **Item:**<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>non-hearsay use (801); 803(16); 803(18)<br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX113 | Berne, Cardiac nucleotides in hypoxia: possible role in regulation of coronary blood flow, 204 Am. J. Physiol. 317 (1963). | DDX381 | | | **Item:**<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>non-hearsay use (801); 803(16); 803(18)<br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX114 | Expert Report of N. Mattsson. | Mattsson 2 | | | 403 (cumulative)<br>801(c) and 802 | 403, no basis for exclusion<br>non-hearsay use (801) | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX115 | Memorandum from B. Nelligan to J. Olszewski, dated 02/17/2001. | | AST0044120 | AST0044122 | **Item:**<br>801(c) and 802<br>Lack of foundation<br><br>**King:**<br>801(c) and 802<br>Lack of foundation | **Item:**<br>803(6)<br>901(a)<br><br>**King:**<br>803(6)<br>901(a) | | Item/King |
| TX116 | Opie, Chapter 19: Mechanisms of Cardiac Contraction and Relaxation, in Braunwald's Heart Disease: A Textbook of Cardiovascular Medicine (2005). | | | | **Item:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>Not previously produced<br><br>**King:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>Not previously produced | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18) | | Item/King |
| TX117 | Curriculum Vitae of P. Binkley. | | | | 403 (cumulative)<br>801(c) and 802 | 403, no basis for exclusion<br>non-hearsay use (801); 803(6); 803(5) | | Item |
| TX119 | Expert Statement of R. Klabunde, 07/20/2006. | | | | 403 (cumulative)<br>801(c) and 802 | 403, no basis for exclusion<br>non-hearsay use (801) | | Item |
| TX120 | Klabunde, Cardiovascular Physiology Concepts: Pulmonary Capillary Wedge Pressure; www.cvphysiology.com/Heart%20Failure/HF008.htm . | | | | 403 (confusion and cumulative)<br>801(c) and 802 | 403, no basis for exclusion<br><br>non-hearsay use (801); 803(18) | | Item |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX121 | Klabunde, Cardiovascular Pharmacology Concepts: The Phamacologic Treatment of Systemic Hypertension- Antihypertensive Drugs; cvpharmacology.com/antih ypertensive/antihypertensiv e.htm. | | | | 403 (confusion and cumulative) 801(c) and 802 | 403, no basis for exclusion non-hearsay use (801); 803(18) | | Item |
| TX122 | Klabunde, Cardiovascular Pharmacology Concepts: The Phamacologic Treatment of Cardiac Arrythmias; www.cvpharmacology.com/ clinical%20topics/arrhythmi as-2.htm. | | | | 403 (confusion and cumulative) 801(c) and 802 | 403, no basis for exclusion non-hearsay use (801); 803(18) | | Item |
| TX123 | Klabunde, Cardiovascular Pharmacology Concepts: The Pharmalogic Treatment of Hypotension; www.cvpharmacology.com/ clinical%20topics/hypotens ion.htm. | | | | 403 (confusion and cumulative) 801(c) and 802 | 403, no basis for exclusion non-hearsay use (801); 803(18) | | Item |
| TX124 | Klabunde, Cardiovascular Pharmacology Concepts; Nitrodilators; www.cvpharmacology.com/ vasodilator/nitro.htm. | | | | 403 (confusion and cumulative) 801(c) and 802 | 403, no basis for exclusion non-hearsay use (801); 803(18) | | Item |
| TX125 | Klabunde, Cardiovascular Physiology Concepts: Hypertension - Introduction; www.cvphysiology.com/Blo od%20Pressure/BP001.ht m. | | | | 403 (confusion and cumulative) 801(c) and 802 | 403, no basis for exclusion non-hearsay use (801); 803(18) | | Item |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX126 | Trams et al., A Proposal for the Role of Ecto-enzymes and Adenylates in Traumatic Shock, 87 J. Theor. Biol. 609 (1980). | | | | **Item:**<br>402<br>801(c) and 802<br>Not previously produced<br><br>**King:**<br>402<br>801(c) and 802<br>Not previously produced | **Item:**<br>402<br>non-hearsay use (801); 803(16); 803(18)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX127 | Rubinfeld, Reference Guide on Multiple Regression. | | SIC012053 | SIC012105 | **Item:**<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>non-hearsay use (801); 803(18) | | Item/King |
| TX128 | Johnston et al., Hemodynamic Responses and Adverse Effects Associated With Adenosine and Dipyridamole Pharmacologic Stress Testing: A Comparison in 2000 Patients, 70 Mayo Clinical Proc. 331 (1995). | | AST00044490 | AST00044495 | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>non-hearsay use (801); 803(18) | | Item/King |
| TX129 | Taillefer et al., Thallium-201 Myocardial Imaging During Pharmacologic Coronary Vasodilation: Comparison of Oral and Intravenous Administration of Dipyridamole, 8 J. Am. Coll. Cardiol. 76 (1986). | | | | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(16); 803(18)<br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX130 | Picano et al., Safety of Intravenous High-Dose Dipyridamole Echocardiography, 70 Am. J. Cardiol. 252 (1992). | | | | Item:<br>402<br>801(c) and 802<br><br>King:<br>801(c) and 802 | Item:<br>402<br>non-hearsay use (801); 803(18)<br><br>King:<br>non-hearsay use (801); 803(18) | | Item/King |
| TX131 | Silver, Regulation of Contractile Activity in Vascular Smooth Muscle by Protein Kinases, 5 Rev. Clinical Basic Pharmacol. 341 (1985). | | | | 402<br>801(c) and 802<br>Not previously produced | 402<br>non-hearsay use (801); 803(18); 803(16) | | Item |
| TX132 | Owall et al., Clinical Experience with Adenosine for Controlled Hypotension During Cerebral Aneurysm Surgery, 66 Anesthesia and Analgesia 229 (1987). | Wackers418 | | | Item:<br>402<br>801(c) and 802<br><br>King:<br>801(c) and 802 | Item:<br>402<br>non-hearsay use (801); 803(18)<br><br>King:<br>non-hearsay use (801); 803(18) | | Item/King |
| TX133 | Gould et al., Thallium-201 Myocardial Imaging During Coronary Vasodilation Induced by Oral Dipyridamole, 27 J. Nuclear Medicine 31 (1986). | | | | 801(c) and 802 | non-hearsay use (801); 803(18); 803(16) | | King |
| TX134 | Gould et al., Physiologic Basis for Assessing Critical Coronary Stenosis: Instantaneous Flow Response and Regional Distribution During Coronary Hyperemia as Measures of Coronary Flow Reserve, 33 Am. J. Cardiol. 87 (1974). | PDX198 | | | 801(c) and 802 | non-hearsay use (801); 803(18); 803(16) | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX135 | Zaret and Wackers, Established and Developing Nuclear Cardiology Techniques, Part 1, 60 Modern Concepts of Cardiovascular Disease 37 (1991). | | | | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>non-hearsay use (801); 803(18) | | Item/King |
| TX136 | Ogilby et al., Effect of Intravenous Adenosine Infusion on Myocardial Perfusion and Function, 86 Circulation 887 (1992). | PDX209 | | | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>non-hearsay use (801); 803(18) | | Item/King |
| TX137 | Wackers, Chapter 25: Myocardial Perfusion Imaging, in Diagnostic Nuclear Medicine (3d ed.) (1996). | | | | **Item:**<br>402<br>801(c) and 802<br>Illegible (at least in part)<br>Not previously produced<br><br>**King:**<br>801(c) and 802<br>Illegible (at least in part) | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br><br>**King:**<br>non-hearsay use (801); 803(18) | | Item/King |
| TX138 | Wackers, Chapter 15: Myocardial Perfusion Imaging, in Diagnostic Nuclear Medicine (4th ed.) (2003). | | | | **Item:**<br>402<br>801(c) and 802<br>Illegible (at least in part)<br>Not previously produced<br><br>**King:**<br>801(c) and 802<br>Illegible (at least in part) | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br><br>**King:**<br>non-hearsay use (801); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX139 | Fujisawa Annual Report 2004. | | AST0213777 | AST0213838 | Item:<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part)<br><br>King:<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part) | Item:<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion<br><br><br>King:<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion | | Item/King |
| TX140 | Wackers et al., Detection of Silent Myocardial Ischemia in Asymptomatic Diabetic Subjects, 27 Diabetes Care 1954 (2004). | | | | Item:<br>402<br>801(c) and 802<br>Not previously produced<br><br>King:<br>402<br>801(c) and 802<br>Not previously produced | Item:<br>402<br>non-hearsay use (801); 803(18)<br><br>King:<br>402<br>non-hearsay use (801); 803(18) | | Item/King |
| TX141 | Dranove et al., Determinants of HMO Formulary Adoption Decisions (08/09/2003). | | | | Item:<br>402<br>801(c) and 802<br>Lack of foundation<br><br>King:<br>402<br>801(c) and 802<br>Lack of foundation | Item:<br>402<br>non-hearsay use (801); 803(18)<br>901(a)<br><br>King:<br>402<br>non-hearsay use (801); 803(18)<br>901(a) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX142 | General Method of Data Collection and Data Values and Definitions from http://www.ims-global.com/insight/world_in_brief/0010/data_values.htm (last viewed 07/19/2006). | | | | **Item:**<br>402<br>801(c) and 802<br>Not previously produced<br><br>**King:**<br>402<br>801(c) and 802<br>Not previously produced | **Item:**<br>402<br>106; non-hearsay use (801); 803(18)<br><br><br>**King:**<br>402<br>106; non-hearsay use (801); 803(18) | | Item/King |
| TX144 | Johnston, Chapter 8: Autocorrelation, in Econometric Methods (2d ed.) (1972). | | | | **Item:**<br>402<br>801(c) and 802<br>Not previously produced<br><br>**King:**<br>402<br>801(c) and 802<br>Not previously produced | **Item:**<br>402<br>non-hearsay use (801); 803(18); 803(16)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(18); 803(16) | | Item/King |
| TX145 | Greene, Chapter 12: Serial Correlation, in Econometric Analysis (5th ed.) (2003). | | | | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>402<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(18) | | Item/King |
| TX146 | Iverson, A personal view of APL, 30 IBM Systems Journal (1991) from http://elliscave.com/APL_J/IversonAPL.htm (last viewed 06/29/2006). | | | | **Item:**<br>402<br>801(c) and 802<br>Lack of foundation<br><br>**King:**<br>402<br>801(c) and 802<br>Lack of foundation | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br>901(a)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(18)<br>901(a) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX147 | Klabunde, Cardiovascular Physiology Concepts: Force-Velocity Relationship; www.cvphysiology.com/Cardiac%20Function/CF006.htm. | | | | 403 (cumulative) 801(c) and 802 | 403, no basis for exclusion non-hearsay use (801); 803(18) | | Item |
| TX148 | Klabunde, Cardiovascular Physiology Concepts: Ventricular Compliance; www.cvphysiology.com/Cardiac%20Function/CF014.htm. | | | | 403 (cumulative) 801(c) and 802 | 403, no basis for exclusion non-hearsay use (801); 803(18) | | Item |
| TX149 | Klabunde, Cardiovascular Physiology Concepts: Vascular Compliance; www.cvphysiology.com/Blood%20Pressure/BP004.htm. | | | | 403 (cumulative) 801(c) and 802 | 403, no basis for exclusion non-hearsay use (801); 803(18) | | Item |
| TX150 | Lehninger, Chapter 26: Biosythesis of Nucleotides, in Biochemistry (2d ed.) (1975). | | | | 403 (cumulative) 801(c) and 802 Not previously produced | 403, no basis for exclusion non-hearsay use (801); 803(16); 803(18) | | Item |
| TX151 | Burnstock, A Basis for Distinguishing Two Types of Purinergic Receptor, in Cell Membrane Receptors for Drugs and Hormones: A Multidisciplinary Approach (1978). | | | | 403 (cumulative) 801(c) and 802 Not previously produced | 403, no basis for exclusion non-hearsay use (801); 803(16); 803(18) | | Item |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX152 | Burnstock and Buckley, Chapter 11: The Classification of Receptors for Adenosine and Adenine Nucleotides, in Methods in Pharmacology, Vol. 6 (1985). | | | | 403 (cumulative)<br>801(c) and 802<br>Not previously produced | 403, no basis for exclusion non-hearsay use (801); 803(16); 803(18) | | Item |
| TX153 | Lehninger, Chapter 15: Bioenergetic Principles and the ATP Cycle, in Biochemistry (2d ed.) (1975). | | | | 403 (cumulative)<br>801(c) and 802<br>Hearsay as to handwriting<br>Not previously produced | 403, no basis for exclusion non-hearsay use (801); 803(16); 803(18) | | Item |
| TX154 | Chart abstracted from The Myocardial Perfusion Study Monthly Monitor (2004). | | AST0185477 | AST0185482 | **Item:**<br>106 (incomplete)<br>403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part)<br>Improper compilation<br>Lack of foundation<br><br>**King:**<br>106 (incomplete)<br>403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part)<br>Improper compilation<br>Lack of foundation | **Item:**<br>106, no basis for exclusion<br>403, no basis for exclusion<br>803(6); 803(17)<br><br>1006, no basis for exclusion<br>901(a)<br><br>**King:**<br>106, no basis for exclusion<br>403, no basis for exclusion<br>803(6); 803(17)<br><br>1006, no basis for exclusion<br>901(a) | | Item/King |
| TX155 | Lette et al., Safety of dipyridamole testing in 73,806 patients: The Multicenter Dipyridamole Safety Study, 2 J. Nuclear Cardiol. 3 (1995). | | | | **Item:**<br>402<br>801(c) and 802<br>Not previously produced<br><br>**King:**<br>403 (cumulative)<br>801(c) and 802<br>Not previously produced | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX157 | Homma et al., Usefulness of Oral Dipyridamole Suspension for Stress Thallium Imaging Without Exercise in the Detection of Coronary Artery Disease, 57 Am. J. Cardiol. 503 (1986). | | | | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(16); 803(18)<br><br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX158 | Berndt et al., Information, Marketing, and Pricing in the U.S. Antiulcer Drug Market, 85 Am. Econ. Rev. 100 (1995). | | | | **Item:**<br>402<br>801(c) and 802<br>Not previously produced<br><br>**King:**<br>402<br>801(c) and 802<br>Not previously produced | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br><br>**King:**<br>402<br>non-hearsay use (801); 803(18) | | Item/King |
| TX160 | Reekie, Price and Quality Competition in the United States Drug Industry, 26 J. Industr. Econ. 223 (1978) from http://www.jstor.org (last viewed 07/01/2006). | | | | **Item:**<br>402<br>801(c) and 802<br><br>Not previously produced<br>**King:**<br>402<br>801(c) and 802<br><br>Not previously produced | **Item:**<br>402<br>non-hearsay use (801); 803(16); 803(18)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX161 | American Society of Hospital Pharmacists Guidelines on Formulary System Management, 49 Am J. Hosp. Pharm. 113 (1992). | | | | **Item:**<br>402<br>801(c) and 802<br>Not previously produced<br><br>**King:**<br>402<br>801(c) and 802<br>Not previously produced | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br><br>**King:**<br>402<br>non-hearsay use (801); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX162 | Lu and Comanor, Strategic Pricing of New Pharmaceuticals, 80 Rev. Econ. Stat. 108 (1998) from http://www.jstor.org (last viewed 06/14/2006). | | | | **Item:**<br>402<br>801(c) and 802<br>Not previously produced<br><br>**King:**<br>402<br>801(c) and 802<br>Not previously produced | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(18) | | Item/King |
| TX163 | Hurwitz and Caves, Persuasion or Information? Promotion and the Shares of Brand Name and Generic Pharmaceuticals, 31 J. Law Econ. 299 (1988), from http://www.jstor.org (last viewed 08/25/2005). | | SIC011904 | SIC011926 | **Item:**<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>non-hearsay use (801); 803(18) | | Item/King |
| TX164 | Rardon et al., Adenosine and Prostacyclin Independent Electrophysiological Effects of Dipyridamole in Guinea-Pig Papillary Muscles and Canine Cardiac Purkinje Fibers, 231 J. Pharmacol. & Experimental Therapeutics 206 (1984). | | | | 402<br>801(c) and 802<br><br>Not previously produced | 402<br>non-hearsay use (801); 803(16); 803(18) | | Item |
| TX165 | Gordon, Review Article: Extracellular ATP: effects, sources and fate, 233 Biochem. J. 309 (1986). | | | | 801(c) and 802<br><br>Not previously produced | non-hearsay use (801); 803(16); 803(18) | | Item |
| TX166 | Su, Extracellular Functions of Nucleotides in Heart and Blood Vessels, 47 Ann. Rev. Physiol. 665 (1985). | | | | 801(c) and 802<br><br>Not previously produced | non-hearsay use (801); 803(16); 803(18) | | Item |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX167 | Wackers et al., Value and Limitations of Thallium-201 Scintigraphy in the Acute Phase of Myocardial Infarction, 295 N. Engl. J. Medicine 1 (1976). | | | | 801(c) and 802<br>Illegible (at least in part)<br>Not previously produced | non-hearsay use (801); 803(16); 803(18) | | King |
| TX168 | Stratmann and Kennedy , Evaluation of coronary artery disease in the patient unable to excercise: Alternatives to excercise stress testing, 117 Am. Heart J. 1344 (1989). | | | | 402<br>801(c) and 802<br>Illegible (at least in part) | 402<br>non-hearsay use (801); 803(18) | | King |
| TX169 | Spiegler, Myocardial Uptake and Clearance of Tl-201 in Healthy Subjects: Comparison of Adenosine-induced Hyperemia and Exercise Stress, 175 Radiology 877 (1990). | | | | Item:<br>402<br>801(c) and 802<br>Not previously produced<br><br>King:<br>402<br>801(c) and 802 | Item:<br>402<br>non-hearsay use (801); 803(18)<br><br>King:<br>402<br>non-hearsay use (801); 803(18) | | Item/King |
| TX170 | Wackers, Clinical Assessment of Myocardial Perfusion with Thallium-201, in Evaluation of Myocardial Perfusion in Man, 60-78 (1989). | | | | 402<br>801(c) and 802<br>Illegible (at least in part) | 402<br>non-hearsay use (801); 803(18) | | King |
| TX171 | Wackers, Chapter 21: Myocardial Perfusion Imaging, in 1 Diagnostic Nuclear Medicine (2d ed.) (1988). | | | | 403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part) | 403, no basis for exclusion<br>non-hearsay use (801); 803(18) | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX172 | Wackers et al., Current Status of Radionuclide Imaging in the Management and Evaluation of patients with cardiovascular Disease, 27 Adv. Cardiol. 40 (1980). | | | | 801(c) and 802 Illegible (at least in part) | non-hearsay use (801); 803(16); 803(18) | | King |
| TX173 | Boucher et al., Determination of Cadiac Risk By Dipyridamole-Thallium Imaging Before Peripheral Vascular Surgery, 312 N. Engl. J. Medicine 389 (1985). | | | | **Item:** 402 801(c) and 802 <br><br> Illegible (at least in part) Not previously produced **King:** 801(c) and 802 <br><br> Illegible (at least in part) | **Item:** 402 non-hearsay use (801); 803(16); 803(18) <br><br> **King:** non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX174 | Munoz et al., Cardiac Electro-Pharmacology and Therapeutic Use of Adenosine and Adenosine Triphosphate, in Basic and Clinical Aspects, 255-267 (1987). | | AST009535 | AST009541 | 403 (cumulative) 801(c) and 802 | 403, no basis for exclusion non-hearsay use (801); 803(18) | | King |
| TX176 | Somani, Coronary Vasodilator Properties of Ethyl Adenosine 5-Carboxylate Hydrochloride (Abbott-40557), in 7 Biochemistry and Pharmacology of Myocardial Hypertrophy, Hypoxia, and Infarction (1976). | PDX 194 | | | **Item:** 402 801(c) and 802 Not previously produced **King:** 801(c) and 802 | **Item:** 402 non-hearsay use (801); 803(16); 803(18) <br><br> **King:** non-hearsay use (801); 803(16); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX177 | Wackers and Zaret, Editorial: Risk Stratification Soon After Acute Infarction, 100 Circulation 2040 (1999). | | | | **Item:** 402 801(c) and 802 Not previously produced **King:** 402 801(c) and 802 Not previously produced | **Item:** 402 non-hearsay use (801); 803(18) **King:** 402 non-hearsay use (801); 803(18) | | Item/King |
| TX178 | Expert Report of B. Zaret, dated 06/09/2006. | | | | 403 (cumulative) 801(c) and 802 | 403, no basis for exclusion non-hearsay use (801) | | Item |
| TX179 | Cabin, Chapter 1: The Heart and Circulation, in Yale University School of Medicine Heart Book (1992). | | | | 403 (cumulative) 801(c) and 802 Not previously produced | 403, no basis for exclusion non-hearsay use (801); 803(18) | | Item |
| TX180 | Smith and Braunwald, Chapter 16: The Management of Heart Failure, in 1 Heart Disease: A Textbook of Cardiovascular Medicine (2d ed.) (1984). | | | | 403 (cumulative) 801(c) and 802 Not previously produced | 403, no basis for exclusion non-hearsay use (801); 803(16); 803(18) | | Item |
| TX181 | Iskandrian et al., Effect of Exercise Level on Ability of Thallium-201 Tomographic Imaging in Detecting Coronary Artery Disease: Analysis of 461 Patients, 14 J. Am. Coll. Cardiol. 1477 (1989). | | | | **Item:** 402 801(c) and 802 Illegible (at least in part) Not previously produced **King:** 402 801(c) and 802 Illegible (at least in part) Not previously produced | **Item:** 402 non-hearsay use (801); 803(18) **King:** 402 non-hearsay use (801); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX182 | Taillefer et al., Comparison between dipyridamole and adenosine as pharmacologic coronary vasodilators in detection of coronary artery disease with thallium 201 imaging, 3 J. Nuclear Cardiol. 204 (1996). | DDX303 | AST0084373 | AST0084380 | **Item:** 801(c) and 802 Illegible (at least in part)<br><br>**King:** 801(c) and 802 Illegible (at least in part) | **Item:** non-hearsay use (801); 803(18)<br><br>**King:** non-hearsay use (801); 803(18) | | Item/King |
| TX183 | Mahmarian, Thallium-201 Scintigraphy after Maximal Pharmacological Coronary Vasodilation with Adenosine, 30 J. Nuclear Medicine 760, No. 129 (1989). | | | | 402 801(c) and 802 | 402 non-hearsay use (801); 803(18) | | King |
| TX184 | Wackers and Zaret, Using thallium-201 imaging to find the cause of chest pain, 6 J. Cardiovascular Medicine 971 (1981). | | | | **Item:** 402 801(c) and 802<br><br>Illegible (at least in part) Not previously produced **King:** 801(c) and 802<br><br>Illegible (at least in part) | **Item:** 402 non-hearsay use (801); 803(16); 803(18)<br><br>**King:** non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX185 | Staudacher, Adenosine Thallium-201 Scintigraphy: Feasibility, Safety and Initial Results in Man, 13 J. Am. Coll. Cardiol. 161A (1989). | | | | 402 801(c) and 802 | 402 non-hearsay use (801); 803(18) | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX186 | Wackers, Editorial: Pharmacologic Stress with Dipyridamole: How Lazy Can One Be? 31 J. Nuclear Medicine 1024 (1990). | | | | 402<br>403 (cumulative)<br>801(c) and 802 | 402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18) | | King |
| TX187 | Jezer et al., The Effect of Adenosine on Cardiac Irregularities in Man, 9 Am. Heart J. 252 (1933-1934). | | | | **Item:**<br>801(c) and 802<br><br>Illegible (at least in part)<br>Not previously produced<br>**King:**<br>801(c) and 802<br><br>Illegible (at least in part)<br>Not previously produced | **Item:**<br>non-hearsay use (801); 803(16); 803(18)<br><br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX188 | Yamamoto et al., Complex Effects of Inhibitors on Cyclic GMP-stimulated Cyclic Nucleotide Phosphodiesterase, 258 J. Biol. Chem. 14173 (1983). | | | | 402<br>801(c) and 802<br><br>Not previously produced | 402<br>non-hearsay use (801); 803(16); 803(18) | | Item |
| TX189 | Abbott and Wackers, The Role of Radionuclide Imaging in the Triage of Patients with Chest Pain in the Emergency Department,  19 Revista Portugue de Cardiologia: Recent Advances in Nuclear Cardiology I-53 (2000). | | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(18) | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX190 | Kern, Part VI Atherosclerotic Cardiovascular Disease, Chapter 44: Coronary Blood Flow and Myocardial Ischemia, in 2 Braunwald's Heart Disease: A Textbook of Cardiovascular Medicine (7th ed.) (2005). | | | | **Item:** 402 801(c) and 802 Not previously produced  **King:** 402 801(c) and 802 Not previously produced | **Item:** 402 non-hearsay use (801); 803(18)  **King:** 402 non-hearsay use (801); 803(18) | | Item/King |
| TX195 | Wackers,  Editorial Comment: Adenosine or Dipyridamole: Which is Preferred for Myocardial Perfusion Imaging, 17 J. Am. Coll. Cardiol. 1295 (1991). | | | | 402 403 (cumulative) 801(c) and 802 | 402 403, no basis for exclusion non-hearsay use (801); 803(18) | | King |
| TX196 | Roth et al., A randomized comparison between the hemodynamic effects of hydralazine and nitroglycerin alone and in combination at rest and during isometric exercise in patients with chronic mitral regurgitation, 125 Am. Heart J. 155 (1993). | | | | **Item:** 402 801(c) and 802  **King:** 402 801(c) and 802 | **Item:** 402 non-hearsay use (801); 803(18)  **King:** 402 non-hearsay use (801); 803(18) | | Item/King |
| TX197 | Moncada and Vane, The role of prostacyclin in vascular tissue, 38 Federation Proceedings 66 (1979). | | | | 402 801(c) and 802 | 402 non-hearsay use (801); 803(16); 803(18) | | Item |
| TX198 | Burnstock and Kennedy, Is there a Basis for Distinguishing Two Types of P2-Purinoreceptor, 16 Gen. Pharmac. 433 (1985). | | | | 402 801(c) and 802 | 402 non-hearsay use (801); 803(16); 803(18) | | Item |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX199 | Moir and Downs, Myocardial reactive hyperemia: comparative effects of adenosine, ATP, ADP, and AMP, 222 Am. J. Physiol. (1972). | PDX197 | | | **Item:** 801(c) and 802<br><br>**King:** 402 801(c) and 802 Not previously produced | **Item:** non-hearsay use (801); 803(16); 803(18)<br><br>**King:** 402 non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX200 | Excerpt including graphics from Zaret et al., Yale University School of Medicine Heart Book (1992). | | | | No objection | | | Item/King |
| TX201 | Miller et al., Differential Systemic Arterial and Venous Actions and Consequent Cardiac Effects of Vasodilator Drugs, 24 Progress in Cardiovascular Diseases 353 (1982). | | | | 801(c) and 802 Not previously produced | non-hearsay use (801); 803(16); 803(18) | | Item |
| TX202 | Opie, Chapter 19: Mechanisms of Cardiac Contraction and Relaxation, in 1 Braunwald's Heart Disease: A Textbook of Cardiovascular Medicine (7th ed.) (2005). | | | | **Item:** 402 403 (cumulative) 801(c) and 802 Not previously produced<br><br>**King:** 402 403 (cumulative) 801(c) and 802 Not previously produced | **Item:** 402 403, no basis for exclusion non-hearsay use (801); 803(18)<br><br>**King:** 402 403, no basis for exclusion non-hearsay use (801); 803(18) | | Item/King |
| TX203 | Smith and Mills, Inhibition of Adenosine 3':5'- Cyclic Monphosphate Phosphodiesterase, 120 Biochem. J. 20P (1970). | | | | 403 (cumulative) 801(c) and 802 Not previously produced | 403, no basis for exclusion non-hearsay use (801); 803(16); 803(18) | | Item |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX204 | Bristow et al., Chapter 23: Drugs in the Treatment of Heart Failure, in 1 Braunwald's Heart Disease: A Textbook of Cardiovascular Medicine (7th ed.) (2005). | | | | **Item:** 402 403 (cumulative) 801(c) and 802 Not previously produced **King:** 402 403 (cumulative) 801(c) and 802 Not previously produced | **Item:** 402 403, no basis for exclusion non-hearsay use (801); 803(18) **King:** 402 403, no basis for exclusion non-hearsay use (801); 803(18) | | Item/King |
| TX205 | Kaplan, Chapter 27: Systemic Hypertension: Therapy, in 1 Heart Disease (2d ed.) (1984). | | | | 403 (cumulative) 801(c) and 802 Not previously produced | 403, no basis for exclusion non-hearsay use (801); 803(16); 803(18) | | Item |
| TX206 | Zaret and Wackers, Medical Progress: Nuclear Cardiology (First of Two Parts), 329 N. Engl. J. Medicine 775 (1993). | | | | 402 801(c) and 802 | 402 non-hearsay use (801); 803(18) | | King |
| TX207 | Udelson et al., Chapter 13: Nuclear Cardiology, in 1 Braunwald's Heart Disease: A Textbook of Cardiovascular Medicine (7th ed.) (2005). | | | | **Item:** 402 403 (cumulative) 801(c) and 802 Illegible (at least in part) Not previously produced **King:** 402 403 (cumulative) 801(c) and 802 Illegible (at least in part) Not previously produced | **Item:** 402 403, no basis for exclusion non-hearsay use (801); 803(18) **King:** 402 403, no basis for exclusion non-hearsay use (801); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX208 | Grossman and Braunwald, Chapter 24: High-Cardiac Output States, in Heart Disease: A Textbook of Cardiovascular Medicine (2d ed.) (1984). | | | | 403 (cumulative)<br>801(c) and 802<br>Not previously produced | 403, no basis for exclusion non-hearsay use (801); 803(16); 803(18) | | Item |
| TX209 | Kaplan, Chapter 38: Systemic Hypertension Therapy, in 1 Braunwald's Heart Disease: A Textbook of Cardiovascular Medicine (7th ed.) (2005). | | | | **Item:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>Not previously produced<br><br>**King:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>Not previously produced | **Item:**<br>402<br>403, no basis for exclusion non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>403, no basis for exclusion non-hearsay use (801); 803(18) | | Item/King |
| TX211 | Vasodilators, excerpt from 1 Heart Disease: A Textbook of Cardiovascular Medicine (2d ed.) (1984). | | | | 402<br>801(c) and 802<br><br>Not previously produced | 402<br>non-hearsay use (801); 803(16); 803(18) | | Item |
| TX212 | Carroll and Hess, Chapter 20: Assessment of Normal and Abnormal Cardiac Function, in 1 Braunwald's Heart Disease: A Textbook of Cardiovascular Medicine (7th ed.) (2005). | | | | **Item:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part)<br>Not previously produced<br><br>**King:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part)<br>Not previously produced | **Item:**<br>402<br>403, no basis for exclusion non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>403, no basis for exclusion non-hearsay use (801); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX213 | Klabunde, Cardiovascular Physiology Concepts: Frank-Starling Mechanism; www.cvphysiology.com/Cardiac%20Function/CF003.htm. | | | | **Item:**<br>403 (cumulative)<br>801(c) and 802<br><br>**King:**<br>402<br>801(c) and 802<br>Not previously produced | **Item:**<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(18) | | Item/King |
| TX214 | Maguire et al., 2-Alkylthioadenosines, Specific Coronary Vasodilators, 14 J. Medicinal Chem. 415 (1971). | PDX195 | | | **Item:**<br>403 (cumulative)<br>801(c) and 802<br>Not previously produced<br><br>**King:**<br>403 (cumulative)<br>801(c) and 802<br>Not previously produced | **Item:**<br>403, no basis for exclusion<br>non-hearsay use (801); 803(16); 803(18)<br><br>**King:**<br>403, no basis for exclusion<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX215 | Marcus, Chapter 8: Humoral Control of the Coronay Circulation, in The Coronary Circulation in Health and Disease (1983). | | | | **Item:**<br>403 (cumulative)<br>801(c) and 802<br><br>Not previously produced<br>**King:**<br>402<br>403 (cumulative)<br>801(c) and 802 | **Item:**<br>403, no basis for exclusion<br>non-hearsay use (801); 803(16); 803(18)<br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX216 | Study C-1: Item 11: Case Report Tabulations. | | AST0004317 | AST0004366 | 403 (cumulative)<br>403 (duplicative (TX72))<br>801(c) and 802<br>Lack of foundation | 403, no basis for exclusion<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>901(a) | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX217 | Marcus, Chapter 22: Pharmacologic Agents, in The Coronary Circulation in Health and Disease (1983). | | | | **Item:**<br>402<br>403 (cumulative)<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(16); 803(18)<br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX218 | Nussbacher et al., Mechanism of Adenosine-Induced Elevation of Pulmonary Capillary Wedge Pressure in Humans, 92 Circulation 371 (1995). | | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(18) | | Item |
| TX219 | Sollevi et al., Theophylline antagonizes cardiovascular responses to dipyridamole in man without affecting increases in plasma adenosine, 121 Acta Physiologica Scandinavica 165 (1984). | | | | 801(c) and 802<br>Illegible (at least in part) | non-hearsay use (801); 803(16); 803(18) | | King |
| TX220 | Conradson et al., Cardiovascular effects of infused adenosine in man: potentiation by dipyridamole, 129 Acta Physiologica Scandinavica 387 (1987). | PDX207 | | | 801(c) and 802<br><br>Illegible (at least in part) | non-hearsay use (801); 803(18) | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX221 | Wilde et al., Thallium Myocardial Imaging: Recent Experience Using a Coronary Vasodilator, 33 Clinical Radiology 43 (1982). | | | | Item:<br>402<br>801(c) and 802<br><br>King:<br>403 (cumulative)<br>801(c) and 802 | Item:<br>402<br>non-hearsay use (801); 803(16); 803(18)<br><br>King:<br>403, no basis for exclusion<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX222 | Changing Perceptions: Women and CAD, Brochure for program at Hyatt Regency Miami at Miami Convention Center on May 26, 2004. | | AST0053045 | AST0053047 | Item:<br>403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part)<br><br>King:<br>403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part) | Item:<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br><br>King:<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6) | | Item/King |
| TX223 | Assessing CAD in Women: Brochure for education programs. | | AST0052971 | AST0052972 | Item:<br>403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part)<br><br>King:<br>403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part) | Item:<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br><br>King:<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6) | | Item/King |
| TX224 | Risk Stratification of Patients with Ischemic Heart Disease: The use of Myocardial Perfusion Imaging (Jan. 2001). | | AST0094010 | AST0094103 | Item:<br>403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part)<br><br>King:<br>403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part) | Item:<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br><br>King:<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX225 | Hill et al., Chater 16: Time-Series Analysis, in Undergraduate Econometrics (1997). | | | | **Item:**<br>403 (waste of time)<br>801(c) and 802<br><br>**King:**<br>403 (waste of time)<br>801(c) and 802 | **Item:**<br>403, no basis for exclusion non-hearsay use (801); 803(18)<br><br>**King:**<br>403, no basis for exclusion non-hearsay use (801); 803(18) | | Item/King |
| TX226 | Biaggioni et al., Cardiovascular and Respiratory Effects of Adenosine in Conscious Man: Evidence for Chemoreceptor Activation, 61 Circulation Research 779 (1987). | | | | 801(c) and 802<br>Illegible (at least in part) | non-hearsay use (801); 803(18) | | King |
| TX227 | Sanchez, Pharmacoeconomics and Formulary Decision Making, 9 PharmacoEconomics (Suppl. 1) 16 (1996). | | | | **Item:**<br>402<br>403 (waste of time)<br>801(c) and 802<br><br>**King:**<br>402<br>403 (waste of time)<br>801(c) and 802 | **Item:**<br>402<br>403, no basis for exclusion non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>403, no basis for exclusion non-hearsay use (801); 803(18) | | Item/King |
| TX228 | Berne, The Role of Adenosine in the Regulation of Coronary Blood Flow, 47 Circulation Research 807 (1980). | DDX380 PDX170 | | | **Item:**<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>non-hearsay use (801); 803(16); 803(18)<br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX229 | Iskandrian et al., Curriculum in Cardiology: Dipyridamole cardiac imaging, 115 Am. Heart J. 432 (1988). | PDX196 | | | **Item:**<br>402<br>801(c) and 802<br>Illegible (at least in part)<br><br>**King:**<br>801(c) and 802<br>Illegible (at least in part) | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>non-hearsay use (801); 803(18) | | Item/King |
| TX230 | Strauss and Pitt, Noninvasive Detection of Subcritical Coronary Arterial Narrowings With a Coronary Vasodilator and Myocardial Perfusion Imaging, 39 Am. J. Cardiol. 403 (1977). | PDX151 | | | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(16); 803(18)<br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX231 | Wackers, Adenosine-Thallium Imaging: Faster and Better?, 16 J. Am. Coll. Cardiol. 1384 (1990). | | | | 402<br>403 (cumulative)<br>801(c) and 802 | 402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18) | | King |
| TX232 | Strauss and Pitt, Chapter 13: Clinical application of myocardial imaging with thallium, in Cardiovascular nuclear medicine (2d ed.) (1979). | PDX152 | SIC012110 | SIC012121 | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(16); 803(18)<br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX233 | Hamilton et al., Myocardial Imaging with Thallium-201: Effect of Cardiac Drugs on Myocardial Images and Absolute Tissue Distribution, 19 J. Nuclear Medicine 10 (1978). | | SIC011618 | SIC011624 | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(16); 803(18)<br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX234 | Lebowitz et al., Thallium-201 for Medical Use. I, 16 J. Nuclear Medicine 151 (1975). | | SIC011612 | SIC011617 | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(16); 803(18)<br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX236 | Lagerkranser et al., Central and Splanchnic Hemodynamics in the Dog during Controlled Hypotension with Adenosine, 60 Anesthesiology 547 (1984). | | | | 801(c) and 802 | non-hearsay use (801); 803(16); 803(18) | | King |
| TX237 | Rosenthal et al., Demand Effects of Recent Changes in Prescription Drug Promotion, Kaiser Family Foundation (June 2003) | | SIC011967 | SIC012002 | **Item:**<br>801(c) and 802<br><br><br><br>**King:**<br>801(c) and 802 | **Item:**<br>non-hearsay use (801); 803(18)<br><br><br><br>**King:**<br>non-hearsay use (801); 803(18) | | Item/King |
| TX238 | Zaret et al., Noninvasive Regional Myocardial Perfusion with Radioactive Potassium, 288 N. Engl. J. Medicine 809 (1973). | | | | **Item:**<br>402<br>801(c) and 802<br><br>Illegible (at least in part)<br>**King:**<br>403 (cumulative)<br>801(c) and 802<br><br>Illegible (at least in part) | **Item:**<br>402<br>non-hearsay use (801); 803(16); 803(18)<br><br><br>**King:**<br>403, no basis for exclusion<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX239 | Communication from Allied Attorneys Chemical AB to EPO, dated 06/04/1996. | PDX149 | SIC010937 | SIC010951 | 801(c) and 802 | non-hearsay use (801); 803(6) | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX240 | Verani and Mahmarian, Chapter 48: Myocardial Imaging During Adenosine Infusion, in Adenosine and Adenine Nucleotides: From Molecular Biology to Integrative Physiology (1995). | Wackers417 | | | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>402<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(18) | | Item/King |
| TX241 | Gould, Pharmacologic Intervention as an Alternative to Exercise Stress, 17 Seminars in Nuclear Medicine 121 (1987). | | AST0063942 | AST0063951 | 801(c) and 802 | non-hearsay use (801); 803(18) | | King |
| TX242 | Cerqueira, Pharmacologic stress versus maximal-exercise stress for perfusion imaging: Which, when, and why? 3 J. Nuclear Cardiol. 510 (1996). | | | | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>402<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(18) | | Item/King |
| TX244 | Rossen et al., Comparison of Coronary Vasodilation With Intravenous Dipyridamole And Adenosine, 18 J. Am. Coll. Cardiol. 485 (1991). | DDX310 | | | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>402<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(18) | | Item/King |
| TX245 | Leppo et al., Quantitave Thallium-201 Redistribution with a Fixed Coronay Stenosis in Dogs, 63 Circulation 632 (1981). | PDX199 | | | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(16); 803(18)<br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX246 | Expert Report of H.W. Strauss. | PDX142 Wackers414 | | | **Item:** 403 (cumulative) 801(c) and 802 Rule 26 **King:** 403 (cumulative) 801(c) and 802 | **Item:** 403, no basis for exclusion non-hearsay use (801); 801(d)(2) **King:** 403, no basis for exclusion non-hearsay use (801); 801(d)(2) | | Item/King |
| TX247 | Expert Statement of J. Hay. | | | | **Item:** 403 (cumulative) 801(c) and 802 **King:** 403 (cumulative) 801(c) and 802 Further objections reserved pending Court's consolidation of issue for trial | **Item:** 403, no basis for exclusion non-hearsay use (801) **King:** 403, no basis for exclusion non-hearsay use (801) Further bases reserved pending Court's consolidation of issue for trial | | Item/King |
| TX248 | Expert Statement of J. Hay. | Hay 4 | | | **Item:** 403 (cumulative) 801(c) and 802 Further objections reserved pending Court's consolidation of issue for trial **King:** 403 (cumulative) 801(c) and 802 | **Item:** 403, no basis for exclusion non-hearsay use (801) Further bases reserved pending Court's consolidation of issue for trial **King:** 403, no basis for exclusion non-hearsay use (801) | | Item/King |
| TX249 | Expert Statement of F. Wackers. | Wackers413; Wackers415 | | | 403 (cumulative) 801(c) and 802 Rule 26 | 403, no basis for exclusion non-hearsay use (801) | | King |
| TX250 | Second Expert Statement of B. Zaret. | | | | 403 (cumulative) 801(c) and 802 | 403, no basis for exclusion non-hearsay use (801) | | Item |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX251 | Output from Stata program regarding IMS data. | | | | **Item:**<br>402<br>403 (confusion and waste of time)<br>801(c) and 802<br><br>**King:**<br>402<br>403 (confusion and waste of time)<br>801(c) and 802 | **Item:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay use (801); 803(6); 803(17)<br><br>**King:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay use (801); 803(6); 803(17) | | Item/King |
| TX252 | Ford et al., Age-related changes in adenosine and B-adrenocepter responsiveness of vascular smooth muscle in man, 33 Br. J. of Clinical Pharmacology 83 (1992). | Zaret03 | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(18) | | Item |
| TX253 | Carabello, Chapter 4: Abnormalities in Cardiac Contraction: Systolic Dysfunction, in Congestive Heart Failure: Pathophysiology, Diagnosis, and Comprehensive Approach to Management (2d ed.) (2000). | Zaret05 | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(18) | | Item |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX254 | Owall et al., Effects of Adenosine-Induced Hypotension on Myocardial Hemodynamics and Metabolism during Cerebral Aneurysm Surgery, 67 Anesth. Analg. 228 (1988). | | ID0001706 | ID0001710 | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(18) | | Item |
| TX255 | Masters et al., Platelet Anti-aggregating and Hemodynamic Effects of Adenosine and Prostaglandin E, 30 Thorac. Cardiovasc. Surgeon 14 (1982). | | ID0000626 | ID0000632 | 801(c) and 802 | non-hearsay use (801); 803(16); 803(18) | | Item |
| TX256 | The Best of 1987: One Man's Opinion, 32 Survey of Anesthesiology 385 (1988). | | ID0000609 | ID0000611 | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(18) | | Item |
| TX257 | Marcus et al., Methods of measurement of myocardial blood flow in patients: a critical review, 76 Circulation 245 (1987). | PDX214 | | | **Item:**<br>402<br>801(c) and 802<br>Not previously produced<br><br>**King:**<br>402<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(18) | | Item/King |
| TX258 | Leppo et al., Serial Thallium-201 Myocardial Imaging After Dipyridamole Infusion: Diagnostic Utility in Detecting Coronary Stenoses and Relationship to Regional Wall Motion, 66 Circulation 649 (1982). | PDX200 | | | **Item:**<br>402<br>801(c) and 802<br>Not previously produced<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(16); 803(18)<br><br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX259 | Irshad et al., Trials with an adenosine analogue as antianginal medication, 22 Clinical Pharmacology & Therapeutics 470 (1977). | PDX193 | | | **Item:** 801(c) and 802 Not previously produced  **King:** 801(c) and 802 | **Item:** non-hearsay use (801); 803(16); 803(18)  **King:** non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX260 | Mohiuddin et al., Clinical Utility of Adenosine in Radionuclide Myocardial Imaging. | | AST0009471 | AST0009490 | 106 (incomplete) 801(c) and 802 Improper compilation | 106, no basis for exclusion 803(6) 1006, no basis for exclusion | | King |
| TX261 | Stipulation of Sicor's Infringement of U.S. Patent No. 5,070,877, filed 05/16/2006, entered 05/17/2006. | | | | **Item:** 402 Argumentative  **King:** No objection | **Item:** 402  **King:** | | Item/King |
| TX262 | Defendants' Second Supplemental Preliminary Non-Infringement Contentions Regarding U.S. Patent No. 5,731,296, dated March 31, 2006. | | | | **Item:** 402 Argumentative  **King:** 402 Argumentative | **Item:** 402  **King:** 402 | | Item/King |
| TX263 | Wechsler, Make Way for Managed Care, 12 Pharm. Exec. 16 (1992). | | | | **Item:** 402 801(c) and 802  **King:** 402 801(c) and 802 | **Item:** 402 non-hearsay use (801); 803(18)  **King:** 402 non-hearsay use (801); 803(18) | | Item/King |
| TX264 | Ranhosky et al., The Safety of Intravenous Dipyridamole Thallium Myocardial Perfusion Imaging, 81 Circulation 1205 (1990). | | | | **Item:** 402 801(c) and 802  **King:** 402 801(c) and 802 | **Item:** 402 non-hearsay use (801); 803(18)  **King:** 402 non-hearsay use (801); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX265 | Letter from F. Robicsek to A. Sollevi, dated 01/02/1986. | | ID0002216 | ID0002216 | **Item:**<br>402<br>106 (incomplete)<br>403 (cumulative)<br>801(c) and 802<br><br>**King:**<br>402<br>106 (incomplete)<br>403 (cumulative)<br>801(c) and 802<br>Not previously produced | **Item:**<br>402<br>106, no basis for exclusion<br>403, no basis for exclusion<br>non-hearsay use (801); 803(16); 803(3);<br><br>**King:**<br>402<br>106, no basis for exclusion<br>403, no basis for exclusion<br>non-hearsay use (801); 803(16); 803(3); | | Item/King |
| TX266 | Sollevi, Cardiovascular Effects of Adenosine in Man; Possible Clinical Implications, 27 Progress in Neurobiology 319 (1986). | PDX210; Wackers419 | | | 106 (incomplete)<br>801(c) and 802 | 106, no basis for exclusion<br>non-hearsay use (801); 803(16); 803(18) | | King |
| TX267 | Heptinstall et al., Adenine nucleotide metabolism in human blood - important roles for leukocytes and erythrocytes, 3 J. Thrombosis and Haemostasis 2331 (2005). | | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(18) | | Item |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX268 | Astellas Pharma Inc. Annual Report 2005. | | AST0091618 | AST0091684 | **Item:** 402 403 (cumulative) 801(c) and 802 1006 (voluminous document) Illegible (at least in part) **King:** 402 403 (cumulative) 801(c) and 802 1006 (voluminous document) Illegible (at least in part) | **Item:** 402 403, no basis for exclusion non-hearsay use (801); 803(6) 1006, no basis for exclusion **King:** 402 403, no basis for exclusion non-hearsay use (801); 803(6) 1006, no basis for exclusion | | Item/King |
| TX269 | Berman et al., Adenosine Myocardial Perfusion Single-Photon Emission Computed Tomography in Women Compared With Men, 41 J. Am. Coll. Cardiol. 1125 (2003). | | AST0052865 | AST0052876 | **Item:** 402 801(c) and 802 **King:** 402 801(c) and 802 | **Item:** 402 non-hearsay use (801); 803(18) **King:** 402 non-hearsay use (801); 803(18) | | Item/King |
| TX270 | Letter from I. Martinez to V. Hill, dated 02/21/2005. | | AST0205989 | AST0205992 | **Item:** 801(c) and 802 Lack of foundation **King:** 801(c) and 802 Lack of foundation | **Item:** non-hearsay use (801); 803(6) 901(a) **King:** non-hearsay use (801); 803(6) 901(a) | | Item/King |
| TX271 | Stata Time-Series, Reference Manual, Release 9 (2005). | | | | **Item:** 402 106 (incomplete) 801(c) and 802 Not previously produced **King:** 402 106 (incomplete) 801(c) and 802 Not previously produced | **Item:** 402 106, no basis for exclusion non-hearsay use (801); 803(18) **King:** 402 106, no basis for exclusion non-hearsay use (801); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX272 | Economic Analysis of Federal Regulations Under Executive Order 12866, dated 01/11/1996, from Office of Management and Budget Web site at http://www.whitehouse.gov/omb/inforeg/riaguide.html. | | | | Item: 402 403 (waste of time) 801(c) and 802  King: 402 403 (waste of time) 801(c) and 802 | Item: 402 403, no basis for exclusion 803(8)  King: 402 403, no basis for exclusion 803(8) | | Item/King |
| TX274 | Pharmacy work order, dated 03/03/1983 (with Certified Translation). | | ID0002589 | ID0002591 | Item: 402 801(c) and 802  King: 402 801(c) and 802 | Item: 402 non-hearsay use (801); 803(6); 803(16) King: 402 non-hearsay use (801); 803(6); 803(16) | | Item/King |
| TX275 | Certified Copy of U.S. Patent No. 5,731,296, issued 03/24/1998. | | AST0055552 | AST0055566 | No objection | | | Item/King |
| TX276 | Excerpt of Application to Market a New Drug, Biologic, or an Antibiotic Drug for Human Use to the FDA. | | SIC001446 | SIC001465 | Item: 402 403 (cumulative)  King: 402 403 (cumulative) | Item: 402 403, no basis for exclusion  King: 402 403, no basis for exclusion | | Item/King |
| TX277 | Letter from B. Kong to D. Urani, dated 04/28/2005. | | AST0205959 | AST0205960 | Item: 801(c) and 802  Lack of foundation  King: 801(c) and 802  Lack of foundation | Item: non-hearsay use (801); 803(1); 803(6) 901(a)  King: non-hearsay use (801); 803(1); 803(6) 901(a) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX278 | Letter from D. Hilleman to W. Govier, dated 04/21/1988. | | AST0063880 | AST0063881 | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(6) | | King |
| TX279 | Chart abstracted from The Myocardial Perfusion Study Monthly Monitor. | | AST0185483 | AST0185487 | Item:<br>106 (incomplete)<br>403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part)<br>Improper compilation<br>Lack of foundation<br><br>King:<br>106 (incomplete)<br>403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part)<br>Improper compilation<br>Lack of foundation | Item:<br>106, no basis for exclusion<br>403, no basis for exclusion<br>non-hearsay use (801); 803(17)<br><br>1006, no basis for exclusion<br>901(a)<br><br>King:<br>106, no basis for exclusion<br>403, no basis for exclusion<br>non-hearsay use (801); 803(17)<br><br>1006, no basis for exclusion<br>901(a) | | Item/King |
| TX280 | Defendants' Final Invalidity Contentions Regarding U.S. Patent No. 5,070,877, dated 05/05/2006. | | | | Item:<br>402<br>403 (waste of time)<br>Argumentative<br><br>King:<br>402<br>403 (waste of time)<br>Argumentative | Item:<br>402<br>403, no basis for exclusion<br><br><br>King:<br>402<br>403, no basis for exclusion | | Item/King |
| TX281 | Defendants' Final Non-Infringement Contentions Regarding U.S. Patent No. 5,731,296, dated 05/05/2006. | | | | Item:<br>402<br>403 (waste of time)<br>Argumentative<br><br>King:<br>402<br>403 (waste of time)<br>Argumentative | Item:<br>402<br>403, no basis for exclusion<br><br><br>King:<br>402<br>403, no basis for exclusion | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX282 | Defendants' Final Invalidity Contentions Regarding U.S. Patent No. 5,731,296, dated 05/05/2006. | | | | **Item:** 402 403 (waste of time) Argumentative <br><br> **King:** 402 403 (waste of time) Argumentative | **Item:** 402 403, no basis for exclusion <br><br> **King:** 402 403, no basis for exclusion | | Item/King |
| TX283 | Defendants' Final Non-Infringement Contentions Regarding U.S. Patent No. 5,070,877, dated 05/05/2006. | | | | **Item:** 402 403 (waste of time) Argumentative <br><br> **King:** 402 403 (waste of time) Argumentative | **Item:** 402 403, no basis for exclusion <br><br> **King:** 402 403, no basis for exclusion | | Item/King |
| TX284 | Defendants' Statement Concerning Preliminary Non-Infringement Contentions Regarding U.S. Patent No. 5,070,877, dated 11/18/2005. | | | | **Item:** 402 403 (waste of time) Argumentative <br><br> **King:** 402 403 (waste of time) Argumentative | **Item:** 402 403, no basis for exclusion <br><br> **King:** 402 403, no basis for exclusion | | Item/King |
| TX285 | Defendants' Statement Concerning Preliminary Non-Infringement Contentions Regarding U.S. Patent No. 5,731,296, dated 11/18/2005. | | | | **Item:** 402 403 (waste of time) Argumentative <br><br> **King:** 402 403 (waste of time) Argumentative | **Item:** 402 403, no basis for exclusion <br><br> **King:** 402 403, no basis for exclusion | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX286 | Defendants' Supplemental Preliminary Non-Infringement Contentions Regarding U.S. Patent No. 5,731,296, dated 01/17/2006. | | | | Item:<br>402<br>403 (waste of time)<br>Argumentative<br><br>King:<br>402<br>403 (waste of time)<br>Argumentative | Item:<br>402<br>403, no basis for exclusion<br><br>King:<br>402<br>403, no basis for exclusion | | Item/King |
| TX287 | Defendants' Preliminary Invalidity Contentions Regarding U.S. Patent No. 5,731,296, dated 02/03/2006. | | | | Item:<br>402<br>403 (waste of time)<br>Argumentative<br><br>King:<br>402<br>403 (waste of time)<br>Argumentative | Item:<br>402<br>403, no basis for exclusion<br><br>King:<br>402<br>403, no basis for exclusion | | Item/King |
| TX288 | Defendants' Preliminary Invalidity Contentions Regarding U.S. Patent No. 5,070,877, dated 02/03/2006. | | | | Item:<br>402<br>403 (waste of time)<br>Argumentative<br><br>King:<br>402<br>403 (waste of time)<br>Argumentative | Item:<br>402<br>403, no basis for exclusion<br><br>King:<br>402<br>403, no basis for exclusion | | Item/King |
| TX289 | Klocke et al., ACC/AHA/ASNC Guidelines for the Clinical Use of Cardiac Radionuclide Imaging-Executive Summary, 108 Circulation 1404 (2003). | | AST0052944 | AST0052959 | Item:<br>402<br>801(c) and 802<br><br>King:<br>402<br>801(c) and 802 | Item:<br>402<br>non-hearsay use (801); 803(18)<br><br>King:<br>402<br>non-hearsay use (801); 803(18) | | Item/King |
| TX290 | Submission of Mohiuddin et al. abstract to Am. Coll. Cardiol. | | AST0063883 | AST0063883 | 402<br>403 (cumulative)<br>801(c) and 802 | 402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6) | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX291 | Gupta et al., Comparative efficacy of adenosine infusion and dipyridamole-Tl-201 perfusion imaging, 30 J. Nuclear Medicine 730 (1989). | | AST0001168 | AST0001168 | 402<br>403 (cumulative)<br>801(c) and 802 | 402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18) | | King |
| TX292 | Wackers, Chapter 23: The Heart, Section 1: Myocardial Perfusion Imaging, in Nuclear Medicine Diagnosis and Therapy (1996). | | | | 402<br>403 (cumulative)<br>801(c) and 802 | 402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18) | | King |
| TX293 | Letter from A. Henze to A. Sollevi, dated 11/22/1985 (with Certified Translation)-same as ID000595 (TX50). | | ID0002215 | ID0002215 | 402<br>106 (incomplete)<br>801(c) and 802 | 402<br>106, no basis for exclusion<br>non-hearsay use (801); 803(16); 803(3) | | Item |
| TX294 | U.S. Patent No. 5,104,859, filed 12/19/1990, issued 04/14/1992. | | | | 402 | 402 | | Item |
| TX295 | Tabulations from Study C1A. | PDX038 | AST0004319 | AST0004348 | 403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part) | 403, no basis for exclusion<br>non-hearsay use (801); 803(6) | | King |
| TX296 | Tabulations from Study C1B. | PDX039 | AST0004349 | AST0004366 | 403 (cumulative)<br>801(c) and 802<br>Illegible (at least in part) | 403, no basis for exclusion<br>non-hearsay use (801); 803(6) | | King |
| TX297 | Leppo et al., Effect of Adenosine on Transmural Flow Gradients in Normal Canine Myocardium, 6 J. Cardiovascular Pharmacol. 1115 (1984). | PDX201 | | | Item:<br>402<br>801(c) and 802<br><br>Not previously produced<br><br>King:<br>402<br>801(c) and 802 | Item:<br>402<br>non-hearsay use (801); 803(16); 803(18)<br><br><br><br>King:<br>402<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX298 | Bingham et al., Chapter 1: Cardiovascular Nuclear Medicine, in Clinical Nuclear Medicine (1983). | PDX204 | | | **Item:**<br>402<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br><br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX299 | Barlai-Kovach et al., Chapter 14: The Cardiovascular System, in Nuclear Medicine Technology and Techniques (2d ed.) (1989). | PDX205 | | | **Item:**<br>402<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br><br>**King:**<br>non-hearsay use (801); 803(18) | | Item/King |
| TX300 | Verani, The Adenosine Saga: One More Piece of the Puzzle: But Does It Cause Wall Motion Abnormalities, 86 Circulation 1038 (1992). | PDX185 PDX211 | | | **Item:**<br>402<br>403 (cumulative)<br>801(c) and 802<br><br>**King:**<br>402<br>403 (cumulative)<br>801(c) and 802 | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18) | | Item/King |
| TX301 | Rumberger et al., Use of Ultrafast Computed Tomography to Quantitate Regional Myocardial Perfusion: A Preliminary Report, 9 J. Am. Coll. Cardiol. 59 (1987). | PDX212 | | | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>non-hearsay use (801); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX302 | Rumberger et al., Determination of Bypass Graft Flow Reserve by Ultrafast-CT, 76 Circulation (Supplement) IV-5 (1987). | PDX215 | | | **Item:**<br>402<br>801(c) and 802<br>Not previously produced<br><br>**King:**<br>402<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(18) | | Item/King |
| TX303 | Her Heart Knows No Boundaries (2002). | | AST0094658 | AST0094658 | **Item:**<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>non-hearsay use (801); 803(6)<br><br>**King:**<br>non-hearsay use (801); 803(6) | | Item/King |
| TX304 | Excerpt from certified file wrapper and contents of Application No. 07/231,217, specifically Application No. 07/231,217, filing date 08/11/1988. | | AST0055430 | AST0055455 | No objection | | | King |
| TX305 | Excerpt from certified file wrapper and contents of U.S. Patent No. 5,104,859, specifically Application No. 07/138,306, filing date 12/28/1987. | | AST0056352 | AST0056413 | No objection | | | Item |
| TX306 | U.S. Patent Application No. 07/138,306, filing date 12/28/1987. | | AST0056354 | AST0056413 | 403 (cumulative)<br>801(c) and 802 | 403, no basis for exclusion<br>non-hearsay use (801); 803(6); 806(8) | | Item |
| TX307 | Excerpt from certified file wrapper and contents of U.S. Patent No. 5,070,877, specifically Application No. 07/330,156, filed 03/29/1989. | | AST0056731 | AST0056757 | No objection | | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX308 | U.S. Patent Application No. 779,516, filing date 09/24/1985. | | AST0058978 | AST0059021 | No objection | | | Item |
| TX309 | Excerpt from the certified file wrapper and contents of U.S. Patent Application No. 07/030,245, specifically Application No. 07/030,245, filing date 03/24/1987. | | AST0055839 | AST0055892 | No objection | | | Item |
| TX310 | Curriculum Vitae for C. N. Mattsson. | | | | 403 (cumulative) | 403, no basis for exclusion | | King |
| TX311 | International Application Published Under The Patent Cooperation Treaty (PCT), Application No. PCT/SE85/00423, International Publication No. WO 87/01593, International Publication Date 03/26/1987. | PDX147 | AST0212943 | AST0212977 | No objection | | | King |
| TX312 | Demonstrative regarding Albro article. | PDX156 | | | 402 403 (confusion) 801(c) and 802 Lack of foundation | 402 403, no basis for exclusion non-hearsay use (801) 901(a) | | King |
| TX313 | Demonstrative regarding Gould article. | PDX153 | | | 402 403 (confusion) 801(c) and 802 Lack of foundation | 402 403, no basis for exclusion non-hearsay use (801) 901(a) | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX314 | Abraham et al., Feasibility of Performing Low-Level Treadmill Exercise During Adenosine Infusion, 32 J. Nuclear Medicine 1031, No. 517 (1991). | PDX144 | | | Item:<br>402<br>403 (waste of time)<br>801(c) and 802<br>Not previously produced<br><br>King:<br>402<br>403 (waste of time)<br>801(c) and 802 | Item:<br>402<br>403, no basis for exclusion non-hearsay use (801); 803(18)<br><br>King:<br>402<br>403, no basis for exclusion non-hearsay use (801); 803(18) | | Item/King |
| TX315 | Abraham et al., Intravenous Dipyridamole Versus Intravenous Adenosine Thallium Myocardial Scintigraphy, 32 J. Nuclear Medicine 969, No. 256 (1991). | PDX143 | | | Item:<br>402<br>403 (waste of time)<br>801(c) and 802<br>Not previously produced<br><br>King:<br>402<br>403 (waste of time)<br>801(c) and 802 | Item:<br>402<br>403, no basis for exclusion non-hearsay use (801); 803(18)<br><br>King:<br>402<br>403, no basis for exclusion non-hearsay use (801); 803(18) | | Item/King |
| TX316 | Sicor Inc.'s Answer and Affirmative Defenses, dated 08/08/2005. | | | | Item:<br>402<br>Argumentative<br><br>King:<br>402<br>Argumentative | Item:<br>402<br><br>King:<br>402 | | Item/King |
| TX317 | Sicor Pharmaceuticals, Inc.'s Answer and Affirmative Defenses, dated 08/08/2005. | | | | Item:<br>402<br>Argumentative<br><br>King:<br>402<br>Argumentative | Item:<br>402<br><br>King:<br>402 | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX318 | Sicor Inc.'s Answer and Affirmative Defenses, dated 08/08/2005. | | | | **Item:** 402 Argumentative<br><br>**King:** 402 Argumentative | **Item:** 402<br><br>**King:** 402 | | Item/King |
| TX319 | Sicor Pharmaceuticals, Inc.'s Answer and Affirmative Defenses, dated 08/08/2005. | | | | **Item:** 402 Argumentative<br><br>**King:** 402 Argumentative | **Item:** 402<br><br>**King:** 402 | | Item/King |
| TX320 | Certified Copy of U.S. Patent 5,070,877, issued 12/10/1991. | | AST0055567 | AST0055577 | No objection | | | King |
| TX321 | Sicor's Responses to Astellas's Requests for Admission (NOS.1-9) and Interrogatories (NOS. 1-21), dated 04/28/2006. | | | | **Item:** 402 Argumentative<br><br>**King:** 402 Argumentative | **Item:** 402<br><br>**King:** 402 | | Item/King |
| TX322 | Sicor's Responses to Astellas's Interrogatories (NOS. 1-12), dated 04/28/2006. | | | | **Item:** 402 Argumentative<br><br>**King:** 402 Argumentative | **Item:** 402<br><br>**King:** 402 | | Item/King |
| TX323 | Sicor's Response to King's Requests For Admission (NOS.1-15) and Interrogatories (NOS.1-15), dated 04/28/2006. | | | | **Item:** 402 Argumentative<br><br>**King:** 402 Argumentative | **Item:** 402<br><br>**King:** 402 | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX324 | Binkley et al., Hemodynamic-inotropic response to [beta] blocker with intrinsic sympathomimetic activity in patients with congestive cardiomyopathy, 74 Circulation 1390 (1986). | PDX163 | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(16); 803(18) | | Item |
| TX325 | Fujisawa Annual Report 1995. | | AST0213404 | AST0213451 | **Item:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part)<br><br>**King:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part) | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion<br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion | | Item/King |
| TX326 | Fujisawa Annual Report 1996. | | AST0213452 | AST0213494 | **Item:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part)<br><br>**King:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part) | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion<br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX327 | Fujisawa Annual Report 1997. | | AST0213495 | AST0213536 | **Item:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part)<br><br>**King:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part) | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion<br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion | | Item/King |
| TX328 | Fujisawa Annual Report 1998. | | AST0213537 | AST0213578 | **Item:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part)<br><br>**King:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part) | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion<br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion | | Item/King |
| TX329 | Fujisawa Annual Report 1999. | | AST0213579 | AST0213622 | **Item:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part)<br><br>**King:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part) | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion<br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX330 | Fujisawa Annual Report 2000. | | AST0213623 | AST0213666 | **Item:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part)<br><br>**King:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part) | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion<br><br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion | | Item/King |
| TX331 | Fujisawa Annual Report 2001. | | AST0213667 | AST0213720 | **Item:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part)<br><br>**King:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part) | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion<br><br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion | | Item/King |
| TX332 | Fujisawa Annual Report 2002. | | AST0213721 | AST0213776 | **Item:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part)<br><br>**King:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part) | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion<br><br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX333 | Fujisawa Annual Report 2003. | | AST0112099 | AST0112160 | **Item:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part)<br><br>**King:**<br>402<br>403 (cumulative)<br>801(c) and 802<br>1006 (voluminous document)<br>Illegible (at least in part) | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion<br><br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br>1006, no basis for exclusion | | Item/King |
| TX334 | Iskandrian et al., Pharmacologic stress testing: Mechanism of action, hemodynamic responses, and results in detection of coronary artery disease, 1 J. Nuclear Cardiol. 93 (1994). | | AST0038449 | AST0038466 | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>402<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(18) | | Item/King |
| TX335 | EPO Boards of Appeal Decision: for Case No. T0381/87 -3.3.1 regarding Application Number EP83900154, dated 11/10/1988. | | | | 402<br>Argumentative | 402 | | King |
| TX336 | Excerpt from Visser, Annotated European Patent Convention, Article 54(2), 65-70 (13th rev. ed.) (2006). | | | | 402<br>Argumentative | 402 | | King |
| TX337 | Excerpt from Visser, Annotated European Patent Convention, Article 115, 239-240 (13th rev. ed.) (2006). | | | | 402<br>Argumentative | 402 | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX338 | Zaret and Beller, Clinical Nuclear Cardiology: State of the Art and Future Directions, Mosby (3d ed.) (2005) . | | | | **Item:**<br>402<br>801(c) and 802<br>1006 (voluminous document)<br>Not previously produced<br><br>**King:**<br>402<br>801(c) and 802<br>1006 (voluminous document)<br>Not previously produced | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br>1006, no basis for exclusion<br><br>**King:**<br>402<br>non-hearsay use (801); 803(18)<br>1006, no basis for exclusion | | Item/King |
| TX339 | Complaint for Patent Infringement, dated 05/26/2005. | | | | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>402<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801)<br><br>**King:**<br>402<br>non-hearsay use (801) | | Item/King |
| TX340 | Complaint for Patent Infringement, dated 05/26/2005. | | | | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>402<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801)<br><br>**King:**<br>402<br>non-hearsay use (801) | | Item/King |
| TX343 | Wackers et al., Chapter 9: Nuclear Cardiology, in 1 Heart Disease: A Textbook of Cardiovascular Medicne 273 (6th ed.) (2001). | | | | **Item:**<br>402<br>801(c) and 802<br>Not previously produced<br><br>**King:**<br>402<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(18) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX346 | Wackers et al., Detection of Silent Myocardial Ischemia in Asymptomatic Diabetic Subjects, 27 Diabetes Care 1954 (2004). | | AST0087020 | AST0087028 | **Item:**<br>402<br>403 (duplicative (TX140))<br>801(c) and 802<br>Not previously produced<br><br>**King:**<br>402<br>403 (duplicative (TX140))<br>801(c) and 802<br>Not previously produced | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18)<br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18) | | Item/King |
| TX351 | First Notice of Deposition of Sicor, Inc. and Sicor Pharmaceuticals, Inc. Pursuant to Fed. R. Civ. P. Rule 30(b)(6). | PDX041B | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801) | | Item |
| TX352 | Second Notice of Deposition of Sicor, Inc. and Sicor Pharmaceuticals, Inc. Pursuant to Fed. R. Civ. P. Rule 30(b)(6). | PDX101 | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801) | | Item |
| TX353 | Third Notice of Deposition of Sicor, Inc. and Sicor Pharmaceuticals, Inc. Pursuant to Fed. R. Civ. P. Rule 30(b)(6). | PDX41D | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801) | | Item |
| TX354 | First Notice of Deposition of Sicor, Inc. and Sicor Pharmaceuticals, Inc. Pursuant to Fed. R. Civ. P. Rule 30(b)(6). | PDX41A | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801) | | King |
| TX355 | Second Notice of Deposition of Sicor, Inc. and Sicor Pharmaceuticals, Inc. Pursuant to Fed. R. Civ. P. Rule 30(b)(6). | PDX100 | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801) | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX356 | Third Notice of Deposition of Sicor, Inc. and Sicor Pharmaceuticals, Inc. Pursuant to Fed. R. Civ. P. Rule 30(b)(6). | PDX56A | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801) | | King |
| TX357 | Rozanski et al., Alternative Referent Standards for Cardiac Normality: Implications for Diagnostic Testing, 101 Annals of Internal Medicine 164 (1984). | | | | 402<br>801(c) and 802<br>Not previously produced | 402<br>non-hearsay use (801); 803(16); 803(18) | | Item |
| TX358 | The Adenoscan Handbook- Color version of document produced as AST0146192- AST0146243. | | | | **Item:**<br>402<br>403 (confusion and duplicative (TX 381))<br>801(c) and 802<br><br>**King:**<br>402<br>403 (confusion and duplicative (TX 381))<br>801(c) and 802 | **Item:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay use (801); 803(6)<br><br>**King:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay use (801); 803(6) | | Item/King |
| TX359 | Looking Inside Her Heart (2003)- Color version of document produced as AST0094568- AST0094572. | | | | **Item:**<br>403 (duplicative (TX 382))<br>801(c) and 802<br><br>**King:**<br>403 (duplicative (TX 382))<br>801(c) and 802 | **Item:**<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br><br>**King:**<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX360 | Cardiac Risk Assessment Prior to Vascular Surgery: Adenosine Myocardial Perfusion Scintigraphy as an Alternative to Coronary Angiography (1999)- Color version of document produced as AST0093510-AST0093516. | | | | Item:<br>402<br>403 (duplicative (TX 383))<br>801(c) and 802<br>Lack of foundation<br><br>King:<br>402<br>403 (duplicative (TX 383))<br>801(c) and 802<br>Lack of foundation | Item:<br>402<br>403, no basis for exclusion non-hearsay use (801); 803(6)<br>901(a)<br><br>King:<br>402<br>403, no basis for exclusion non-hearsay use (801); 803(6)<br>901(a) | | Item/King |
| TX361 | Her Heart 2004: A year of artwork reflecting a woman's heart (2003)- Color version of document produced as AST0052774-AST0052791. | | | | Item:<br>402<br>403 (duplicative (TX 384))<br>801(c) and 802<br><br>King:<br>402<br>403 (duplcative (TX 384))<br>801(c) and 802 | Item:<br>402<br>403, no basis for exclusion non-hearsay use (801); 803(6)<br><br>King:<br>402<br>403, no basis for exclusion non-hearsay use (801); 803(6) | | Item/King |
| TX362 | Indigestion? or Infarction? She'll be glad you asked (2003)- Color version of document produced as AST0052770-AST0052773. | | | | Item:<br>403 (duplicative (TX 385))<br>801(c) and 802<br><br>King:<br>403 (duplicative (TX 385))<br>801(c) and 802 | Item:<br>403, no basis for exclusion non-hearsay use (801); 803(6)<br><br>King:<br>403, no basis for exclusion non-hearsay use (801); 803(6) | | Item/King |
| TX363 | How Do I Know I Have Heart Disease: A Woman's Guide to Diagnosis and Testing- Color version of document produced as AST0053057-AST0053062. | | | | Item:<br>403 (duplicative (TX 386))<br>801(c) and 802<br><br>King:<br>403 (duplicative (TX 386))<br>801(c) and 802 | Item:<br>403, no basis for exclusion non-hearsay use (801); 803(6)<br><br>King:<br>403, no basis for exclusion non-hearsay use (801); 803(6) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX364 | Tech Tips: Preparing Patients for Stress Testing (2004)- Color version of document produced as AST0052997-AST0052998. | | | | **Item:**<br>403 (duplicative (TX 387))<br>801(c) and 802<br><br>**King:**<br>403 (duplicative (TX 387))<br>801(c) and 802 | **Item:**<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br><br>**King:**<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6) | | Item/King |
| TX365 | Focus on Women, A Perspective From the American Society of Nuclear Cardiology (2004)- Color version of document produced as AST0053037-AST0053044. | | | | **Item:**<br>402<br>403 (duplicative (TX 388))<br>801(c) and 802<br><br>**King:**<br>402<br>403 (duplicative (TX 388))<br>801(c) and 802 | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6) | | Item/King |
| TX366 | Chest Pain Evaluation in the Emergency Department with SPECT Myocardial Perfusion Imaging (2000)- Color version of document produced as AST0093856-AST0093863. | | | | **Item:**<br>402<br>403 (duplicative (TX 389))<br>801(c) and 802<br><br>**King:**<br>402<br>403 (duplicative (TX 389))<br>801(c) and 802 | **Item:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6) | | Item/King |
| TX367 | Improving Chest Pain Evaluation in the Emergency Department (2001)- Color version of document produced as AST0093823-AST0093835. | | | | **Item:**<br>402<br>403 (cumulative and duplicative (TX 390))<br>801(c) and 802<br><br>**King:**<br>402<br>403 (cumulative and duplicative (TX 390))<br>801(c) and 802 | **Item:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay use (801); 803(6)<br><br>**King:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay use (801); 803(6) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX368 | Klabunde, Cardiovascular Physiology Concepts (2005). | | | | 402<br>403 (cumulative)<br>801(c) and 802<br>Not previously produced | 402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(18) | | Item |
| TX370 | Leier et al., The Clinical Cardiovascular Pharmacology of Dopexamine in Patients with Low Output Congestive Heart Failure, 36 Clinical Research 542A (1988). | | | | 402<br>801(c) and 802<br>Not previously produced | 402<br>non-hearsay use (801); 803(18) | | Item |
| TX371 | Sullivan et al., A Comparison of the Technetium-Labeled Myocardial Agents DiArs and DMPE to 201Tl in Experimental Animals, 11 Int'l J. Nuclear Medicine & Biology 3 (1984). | | | | 402<br>801(c) and 802<br><br>Not previously produced | 402<br>non-hearsay use (801); 803(18); 803(16) | | King |
| TX372 | Leppo et al., Effect of hyperaemia on thallium-201 redistribution in normal canine myocardium, 19 Cardiovascular Research 679 (1985). | | | | 402<br>801(c) and 802 | 402<br>non-hearsay use (801); 803(18); 803(16) | | King |
| TX373 | Strauss and Boucher, Myocardial Perfusion Studies: Lessons from a Decade of Clinical Use, 160 Radiology 577 (1986). | | | | 402<br>801(c) and 802<br>Not previously produced | 402<br>non-hearsay use (801); 803(18); 803(16) | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX375 | Heller et al., Independent Prognostic Value of Intravenous Dipyridamole With Technetium-99m Sestamibi Tomographic Imaging in Predicting Cardiac Events and Cardiac-Related Hospital Admissions, 26 J. Am. Coll. Cardiol. 1202 (1995). | | | | Item:<br>402<br>801(c) and 802<br><br>King:<br>402<br>801(c) and 802 | Item:<br>402<br>non-hearsay use (801); 803(18)<br><br>King:<br>402<br>non-hearsay use (801); 803(18) | | Item/King |
| TX381 | The Adenoscan Handbook. | DDX319 | AST0146192 | AST0146243 | Item:<br>402<br>403 (cumulative)<br>801(c) and 802<br><br>King:<br>402<br>403 (cumulative)<br>801(c) and 802 | Item:<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6)<br><br>King:<br>402<br>403, no basis for exclusion<br>non-hearsay use (801); 803(6) | | Item/King |
| TX382 | Looking Inside Her Heart (2002). | | AST0094568 | AST0094572 | Item:<br>801(c) and 802<br><br>King:<br>801(c) and 802 | Item:<br>non-hearsay use (801); 803(6)<br><br>King:<br>non-hearsay use (801); 803(6) | | Item/King |
| TX383 | Cardiac Risk Assessment Prior to Vascular Surgery: Adenosine Myocardial Perfusion Scintigraphy as an Alternative to Coronary Angiography (1999). | | AST0093510 | AST0093516 | Item:<br>402<br>801(c) and 802<br>Lack of foundation<br>Illegible (at least in part)<br><br>King:<br>402<br>801(c) and 802<br>Lack of foundation<br>Illegible (at least in part) | Item:<br>402<br>non-hearsay use (801); 803(6)<br>901(a); 901(b)(1)<br><br>King:<br>402<br>non-hearsay use (801); 803(6)<br>901(a); 901(b)(1) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX384 | Her Heart 2004: A year of artwork reflecting a woman's heart (2003). | | AST0052774 | AST0052791 | **Item:**<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>non-hearsay use (801); 803(6)<br><br>**King:**<br>non-hearsay use (801); 803(6) | | Item/King |
| TX385 | Indigestion? or Infarction? She'll be glad you asked (2003). | | AST0052770 | AST0052773 | **Item:**<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>non-hearsay use (801); 803(6)<br><br>**King:**<br>non-hearsay use (801); 803(6) | | Item/King |
| TX386 | How Do I Know I Have Heart Disease: A Women's Guide to Diagnosis and Testing. | | AST0053057 | AST0053062 | **Item:**<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>non-hearsay use (801); 803(6)<br><br>**King:**<br>non-hearsay use (801); 803(6) | | Item/King |
| TX387 | Tech Tips: Preparing Patients for Stress Testing (2005). | | AST0052997 | AST0052998 | **Item:**<br>402<br>801(c) and 802<br>Illegible (at least in part)<br><br>**King:**<br>402<br>801(c) and 802<br>Illegible (at least in part) | **Item:**<br>402<br>non-hearsay use (801); 803(6)<br><br>**King:**<br>402<br>non-hearsay use (801); 803(6) | | Item/King |
| TX388 | Focus on Women, A Perspective From the American Society of Nuclear Cardiology (2004). | | AST0053037 | AST0053044 | **Item:**<br>801(c) and 802<br>Illegible (at least in part)<br><br>**King:**<br>801(c) and 802<br>Illegible (at least in part) | **Item:**<br>non-hearsay use (801); 803(6)<br><br>**King:**<br>non-hearsay use (801); 803(6) | | Item/King |
| TX389 | Chest Pain Evaluation in the Emergency Department with SPECT Myocardial Perfusion Imaging (2000). | | AST0093856 | AST0093863 | **Item:**<br>801(c) and 802<br>Illegible (at least in part)<br><br>**King:**<br>801(c) and 802<br>Illegible (at least in part) | **Item:**<br>non-hearsay use (801); 803(6)<br><br>**King:**<br>non-hearsay use (801); 803(6) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX390 | Improving Chest Pain Evaluation in the Emergency Department (2000). | | AST0093823 | AST0093835 | **Item:**<br>801(c) and 802<br>Illegible (at least in part)<br><br>**King:**<br>801(c) and 802<br>Illegible (at least in part) | **Item:**<br>non-hearsay use (801); 803(6)<br><br>**King:**<br>non-hearsay use (801); 803(6) | | Item/King |
| TX391 | Gould, Noninvasive Assessment of Coronary Stenoses By Myocardial Perfusion Imaging During Pharmacologic Coronary Vasodilatation. I. Physiologic Basis and Experimental Validation, 41 Am. J. Cardiol. 267 (1978). | | | | **Item:**<br>402<br>801(c) and 802<br><br>**King:**<br>801(c) and 802 | **Item:**<br>402<br>non-hearsay use (801); 803(16); 803(18)<br><br>**King:**<br>non-hearsay use (801); 803(16); 803(18) | | Item/King |
| TX393 | Excerpt from European Patent Convention, 72,128 (July 2002). | | | | **Item:**<br>402<br>Argumentative<br><br>**King:**<br>402<br>Argumentative | **Item:**<br>402<br><br>**King:**<br>402 | | Item/King |
| TX394 | Output from Stata program regarding AMR data. | | | | **Item:**<br>402<br>403 (waste of time and confusion)<br>801(c) and 802<br><br>**King:**<br>402<br>403 (waste of time and confusion)<br>801(c) and 802 | **Item:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801)<br><br>**King:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX395 | Output from Stata program Regarding AMR data. | | | | Item:<br>402<br>403 (waste of time and confusion)<br>801(c) and 802<br><br>King:<br>402<br>403 (waste of time and confusion)<br>801(c) and 802 | Item:<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801)<br><br><br>King:<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801) | | Item/King |
| TX396 | Output from Stata program Regarding IMS data. | | | | Item:<br>402<br>403 (waste of time and confusion)<br>801(c) and 802<br><br>King:<br>402<br>403 (waste of time and confusion)<br>801(c) and 802 | Item:<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801);<br><br><br>King:<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801) | | Item/King |
| TX397 | Output from Stata program Regarding AMR data. | | | | Item:<br>402<br>403 (waste of time and confusion)<br>801(c) and 802<br><br>King:<br>402<br>403 (waste of time and confusion)<br>801(c) and 802 | Item:<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801)<br><br><br>King:<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX398 | Output from Stata program Regarding IMS data. | | | | Item:<br>402<br>403 (waste of time and confusion)<br>801(c) and 802<br><br>King:<br>402<br>403 (waste of time and confusion)<br>801(c) and 802 | Item:<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801)<br><br><br>King:<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801) | | Item/King |
| TX399 | Output from Stata program Regarding AMR data. | | | | Item:<br>402<br>403 (waste of time and confusion)<br>801(c) and 802<br><br>King:<br>402<br>403 (waste of time and confusion)<br>801(c) and 802 | Item:<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801)<br><br><br>King:<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801) | | Item/King |
| TX400 | Output from Stata program analyzing AMR data. | | | | Item:<br>402<br>403 (waste of time and confusion)<br>801(c) and 802<br><br><br>King:<br>402<br>403 (waste of time and confusion)<br>801(c) and 802 | Item:<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801)<br><br><br>King:<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX401 | Data spreadsheet (1) from Dr. Hay's economic analysis. | | | | **Item:**<br>402<br>403 (cumulative, confusion, and waste of time)<br>801(c) and 802<br><br>**King:**<br>402<br>403 (cumulative, confusion, and waste of time)<br>801(c) and 802 | **Item:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801)<br><br><br>1006<br><br>**King:**<br>402<br>403, no basis for exclusion<br>non-hearsay (801)<br><br><br>1006 | | Item/King |
| TX402 | Data spreadsheet (2) from Dr. Hay's economic analysis. | | | | **Item:**<br>402<br>403 (cumulative, confusion, and waste of time)<br>801(c) and 802<br><br><br>**King:**<br>402<br>403 (cumulative, confusion, and waste of time)<br>801(c) and 802 | **Item:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801); 803(17)<br><br><br>**King:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801); 803(17) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX403 | Data spreadsheet (3) from Dr. Hay's economic analysis. | | | | **Item:**<br>402<br>403 (cumulative, confusion, and waste of time)<br>801(c) and 802<br><br>**King:**<br>402<br>403 (cumulative, confusion, and waste of time)<br>801(c) and 802 | **Item:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801); 803(17)<br><br><br>**King:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801); 803(17) | | Item/King |
| TX404 | Data spreadsheet (4) from Dr. Hay's economic analysis. | | | | **Item:**<br>402<br>403 (cumulative, confusion, and waste of time)<br>801(c) and 802<br><br>**King:**<br>402<br>403 (cumulative, confusion, and waste of time)<br>801(c) and 802 | **Item:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801); 803(17)<br><br>**King:**<br>402<br>403, no basis for exclusion<br><br>non-hearsay (801); 803(17) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX405 | Data spreadsheet from Dr. Hay's economic analysis, adjusting calculated prices by CPI. | | | | **Item:**<br>403 (cumulative, confusion and waste of time)<br>801(c) and 802<br><br>**King:**<br>403 (cumulative, confusion and waste of time)<br>801(c) and 802 | **Item:**<br>403, no basis for exclusion<br><br>non-hearsay (801); 803(8); 803(17)<br><br>**King:**<br>403, no basis for exclusion<br><br>non-hearsay (801); 803(8); 803(17) | | Item/King |
| TX406 | Print out of Dr. Hay's analysis of Dr. Leffler's excel workbook. | | | | **Item:**<br>403 (cumulative, confusion, and waste of time)<br>801(c) and 802<br><br>**King:**<br>403 (cumulative, confusion, and waste of time)<br>801(c) and 802 | **Item:**<br>403, no basis for exclusion<br>non-hearsay (801); 801(d)(2)<br><br><br>**King:**<br>403, no basis for exclusion<br><br>non-hearsay (801); 801(d)(2) | | Item/King |
| TX407 | IMS data Spreadsheet | | | | **Item:**<br>403 (cumulative, confusion and waste of time)<br>801(c) and 802<br><br>**King:**<br>403 (cumulative, confusion and waste of time)<br>801(c) and 802 | **Item:**<br>403, no basis for exclusion<br><br>non-hearsay (801); 803(17)<br><br>**King:**<br>403, no basis for exclusion<br><br>non-hearsay (801); 803(17) | | Item/King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX408 | Spreadsheet with Monthly Consumer Price Index | | | | **Item:**<br>403 (cumulative and waste of time)<br>801(c) and 802<br><br>**King:**<br>403 (cumulative and waste of time)<br>801(c) and 802 | **Item:**<br>403, no basis for exclusion<br><br>non-hearsay (801); 803(8); 803(17)<br><br>**King:**<br>403, no basis for exclusion<br><br>non-hearsay (801); 803(8); 803(17) | | Item/King |
| TX409 | Adenoscan® Sales Chart (1995 - 2005). | | | | No objection | | | Item/King |
| TX410 | Letter from F. Robicsek to A. Henze, dated 10/21/1985-same as ID0000594 (TX50). | | ID0002210 | ID0002210 | 402<br>106 (incomplete)<br>403 (confusion)<br>801(c) and 802<br><br>901(a)<br>Lack of foundation | 402<br>106, no basis for exclusion<br>403, no basis for exclusion<br>803(6); 803(16); non-hearsay use (801); 803(3)<br>901(a); 901(b)(8)<br>901(a); 901(b)(8) | | Item |
| TX411 | Letter from A. Henze to F. Robiscek, dated 11/22/1985. | | ID0002211 | ID0002211 | 402<br>403 (confusion)<br>801(c) and 802<br><br>901(a)<br>Lack of foundation | 402<br>403, no basis for exclusion<br>803(6); 803(16); non-hearsay use (801); 803(3)<br>901(a); 901(b)(8)<br>901(a); 901(b)(8) | | Item |
| TX412 | Translated letter from A. Henze to F. Robiscek, dated 12/19/1985 (with certified translation). | | ID0002212 | ID0002212 | 402<br>106 (incomplete)<br>403 (waste of time)<br>801(c) and 802<br><br>901(a)<br>Lack of foundation | 402<br>106, no basis for exclusion<br>403, no basis for exclusion<br>803(6); 803(16); non-hearsay use (801); 803(3)<br>901(a); 901(b)(8)<br>901(a); 901(b)(8) | | Item |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX413 | Letter from A. Sollevi to F. Robicsek, dated 12/11/1985-same as ID000596-ID000567 (TX50). | | ID0002213 | ID0002214 | 402<br>403 (confusion)<br>801(c) and 802<br><br>901(a) | 402<br>403, no basis for exclusion<br>803(6); 803(16); non-hearsay use (801); 803(3)<br>901(a); 901(b)(8) | | Item |
| TX414 | Curriculum Vitae of M. Cerqueira. | | | | 403 (cumulative)<br>801(c) and 802 | 403, no basis for exclusion<br>non-hearsay use (801); 803(5); 803(6) | | King |
| TX415 | Curriculum Vitae of J.Hay. | | | | Item:<br>403 (cumulative)<br>801(c) and 802<br><br>King:<br>403 (cumulative)<br>801(c) and 802 | Item:<br>403, no basis for exclusion<br>non-hearsay use (801); 803(5); 803(6)<br><br>King:<br>403, no basis for exclusion<br>non-hearsay use (801); 803(5); 803(6) | | Item/King |
| TX416 | Curriculum Vitae of R. Klabunde. | | | | 403 (cumulative)<br>801(c) and 802 | 403, no basis for exclusion<br>non-hearsay use (801); 803(5); 803(6) | | Item |
| TX417 | Curriculum Vitae of F. Wackers. | | | | 403 (cumulative)<br>801(c) and 802 | 403, no basis for exclusion<br>non-hearsay use (801); 803(5); 803(6) | | King |
| TX418 | Curriculum Vitae of B. Zaret. | | | | 403 (cumulative)<br>801(c) and 802 | 403, no basis for exclusion<br>non-hearsay use (801); 803(5); 803(6) | | Item |
| TX419 | Notice Pursuant to 35 U.S.C. Sec. 282, filed 01/12/2007. | | | | 402<br>403 (cumulative) | 402<br>403, no basis for exclusion | | Item |
| TX420 | Notice Pursuant to 35 U.S.C. Sec. 282, filed 01/12/2007. | | | | 403 (cumulative) | 403, no basis for exclusion | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX421 | Expert Statement of M. Cerqueira, dated 07/20/2006. | | | | 403 (cumulative) 801(c) and 802 | 403, no basis for exclusion | | King |
| TX422 | Letter from FDA to Medco regarding IND 30,974. | | AST0009608 | AST0009609 | Illegible Lack of foundation | 901(a); 901(b)(7) | | King |
| TX423 | Sicor's Supplemental Schedule of Withheld Documents, dated 04/28/2006. | | | | 402 | 402 | | Item |
| TX424 | Sicor's Supplemental Schedule of Withheld Documents, dated 04/28/2006. | | | | 402 | 402 | | King |
| TX425 | Rozanski et al., The Declining Specificity of Exercise Radionuclide Ventriculography, 309 N. Engl. J. Medicine 518, 09/01/1983. | | | | 402 Rule 26 | 402 | | Item |
| TX426 | Printout of Dr. Leffler's workbook, received 06/23/2006. | | | | Item: Lack of foundation King: Lack of foundation | Item: 901(a) King: 901(a) | | Item/King |
| TX427 | Filing Receipt of Change of Corporate Name for Applicant King Pharmaceuticals; and certificate of Express Mailing to the Commissioner for Patents, dated May 22, 2001. | | K 01882 | K 01883 | No objection | | | King |
| TX428 | Color graphics of radionuclide images of the heart. | | | | No objection | | | King |

Plaintiffs' Response to Sicor's Objections

| Trial Exhibit # | Summary | Depo Exhibit # | Bates Begin | Bates End | FRE Bases of Objection | FRE Bases of Admission | Admit | Case |
|---|---|---|---|---|---|---|---|---|
| TX429 | Notification of Change of Corporate Name for Applicant; Secretary's Certificate; Certificate of Amendment; Recordation sheet for corporate name change; one check in the amount of $480.00; and certificate of Express Mailing. | | K 01884 | K 01893 | No objection | | | King |
| TX430 | Change of Corporate Name for Applicant; Secretary's Certificate; Certificate of Amendment; Recordation sheet for corporate name change; one check in the amount of $440.00; and certificate of Express Mailing. | | K 01894 | K 01901 | No objection | | | King |
| TX431 | Letter from Fujisawa to FDA, dated April 10, 1992. | | AST0034765 | ASt0034766 | **Item:** 402 **King:** 402 | **Item:** 402 **King:** 402 | | Item/King |
| TX432 | Maguire, et al., U.S. Patent 3,845,205, issued October 29, 1974. | | AST0056710 | AST0056712 | **Item:** 402 Rule 26 **King:** 402 Rule 26 | **Item:** 402 **King:** 402 | | Item/King |

# EXHIBIT   7

**EXHIBIT 7**
**Defendants' Trial Exhibit List**

| Trial Exhibit No. | Summary | Deposition Exhibit No. | Bates Begin | Bates End | FRE Bases for Objection | FRE Bases for Admission | Case |
|---|---|---|---|---|---|---|---|
| TX 1000 | U.S. Patent No. 5,731,296 | DX 47 | AST0055552 | AST0055566 | Dup | * | Item |
| TX 1006 | 1985 Yearbook of Anesthesia (Ronald D. Miller ed., Year Book Medical Publisher)(Aug. 1985) | PX 178 | AST0056211 | AST0056214 | Dup | * | Item |
| TX 1007 | A. Sollevi, et al. "Cardiovascular effects of adenosine during controlled hypotension in cerebral artery aneurysm surgery," Anesthesiology 59(3): A9 (Sept. 1983) | DX 54 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | | Item |
| TX 1008 | A. Sollevi, et al. "Cardiovascular effects of adenosine in man," Acta Physiol. Scand. 120(2): 11A (Feb. 1984) | DX 55 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |
| TX 1009 | A. Sollevi, et al. "Controlled hypotension with adenosine in cerebral aneurysm surgery," Anesthesiology 61: 400-405 (Oct. 1984) | PX 177 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |
| TX 1010 | A. Sollevi, et al. "Relationship between arterial and venous adenosine levels and vasodilation during ATP - and adenosine-infusion in dogs," Acta Physio. Scand. 120: 171-176  (Feb. 1984) | DX 135 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |
| TX 1011 | A.F. Fukunaga, et al. "ATP-induced hypotensive anesthesia during surgery," Anesth. & Anesthesiology 57(3): A65 (Sept. 1982) | DX 134 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |
| TX 1012 | A.F. Fukunaga, et al. "Dipyridamole potentiates the hypotensive effect of ATP," Anesthesiology 61(3a): A39 (Sept. 1984) | PX 192 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |
| TX 1013 | A.F. Fukunaga, et al. "Hypotensive effects of adenosine and adenosine triphosphate compared with sodium nitroprusside," Anesth. & Analgesia 61(3): 273-278 (Mar. 1982) | DX 133 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |
| TX 1014 | A.N. Drury, et al. "The physiological activity of adenine compounds with especial reference to their action upon the mammalian heart," J. Physiol. 68: 213-237 (1929) | PX 169 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |
| TX 1015 | B.G. Brown, et al. "Intravenous dipyridamole combined with isometric handgrip for near maximal acute increase in coronary flow in patients with coronary artery disease," Am. J. Cardiol. (Dec. 1981) | | SIC011671 | SIC011679 | Dup | * | Item |
| TX 1016 | Facsimile from J. Scheibeler to Examiner Crane (10/24/97) | DX 386 | ID0020715 | ID0020720 | R | 402 | Item |
| TX 1019 | Excerpt from Goodman & Gilman, *The Pharmacological Basis of Therapeutics* (Macmillan Publishing Co.)(7th ed.)(1985) | PX 175 | SIC011640 | SIC011645 | Dup | * | Item |
| TX 1020 | I.O. Biaggioni, et al. "Humoral and hemodynamic effects of adenosine infusion in man," Clinical Res. 33(2): 280A (Apr. 1985) | PX 180 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |

\* Note: The parties have agreed to cooperate to remove duplicates from the exhibit list after the pretrial order is filed.

**EXHIBIT 7**
**Defendants' Trial Exhibit List**

| Trial Exhibit No. | Summary | Deposition Exhibit No. | Bates Begin | Bates End | FRE Bases for Objection | FRE Bases for Admission | Case |
|---|---|---|---|---|---|---|---|
| TX 1021 | J.P. DiMarco, et al. "Adenosine: electrophysiologic effects and therapeutic use for terminating paroxysmal supraventricular tachycardia," Circulation 68(6): 1254, 1263 (Dec. 1983) | PX 171 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |
| TX 1022 | J.P. DiMarco, et al. "Diagnostic and therapeutic use of adenosine in patients with supraventricular tachycardias," J. Am. Coll. Cardiol. 6: 417-425 (Aug. 1985) | PX 186 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |
| TX 1023 | K.L. Gould, et al. "Noninvasive assessment of coronary stenoses by myocardial imaging during pharmacologic coronary vasodilation. II. Clinical methodology and feasibility," Am. J. Cardiology 41: 279-287 (Feb. 1978) | PX 174 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |
| TX 1024 | Karolinska Institute Request to the Ethics Committee of the Karolinska Institute, Sweden (12/28/87) | DX 79 | ID0001363 | ID0001384 | R, H, A | 402 703 803(6) | Item |
| TX 1025 | Letter from A. Sollevi to M. Shah (3/3/91) | DX 62 | ID0019464 | ID0019464 | R | 402 | Item |
| TX 1028 | Letter from G. Nyberg to R. Berne (8/7/89) | DX 78 | ID0004648 | ID0004649 | R, H, A | 402 803(6) | Item |
| TX 1029 | Series of letters between A. Sollevi and R. Kadatz | DX 77 | ID0002244 | ID0002246 | R, H, A, IL | 402 803(6) | Item |
| TX 1030 | M. Lagerkranser, et al. "Adenosine-induced hypotension in man: effects on cerebral circulation and metabolism," Anesthesiology 63:45A (Sept. 1985) | DX 56 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |
| TX 1032 | N.F. Kassell, et al. "Cerebral and systemic circulatory effects of arterial hypotension induced by adenosine," J. Neurosurg. 58: 69-76 (Jan. 1983) | PX 176 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |
| TX 1033 | P.C. Albro, et al. "Noninvasive assessment of coronary stenoses by myocardial imaging during pharmacologic coronary vasodilation. III. Clinical trial," Am. J. Cardiology 42: 751-760 (Nov. 1978) | | SIC011680 | SIC011689 | Dup | * | Item |
| TX 1036 | R.E. Klabunde & D.G. Altose, "Adenosine metabolism in dog whole blood: effects of dipyridamole," Life Sciences 28: 2631-2641 (June 1981) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |
| TX 1037 | R.E. Klabunde, "Dipyridamole inhibition of adenosine metabolism in human blood," Eur. J. Pharmacol. 93: 21-26 (Sept. 1983) | DX 308 | AST0084721 | AST0084726 | Dup | * | Item |
| TX 1038 | R.F. Wilson, et al. "Effects of adenosine on human coronary arterial circulation," Circulation 82(5): 1595-1606 (Nov. 1990) | PX 187 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |
| TX 1039 | R.M. Berne, "The Role of Adenosine in the Regulation of Coronary Blood Flow," Circulation Research 47(6): 807-813 (Dec. 1980) | PX 170 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | Item |

* Note: The parties have agreed to cooperate to remove duplicates from the exhibit list after the pretrial order is filed.

**EXHIBIT 7**
**Defendants' Trial Exhibit List**

| Trial Exhibit No. | Summary | Deposition Exhibit No. | Bates Begin | Bates End | FRE Bases for Objection | FRE Bases for Admission | Case |
|---|---|---|---|---|---|---|---|
| TX 1040 | U.S. Patent No. 4,673,563 | PX 42 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | 35 U.S.C. § 282 | 106 | Item |
| TX 1041 | "Prescription Drugs and Mass Media Advertising, 2000" (10/01) | PX 139 | SIC011748 | SIC011764 | A, H, R | 402 703 | Item/King |
| TX 1042 | Adenoscan fiscal projections (undated) | DX 193 | AST0185476 | AST0185476 | | | Item/King |
| TX 1043 | Adenoscan sales revenue chart (undated) | | AST0185475 | AST0185475 | | | Item/King |
| TX 1044 | Adenoscan® pumps rebate agreement (4/04) | | AST0091530 | AST0091539 | R | 402 | Item/King |
| TX 1045 | Adenosine 1997 Marketing Plan (undated) | | AST0083204 | AST0083235 | R, H | 402 801(d)(2) 803(6) | Item/King |
| TX 1046 | C. King, "Marketing, Product Differentiation, and Competition in the Market for Antiulcer Drugs," Harvard Business School Working Paper 01-014 (Dec. 18, 2000) | | SIC011885 | SIC011885 | Dup, A, H, R | * 402 703 | Item/King |
| TX 1047 | Payment to Cardiac Center of Creighton University by Fujisawa Healthcare, Inc. (8/4/00) | DX 189 | AST0200625 | AST0200625 | R, 613 | 402 | Item/King |
| TX 1048 | Consulting agreement between Fujisawa USA, Inc. and D. Hilleman (2/23/96) | DX 176 | AST0197371 | AST0197374 | R, 613 | 402 | Item/King |
| TX 1049 | D. Hilleman, et al. "Cost-minimization analysis of intravenous adenosine and dipyridamole in thallous chloride T1 201 spect myocardial perfusion imaging," Ann. Pharmacother. 31: 974-979 (1997) | DX 28 | AST0081167 | AST0081172 | Dup | * | Item/King |
| TX 1050 | D.L. Rubinfeld, "Econometrics in the Courtroom," Columbia Law Review 85(5): 1065-1066 (June 1985) | | SIC012003 | SIC0120052 | Dup | * | Item/King |
| TX 1051 | D.L. Rubinfeld, "Reference Guide on Multiple Regression," Reference Manual on Scientific Evidence, Federal Judicial Center (1994) | | SIC012053 | SIC012105 | Dup | * | Item/King |
| TX 1052 | Data Files | | SIC011646 | SIC011659.2 | Dup, R, H, A | * 402 703 | Item/King |
| TX 1053 | "Top 200 drugs for 2004 by U.S. Sales" (website) | PX 138 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | R, H, A | 402 703 | Item/King |
| TX 1054 | E. Barry, "Psychiatrists Become Drug Firms' Targets," Boston Globe (5/28/02) | | SIC011927 | SIC011929 | R, H, A | 402 703 | Item/King |
| TX 1055 | E-mail from J. Olszewski to D. Gaddy & J. Kean (3/23/98) | DX 244 | AST0159534 | AST0159536 | H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1056 | E-mail from M. Lovelady to # Region 101 (2/27/96) | | AST0168423 | AST0168428 | H, R | 402 801(d)(2) 803(6) | Item/King |

* Note: The parties have agreed to cooperate to remove duplicates from the exhibit list after the pretrial order is filed.

**EXHIBIT 7**
**Defendants' Trial Exhibit List**

| Trial Exhibit No. | Summary | Deposition Exhibit No. | Bates Begin | Bates End | FRE Bases for Objection | FRE Bases for Admission | Case |
|---|---|---|---|---|---|---|---|
| TX 1057 | F.F. Gonul, et al. "Promotion of Prescription Drugs and Its Impact on Physicians' Choice Behavior," J. Marketing 65: 79-90 (July 2001) | PX 137 | SIC011765 | SIC011776 | Dup, H, R | * 402 703 | Item/King |
| TX 1058 | Facsimile from J. Leppo to J. Olszewski (12/16/99) | DX 217 | AST0199236 | AST0199237 | H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1059 | Facsimile from J. Olszewski to ASNC (1/9/98) | DX 205 | AST0194740 | AST0194741 | Dup, R | * 402 | Item/King |
| TX 1060 | Facsimile from J. Olszewski to ASNC (undated) | DX 207 | AST0194726 | AST0194726 | R | 402 | Item/King |
| TX 1061 | Facsimile from M. Shahaway to J. Olszewski (10/96) | DX 230 | AST0194529 | AST0194529 | H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1062 | Facsimile from M. Snyder to R. Blevins (1/3/96) | | K09531 | K09564 | A, H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1063 | Facsimile from State & Federal Association to J. Olszewski (12/2/95) | | AST0052149 | AST0052161 | H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1064 | Fujisawa/Boston Market Strategies check requisition, agreement, and receipts (12/5/95) | | AST0045607 | AST0045685 | H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1065 | Correspondence from Fujisawa (2002) | | AST0043120 | AST0043133 | R | 402 801(d)(2) 803(6) | Item/King |
| TX 1068 | Grants/Financial Assistance file from Fujisawa (1997) | | AST0045795 | AST0045824 | R | 402 | Item/King |
| TX 1069 | Fujisawa Case Discussion (12/00) | | AST0093848 | AST0093855 | R, IL | 402 | Item/King |
| TX 1070 | Fujisawa Case Discussion (12/00) | | AST0093856 | AST0093863 | Dup, R | * 402 | Item/King |
| TX 1071 | Fujisawa Case Study (10/00) | | AST0093819 | AST0093820 | R | 402 | Item/King |
| TX 1072 | Fujisawa Case Study (10/00) | | AST0093817 | AST0093818 | R | 402 | Item/King |
| TX 1073 | Fujisawa check requisition issued to Cardiac Center of Creighton University (8/2/00) | DX 188 | AST0200623 | AST0200623 | R, 613 | 402 | Item/King |
| TX 1074 | Promotional literature from Fujisawa | | AST0093864 | AST0093869 | R | 402 | Item/King |
| TX 1075 | Promotional literature from Fujisawa (10/00) | | AST0093823 | AST0093835 | Dup, R | * 402 | Item/King |
| TX 1076 | Memorandum from W. Erikson to G. Barnes, et al., enclosing 1993 Adenoscan® launch plan | | AST0212796 | AST0212849 | H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1077 | Memorandum from I. Martinez to J. Olszewski (3/12/01) | DX 245 | AST0043166 | AST0043167 | R | 402 | Item/King |
| TX 1078 | Memorandum from J. Olszewski, R. White to D. Vogt (9/21/95) | DX 190 | AST0066742 | AST0066744 | R | 402 | Item/King |

* Note: The parties have agreed to cooperate to remove duplicates from the exhibit list after the pretrial order is filed.

**EXHIBIT 7**
**Defendants' Trial Exhibit List**

| Trial Exhibit No. | Summary | Deposition Exhibit No. | Bates Begin | Bates End | FRE Bases for Objection | FRE Bases for Admission | Case |
|---|---|---|---|---|---|---|---|
| TX 1079 | Memorandum from W. Erickson to P. Schechter (8/3/92) | DX 223 | AST0047786 | AST0047789 | H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1080 | Fujisawa Strategic Plan 1991-1996 | | AST0101705 | AST0102070 | H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1081 | Fujisawa check requisition issued to D. Hilleman (10/2/95) | DX 173 | AST0202937 | AST0202937 | R, 613 | 402 801(d)(2) 803(6) | Item/King |
| TX 1082 | Fujisawa check requisition issued to D. Hilleman (10/1996) | DX 181 | AST0197488 | AST0197488 | R, 613 | 402 801(d)(2) 803(6) | Item/King |
| TX 1083 | Memorandum from D. Smith to W. Erikson, J. Olszewski, & C. Yost (3/27/92) | | AST0048036 | AST0048039 | R | 402 | Item/King |
| TX 1089 | Invoice from ASNC to J. Olszewski (12/1/97) | DX 206 | AST0194770 | AST0194770 | R | 402 | Item/King |
| TX 1090 | Invoice from ASNC to J. Olszewski (6/3/97) | DX 201 | AST0194845 | AST0194845 | R | 402 | Item/King |
| TX 1091 | Invoice from ASNC to J. Olszewski for grant (1/19/96) | DX 195 | AST0195040 | AST0195040 | R | 402 | Item/King |
| TX 1092 | Invoice from ASNC to J. Olszewski for grant (4/16/95) | DX 197 | AST0195090 | AST0195090 | R | 402 | Item/King |
| TX 1093 | Invoice from ASNC to J. Olszewski for sponsorship (7/25/95) | DX 192 | AST0195066 | AST0195066 | R | 402 | Item/King |
| TX 1094 | Invoice from ASNC to J. Olszewski for grant (6/21/96) | DX 198 | AST0194972 | AST0194972 | R | 402 | Item/King |
| TX 1095 | Invoice from ASNC to J. Olszewski for grant (7/6/98) | DX 210 | AST0194722 | AST0194722 | R | 402 | Item/King |
| TX 1096 | Invoice from ASNC to J. Olszewski for grant (2/17/99) | DX 214 | AST0199090 | AST0199090 | R | 402 | Item/King |
| TX 1097 | Invoice from ASNC to J. Olszewski for payment (3/30/00) | DX 215 | AST0200187 | AST0200187 | R | 402 | Item/King |
| TX 1098 | Invoice from ASNC to J. Olszewski for grant (5/11/99) | DX 216 | AST0199336 | AST0199336 | R | 402 | Item/King |
| TX 1099 | Invoice from ASNC to J. Olszewski for grant (2/8/99) | DX 213 | AST0199086 | AST0199086 | R | 402 | Item/King |
| TX 1100 | Invoice from ASNC to J. Olszewski for grant (3/28/00) | DX 219 | AST0200184 | AST0200184 | R | 402 | Item/King |
| TX 1101 | Invoice from ASNC to J. Olszewski for grant (12/1/97) | DX 204 | AST0194779 | AST0194779 | R | 402 | Item/King |
| TX 1102 | Invoice from ASNC to J. Olszewski for grant (4/21/98) | DX 208 | AST0194662 | AST0194662 | R | 402 | Item/King |
| TX 1103 | Invoice from ASNC to J. Olszewski for grant (9/16/96) | DX 200 | AST0194946 | AST0194946 | R | 402 | Item/King |
| TX 1104 | Invoice from ASNC to J. Olszewski for registration fee (3/28/00) | DX 218 | AST0200180 | AST0200180 | R | 402 | Item/King |
| TX 1105 | Invoice from ASNC to J. Olszewski for grant (9/19/00) | DX 220 | AST0200201 | AST0200201 | R | 402 | Item/King |
| TX 1106 | Invoice from ASNC to J. Olszewski for tutorial support (6/28/96) | DX 199 | AST0194967 | AST0194967 | R | 402 | Item/King |
| TX 1107 | Invoice from ASNC to J. Olszewski for grant (1/6/99) | DX 212 | AST0194782 | AST0194782 | R | 402 | Item/King |
| TX 1108 | Invoice from ASNC to J. Olszewski for reservation fee (4/29/98) | DX 209 | AST0194659 | AST0194659 | R | 402 | Item/King |
| TX 1109 | Invoice from ASNC to J. Olszewski for grant (10/2/97) | DX 202 | AST0194823 | AST0194823 | R | 402 | Item/King |
| TX 1110 | J.A. Rizzo, "Advertising and Competition in the Ethical Pharmaceutical Industry: The Case of Antihypertensive Drugs," J. Law and Economics (Apr. 1999) | | SIC011858 | SIC011873 | Dup | * | Item/King |

* Note: The parties have agreed to cooperate to remove duplicates from the exhibit list after the pretrial order is filed.

**EXHIBIT 7**
**Defendants' Trial Exhibit List**

| Trial Exhibit No. | Summary | Deposition Exhibit No. | Bates Begin | Bates End | FRE Bases for Objection | FRE Bases for Admission | Case |
|---|---|---|---|---|---|---|---|
| TX 1111 | J.M. Vernon, "Concentration, Promotion, and Market Share Stability in the Pharmaceutical Industry," J. Industrial Economics, 246-267 (1971) | | SIC011874 | SIC011884 | Dup, R, H, A | * 402 703 | Item/King |
| TX 1112 | J.P. Shapiro and S. Schultz, "Prescriptions: How Your Doctor Makes the Choice," U.S. News and World Report (Feb. 19, 2001) | | SIC011777 | SIC011782 | Dup, R, H, A | * 402 703 | Item/King |
| TX 1113 | Journal Club Review (9/16/99) | | AST0109819 | AST0109821 | R, H, A | 402 801(d)(2) 803(6) | Item/King |
| TX 1114 | K.B. Leffler, "Persuasion or Information? The Economics of Prescription Drug Advertising," J. Law & Econ. 24(1): 45-74 (Apr. 1981) | PX 134 | SIC011827 | SIC011857 | Dup | * | Item/King |
| TX 1115 | Letter from A. Iskandrian to J. Olszewski (2/3/03) | DX 239 | AST0210248 | AST0210248 | R,H | 402 801(d)(2) 803(6) | Item/King |
| TX 1116 | Letter from A. Iskandrian to J. Olszewski (3/6/96) | DX 226 | AST0205388 | AST0205388 | H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1117 | Letter from A. Iskandrian to J. Olszewski (7/1/97) | DX 231 | AST0194833 | AST0194833 | H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1118 | Letter from A. Iskandrian to J. Olszewski (3/3/98) | DX 232 | AST0205365 | AST0205365 | H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1119 | Letter from A. Iskandrian to J. Olszewski (3/31/00) | DX 234 | AST0205351 | AST0205351 | H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1120 | Letter from D. Hilleman to J. Olszewski (4/16/97) | DX 184 | AST0197428 | AST0197428 | R, H, 613 | 402 801(d)(2) 803(6) | Item/King |
| TX 1121 | Letter from D. Hilleman to J. Olszewski (6/19/97) | DX 186 | AST0197410 | AST0197410 | R, H, 613 | 402 801(d)(2) 803(6) | Item/King |
| TX 1122 | Letter from D. Hilleman to J. Olszewski (1/23/97) | DX 182 | AST0197363 | AST0197363 | R, H, 613 | 402 801(d)(2) 803(6) | Item/King |
| TX 1123 | Letter from D. Hilleman to J. Olszewski (1/12/96) | DX 174 | AST0081121 | AST0081121 | R, H, 613 | 402 801(d)(2) 803(6) | Item/King |
| TX 1124 | Letter from D. Hilleman to R. White (10/31/95) | DX 168 | AST0202935 | AST0202936 | R, H, 613 | 402 801(d)(2) 803(6) | Item/King |

* Note: The parties have agreed to cooperate to remove duplicates from the exhibit list after the pretrial order is filed.

**EXHIBIT 7**
**Defendants' Trial Exhibit List**

| Trial Exhibit No. | Summary | Deposition Exhibit No. | Bates Begin | Bates End | FRE Bases for Objection | FRE Bases for Admission | Case |
|---|---|---|---|---|---|---|---|
| TX 1125 | Letter from D. LeMon to B. Carter (8/17/98) | | AST0186824 | AST0186824 | H, R, | 402 801(d)(2) 803(6) | Item/King |
| TX 1126 | Letter from G. Stefanov to D. Hilleman (6/9/97) | DX 185 | AST0197429 | AST0197429 | R, 613 | 402 | Item/King |
| TX 1127 | Letter from G. Stefanov to D. Hilleman (10/2/95) | DX 172 | AST0202942 | AST0202942 | R, 613 | 402 | Item/King |
| TX 1128 | Letter from J. Leppo to J. Olszewski (12/22/95) | DX 194 | AST0043954 | AST0043954 | H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1129 | Letter from J. Olszewski to A. Iskandian (4/4/96) | DX 228 | AST0197482 | AST0197482 | R | 402 | Item/King |
| TX 1130 | Letter from J. Olszewski to A. Iskandian (4/26/02) | DX 238 | AST0205336 | AST0205337 | R | 402 | Item/King |
| TX 1131 | Letter from J. Olszewski to A. Iskandian (5/5/04) | DX 240 | AST0205406 | AST0205407 | R | 402 | Item/King |
| TX 1132 | Letter from J. Olszewski to A. Iskandian (1/2/96) | DX 225 | AST0178169 | AST0178169 | R | 402 | Item/King |
| TX 1133 | Letter from J. Olszewski to A. Iskandian (5/3/00) | DX 235 | AST0202183 | AST0202183 | R | 402 | Item/King |
| TX 1134 | Letter from J. Olszewski to A. Iskandian (7/29/99) | DX 233 | AST0199850 | AST0199850 | R | 402 | Item/King |
| TX 1135 | Letter from J. Olszewski to D. Hilleman (10/7/96) | DX 180 | AST0197487 | AST0197487 | R, 613 | 402 | Item/King |
| TX 1136 | Letter from J. Olszewski to D. Hilleman (11/17/95) | DX 171 | AST0202932 | AST0202932 | R, 613 | 402 | Item/King |
| TX 1137 | Letter from J. Olszewski to D. Hilleman (3/27/97) | DX 183 | AST0197364 | AST0197364 | R, 613 | 402 | Item/King |
| TX 1138 | Letter from J. Olszewski to D. Hilleman (2/26/96) | DX 175 | AST0197365 | AST0197365 | R, 613 | 402 | Item/King |
| TX 1139 | Letter from J. Olszewski to M. Cerqueira (3/14/96) | DX 227 | AST0199495 | AST0199495 | R | 402 | Item/King |
| TX 1140 | Letter from J. Olszewski to M. Shahaway (12/9/96) | DX 229 | AST0194533 | AST0194533 | R | 402 | Item/King |
| TX 1141 | Letter from J. Olszewski to S. Mohiuddin (4/5/96) | DX 179 | AST0198466 | AST0198466 | R, 613 | 402 | Item/King |
| TX 1142 | Letter from M. Cerqueira to J. Olszewski (8/28/98) | DX 211 | AST0194715 | AST0194715 | R | 402 | Item/King |
| TX 1143 | Letter from S. Carter to J. Olszewski (4/22/01) | DX 222 | AST0200026 | AST0200027 | R | 402 | Item/King |
| TX 1144 | Letter from S. Mohiuddin to V. Lang (6/5/00) | DX 187 | AST0200626 | AST0200626 | R, 613 | 402 | Item/King |
| TX 1145 | M.A. Hurwitz & R.E.Caves, "Persuasion or Information? Promotion and the Shares of Brand Name and Generic Pharmaceuticals," J. Law and Economics 31(2): 299-320 (Oct. 1988) | | SIC011904 | SIC011926 | Dup | * | Item/King |
| TX 1146 | M.B. Rosenthal, et al. "Demand Effects of Recent Changes in Prescription Drug Promotion," The Henry Kaiser Family Foundation (June 2003) | | SIC011967 | SIC012002 | Dup, H, R, A | * 402 703 | Item/King |
| TX 1147 | M.J. Holmberg, et al. "Outcomes and costs of positron emission tomography: comparison of intravenous adenosine and intravenous dipyridamole," Clin. Therapeutics 19(3): 570-581 (May-June 1997) | DX 29 | ID0014134 | ID0014145 | H | 703 | Item/King |
| TX 1148 | Memorandum from B. Nelligan to J. Grossmann (10/30/97) | DX 203 | AST0043909 | AST0043909 | H, R, A | 402 801(d)(2) 803(6) | Item/King |
| TX 1149 | Memorandum from J. Olszewski to J. Leppo (2/13/96) | DX 196 | AST0198990 | AST0198990 | R | 402 | Item/King |
| TX 1150 | Memorandum from J. Olszewski to K. Lewis (7/7/97) | DX 243 | AST0079952 | AST0079953 | R | 402 | Item/King |
| TX 1151 | Memorandum to R. White from J. Olszewski (5/2/95) | DX 191 | AST0178184 | AST0178187 | R | 402 | Item/King |

* Note: The parties have agreed to cooperate to remove duplicates from the exhibit list after the pretrial order is filed.

**EXHIBIT 7**
**Defendants' Trial Exhibit List**

| Trial Exhibit No. | Summary | Deposition Exhibit No. | Bates Begin | Bates End | FRE Bases for Objection | FRE Bases for Admission | Case |
|---|---|---|---|---|---|---|---|
| TX 1152 | Memorandum from B. Nelligan to J. Olszewski (2/17/01) | DX 221 | AST0044120 | AST0044122 | H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1153 | Memorandum from J. Sage to D. Elsmore, et al. (10/16/01) | DX 246 | AST0110569 | AST0110571 | H, R | 402 801(d)(2) 803(6) | Item/King |
| TX 1154 | P. Manchanda and P.K. Chintagunta, "Responsiveness of Physician Prescription Behavior to Salesforce Effort: An Individual Level Analysis," Marketing Letters 15:2-3, 129-145 (2004) | | SIC011887 | SIC011903 | Dup, H, R | * 402 801(d)(2) 803(6) | Item/King |
| TX 1155 | Agreement between Fujisawa USA, Inc. and D. Hilleman (3/7/96) | DX 178 | AST0197560 | AST0197561 | R, 613 | 402 | Item/King |
| TX 1156 | Agreement between Fujisawa USA, Inc. and S. Mohiuddin (3/7/96) | DX 177 | AST0198464 | AST0198465 | R, 613 | 402 | Item/King |
| TX 1157 | S. Stern & M. Trajtenberg, "Empirical Implications of Physician Authority in Pharmaceutical Decisionmaking," NBER Working Paper (Dec. 1998) | | SIC011783 | SIC0117826 | Dup, R, H, A | * 402 703 | Item/King |
| TX 1158 | Memorandum from M. Snyder to R. Blevins, et al. (12/26/95) | | K09355 | K09367 | H, A | 801(d)(2) 803(6) | Item/King |
| TX 1160 | Memorandum from J. Olszewski to R. White (with attachments) (12/3/95) | DX 224 | AST0178189 | AST0178194 | R | 402 | Item/King |
| TX 1162 | U.S. Department of Justice and the Federal Trade Commission, "Horizontal Merger Guidelines," Section 1.41, accessible at http://www.usdoj.gov/atr/public/guidelines/hmg.htm#14 (last revised 4/8/97) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | R | 402 | Item/King |
| TX 1165 | USGAO, "Prescription Drugs: FDA Oversight of Direct-to-Consumer Advertising Has Limitations," GAO-03-177 (Oct. 2002) | | SIC011930 | SIC011966 | R | 402 | Item/King |
| TX 1167 | U.S. Patent No. 5,070,877 | DX 3 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1169 | A. Öwall, et al. "Clinical experience with adenosine for controlled hypotension during cerebral aneurysm surgery," Anesth. Analg. 66: 229-34 (Mar. 1987) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1170 | A. Sollevi, et al. "Cardiovascular effects of adenosine during controlled hypotension in cerebral artery aneurysm surgery," Anesthesiology 59(3): A9 (Sept. 1983) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1171 | A. Sollevi, et al. "Cardiovascular Effects of Adenosine in Man; Possible Clinical Implications," Progress in Neurobiology 27: 319- 349 (1986) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |

* Note: The parties have agreed to cooperate to remove duplicates from the exhibit list after the pretrial order is filed.

**EXHIBIT 7**
**Defendants' Trial Exhibit List**

| Trial Exhibit No. | Summary | Deposition Exhibit No. | Bates Begin | Bates End | FRE Bases for Objection | FRE Bases for Admission | Case |
|---|---|---|---|---|---|---|---|
| TX 1172 | A. Sollevi, et al. "Controlled hypotension with adenosine in cerebral aneurysm surgery," Anesthesiology 61: 400-405 (Oct. 1984) | DX 378 | AST0009542 | AST0009547 | Dup | * | King |
| TX 1173 | A. Sollevi, et al. "Theophylline antagonizes cardiovascular responses to dipyridamole in man without affecting increases in plasma adenosine," Acta Physiol. Scand. 121: 165-171 (June 1984) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1174 | A.S. Iskandrian, et al. "Dipyridamole cardiac imaging," Am. Heart J. 115(2): 432-443 (Feb. 1988) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1175 | Assignment of U.S. Patent Application No. 231,217 (4/7/89) | DX 14 | AST0068043 | AST0068044 | Dup | * | King |
| TX 1176 | Assignment U.S. Patent Application No. 231,217 (7/15/88) | DX 13 | K01870 | K01871 | Dup | * | King |
| TX 1177 | B.G. Brown, et al. "Intravenous dipyridamole combined with isometric handgrip for near maximal acute increase in coronary flow in patients with coronary artery disease," Am. J. Cardiology (Dec. 1981) | DX 256 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1178 | B.L. Zaret, et al. "Noninvasive regional myocardial perfusion with radioactive potassium: study of patients at rest, with exercise, and during angina pectoris," New Engl. J. Med. 288: 809-812 (Apr. 1973) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | | King |
| TX 1179 | U.S. Patent No. 5,731,296 | PX 148 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1180 | E. Lebowitz, et al. "Thallium-201 for medical use," J. Nucl. Med. 16: 151-155 (Feb. 1975) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | | | King |
| TX 1181 | G.W. Hamilton, et al. "Myocardial Imaging with Thallium 201: Effect of Cardiac Drugs on Myocardial Images and Absolute Tissue Distribution," J. Nucl. Med. 19:10-16 (1978) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | | | King |
| TX 1182 | Excerpt from Goodman & Gilman, The Pharmacological Basis of Therapeutics (Macmillan Publishing Co.)(7th ed.) (1985) | PX 206 | SIC011640 | SIC011645 | Dup | * | King |
| TX 1183 | H.W. Strauss & B. Pitt (eds.), Cardiovascular Nuclear Medicine, The C.V. Mosby Co. (2nd Ed.) 243-252 (1979) | PX 152 | SIC012110 | SIC012121 | Dup | * | King |
| TX 1184 | H.W. Strauss & B. Pitt, "Noninvasive detection of subcritical coronary arterial narrowings with a coronary vasodilator and myocardial perfusion imaging," Am. J. Cardiol. 30: 403-406 (Mar. 1977) | PX 151 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |

* Note: The parties have agreed to cooperate to remove duplicates from the exhibit list after the pretrial order is filed.

**EXHIBIT 7**
**Defendants' Trial Exhibit List**

| Trial Exhibit No. | Summary | Deposition Exhibit No. | Bates Begin | Bates End | FRE Bases for Objection | FRE Bases for Admission | Case |
|---|---|---|---|---|---|---|---|
| TX 1185 | I.O. Biaggioni, et al., "Cardiovascular and respiratory effects of adenosine in conscious man: evidence for chemoreceptor activation, Circ. Research 61(6): 779-786 (Dec. 1987) | | AST0000520 | AST0000527 | Dup | * | King |
| TX 1186 | I.O. Biaggioni, et al., "Cardiovascular effects of adenosine infusion in man and their modulation by dipyridamole," Life Sciences 39: 2229-2236 (1986) | DX 420 | AST0009554 | AST0009561 | Dup | * | King |
| TX 1187 | I.O. Biaggioni, et al., "Humoral and hemodynamic effects of adenosine infusion in man," Clinical Res. 33(2): 280A (Apr. 1985) | DX 376 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1188 | J. Leppo, et al., "Quantitative thallium-201 redistribution with a fixed coronary stenosis in dogs," Circulation 63(3): 632-639 (Mar. 1981) | PX 199 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1189 | J.A. Rumberger, et al., "Use of ultrafast computed tomography to quantitate regional myocardial perfusion: A preliminary report," J. Am. Coll. Cardiol.  9(1): 59-69  (Jan. 1987) | PX 212 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1190 | K.L. Gould, "Pharmacologic Intervention as an Alternative to Exercise Stress," Seminars in Nucl. Med. XVII(2): 121-130 (Apr. 1987) | | AST0067990 | AST0067998 | Dup | * | King |
| TX 1191 | K.L. Gould, et al., "Noninvasive assessment of coronary stenoses by myocardial imaging during pharmacologic coronary vasodilation. II. Clinical methodology and feasibility," Am. J. Cardiology 41: 279-287 (Feb. 1978) | DX 254 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1192 | K.L. Gould, et al., "Thallium-201 myocardial imaging during coronary vasodilation induced by oral dipyridamole," J. Nucl. Med. 27:31-36 (Jan. 1986) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Multiple documents Biaggioni attached | Corrected exhibit provided | King |
| TX 1193 | Karolinska Institute Request to the Ethics Committee of the Karolinska Institute, Sweden (12/28/87) | | SIC010937 | SIC010951 | Dup | * | King |
| TX 1194 | Letter from D. Hilleman to G. Salzberg (9/15/87) | DX 33 | K05445 | K05445 | Dup | * | King |
| TX 1195 | Letter from R. Blevins to S. Mohiuddin (1/9/89) | DX 10 | K07049 | K07050 | | | King |
| TX 1197 | Letter from W. Govier to FDA (12/9/87) | DX 8 | AST0009417 | AST0009504 | Dup | * | King |
| TX 1198 | M. Josephson, et al. "Noninvasive detection and localization of coronary stenoses in patients: comparison of resting dipyridamole and exercise thallium-201 myocardial perfusion imaging," Am. Heart J. 103(6): 1008-1018 (1982) | DX 257 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1199 | M. Kawana, et al. "Use of 199Ti as a potassium analog in scanning," J. Nucl. Med. 11: 333 (June 1970) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | | | King |

* Note: The parties have agreed to cooperate to remove duplicates from the exhibit list after the pretrial order is filed.

**EXHIBIT 7**
**Defendants' Trial Exhibit List**

| Trial Exhibit No. | Summary | Deposition Exhibit No. | Bates Begin | Bates End | FRE Bases for Objection | FRE Bases for Admission | Case |
|---|---|---|---|---|---|---|---|
| TX 1200 | M. Lagerkranser, et al., "Central and splanchnic hemodynamics in the dog during controlled hypotension with adenosine," Anesth. 60: 547-552 (June 1984) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1201 | Document entitled "Clinical Utility of Adenosine in Radionuclide Myocardial Imaging" | DX 4 | AST0001042 | AST0001052 | Dup | * | King |
| TX 1202 | P.C. Albro, et al. "Noninvasive assessment of coronary stenoses by myocardial imaging during pharmacologic coronary vasodilation. III. Clinical trial," Am. J. Cardiology 42: 751-760 (1978) | DX 255 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1203 | P.J. Hurley, et al. "43KCl: A new radiopharmaceutical for imaging the heart," J. Nucl. Med. 12: 516-519 (1971) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | | | King |
| TX 1206 | R.M. Berne, "Nucleotides in hypoxia: possible role in regulation of coronary blood flow,"   Am. J. Physiology 317-322 (1963) | DX 381 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1207 | R.M. Berne, "The Role of Adenosine in the Regulation of Coronary Blood Flow," Circulation Research 47(6): 807-813 (Dec. 1980) | DX 380 | AST0008462 | AST0008468 | Dup | * | King |
| TX 1208 | R.W. Fuller, et al. "Circulatory and respiratory effects of infused adenosine in conscious man," Br. J. Clin. Pharma., 24: 309-317 (Sept. 1987) | DX 377 | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1209 | S. Homma, et al. "Usefulness of oral dipyridamole suspension for stress thallium imaging without exercise in the detection of coronary artery disease," Am. J. Cardiol. 57:503-508 (Mar. 1986) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1210 | T.B.G. Conradson, et al., "Cardiovascular effects of infused adenosine in man: potentiation by dipyridamole," Acta Physiol. Scand. 129:387-391 (Mar. 1987) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | Dup | * | King |
| TX 1211 | T.B.G. Conradson, et al., "Effects of adenosine on autonomic control of heart rate in man," Acta Physiol. Scand. 131:525-531 (Dec. 1987) | | Deposition exhibit not Bates stamped | Deposition exhibit not Bates stamped | | | King |

* Note: The parties have agreed to cooperate to remove duplicates from the exhibit list after the pretrial order is filed.

# EXHIBIT　8

## **EXHIBIT 8A**

### **Plaintiffs' List of Witness to Be Called Live or By Deposition**

1.     Plaintiffs King Pharmaceuticals Research and Development, Inc., Astellas US LLC, and Astellas Pharma US, Inc. (collectively "King and Astellas") expect to call some or all of the witnesses identified below either live or by deposition (transcript or video).

2.     King and Astellas reserve the right to call substitute witnesses to the extent that a witness's circumstances change, or a witness otherwise becomes unavailable for trial.  Sicor further reserves the right to call any witness for impeachment purposes.

3.     King and Astellas reserve the right to call at trial any witness who appears on Defendants' List of Witnesses to Be Called Live or By Deposition, attached hereto as Exhibit 9A.  If any of Defendants' witnesses fail to appear at trial, King and Astellas reserve the right to use their deposition testimony.

4.     King and Astellas reserve the right to call one or more witnesses whose testimony is necessary to establish the admissibility of a trial exhibit if the admissibility of the exhibit is challenged by the defendants.

5.     The following is a list of witnesses whom King and Astellas may call at trial, either in person or by deposition:

| | |
|---|---|
| Allyn Becker (individually and/or 30(b)(6)) | Live or by deposition |
| Roger Blevins | By deposition |
| Dr. Manuel Cerqueira | Live |
| Dr. Joel Hay | Live |
| Sonia Hernandez (30(b)(6)) | By deposition |
| Dr. Daniel Hilleman | By deposition |
| Catherine Klose | Live |
| Craig Lea (individually and/or 30(b)(6)) | Live or by deposition |
| Niklas Mattsson | Live |
| Dr. Syed Mohiuddin | By deposition |

| | |
|---|---|
| Leonard Rosenberg (individually and/or 30(b)(6)) | Live or by deposition |
| Gail Salzberg | By deposition |
| Dr. Frans Wackers | Live |
| Richard White | Live |
| Dr. H. William Strauss | Live or by deposition |

## EXHIBIT 8B

## Plaintiffs' List of Rebuttal Witness to Be Called
## Live or By Deposition

1.      King and Astellas hereby identify the following fact witnesses and expert

witnesses who may be called to present fact testimony at trial either live or by deposition

(transcript or video):

    1.      Any witness or category of witness previously identified by King and Astellas in the Plaintiffs' List of Witnesses to Be Called Live or By Deposition, attached hereto as Exhibit 8A;

    2.      One or more witnesses to provide foundational testimony should Defendants contest the authenticity or admissibility of any materials to be proffered at trial;

    3.      Any witness or category of witnesses identified by Defendants in either Defendants' List of Witnesses to Be Called Live or By Deposition, attached hereto as Exhibit 9A, or Defendants' List of Rebuttal Witness to Be Called Live or By Deposition, attached hereto as Exhibit 9B, not excluded pursuant to King's and Astellas' objections; and

    4.      Substitute witnesses, to the extent that the employment of any witness changes or a witness otherwise becomes unavailable for trial.

2.      King and Astellas further reserve the right to designate or counter-

designate portions of deposition transcripts in rebuttal and/or to render complete any

deposition designations made by Defendants.

## EXHIBIT 8C

### Plaintiffs' Statement of the Qualifications of
### Experts to Be Called as Witnesses at Trial

I.    **Frans Wackers, M.D., Ph.D.**

1.    Dr. Wackers is an expert in the fields of cardiology, nuclear cardiology, myocardial perfusion imaging, coronary disease, cardiac stress testing, and vasodilators including adenosine and dipyridamole.

2.    As one of the pioneers of perfusion imaging, Dr. Wackers has over 30 years experience and is intimately familiar with the technology and its use for diagnosing cardiovascular disease.

3.    Dr. Wackers also possesses more than 20 years experience in the use of pharmacological stressors for use during cardiac perfusion imaging .

4.    Dr. Wackers has published hundreds of articles, reviewed numerous manuscripts submitted to journals, and instructed a generation of medical students and fellows in his areas of expertise.

5.    Dr. Wackers is one of the founders of the American Society for Nuclear Cardiology, which acts to increase the quality of patient care through physician education and certification, protocol standardization, and nuclear facility accreditation.

6.    At Yale New Haven Hospital, Dr. Wackers has held the position of Director of the Radionuclide Core Laboratory, the Exercise Laboratory, and the Cardiovascular Nuclear Imaging and Exercise Laboratories and of Co-Director of the Chest Pain Center in the Section of Emergency Medicine.

7.      Dr. Wackers serves or has served on the editorial boards of three of the most prestigious journals in his field and currently is an attending physician at Yale New Haven Hospital.

## II.      Joel Hay, Ph.D.

1.      Dr. Hay is an expert in health economics and pharmaceutical economics. He has a comprehensive understanding of regression analysis and the economic theories related to pharmaceutical pricing and drug market analysis.

2.      Dr. Hay has instructed graduate students, published numerous peer reviewed articles, and advised many government agencies and charitable foundations on these subjects.

3.      Currently, Dr. Hay serves as an Associate Professor and the Founding Chair of the Department of Pharmaceutical Economics and Policy at the University of Southern California School of Pharmacy, the largest and most prominent university department focused primarily on pharmaceutical economics.

## III.      Manuel D. Cerqueira, M.D.

4.      Dr. Cerqueira is an expert in the fields of cardiology and nuclear cardiology, particularly as it relates to the safety of pharmacological agents used in myocardial perfusion imaging.

5.      Dr. Cerqueira possesses extensive clinical experience performing exercise and pharmacological stress testing for the diagnosis of coronary disease, has published numerous research articles relating to this topic, and has instructed medical students and fellows in his field of expertise for over 15 years.

6.      Dr. Cerqueira has received awards for his research and is the present Chairman of Molecular and Functional Imaging and a staff cardiologist in the Section of Cardiovascular Imaging at the Cleveland Clinic Heart Center.

**IV.     <u>Niklas Mattsson</u>**

7.      Mr. Mattsson is an expert in the field of the European Patent Convention ("EPC"), particularly regarding the meaning of "publicly available" under the EPC.  He has co-authored articles in intellectual property publications and frequently lectures at intellectual property seminars and meetings.

8.      Mr. Mattson is an authorized European Patent Attorney, a member of the International Federation of Intellectual Property Attorneys, the Swedish Association for the Protection of Intellectual Property, the Association of Swedish Patent Attorneys, and the Institute of Professional Representatives before the European Patent Office.

9.      Mr. Mattsson is also a partner in the international law firm Awapatent AB at their office in Stockholm, Sweden.

# EXHIBIT   9

## EXHIBIT 9A

## Defendants' List of Witness to Be Called
## Live or By Deposition

1.      Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor") expect to call some or all of the witnesses identified below either live or by deposition.

2.      Sicor reserves the right to call substitute witnesses to the extent that a witness's circumstances change, or a witness otherwise becomes unavailable for trial. Sicor further reserves the right to call any witness for impeachment purposes.

3.      Sicor reserves the right to call at trial any witness who appears on Plaintiffs' List of Witnesses to Be Called Live or By Deposition, attached hereto as Exhibit 8A.  If any of Plaintiffs' witnesses fail to appear at trial, Sicor reserves the right to use their deposition testimony.

4.      The following is a list of witnesses whom Sicor may call at trial, either in person or by deposition:

Dr. H. William Strauss

Keith B. Leffler, Ph.D.

Dr. Manuel D. Cerqueira

Dr. Daniel Hilleman

Ms. Catherine Klose (individual and/or 30(b)(6))

Dr. Syed Mohiuddin

Mr. Gerald Olszewski (individual and/or 30(b)(6))

Ms. Gail Salzberg

Dr. Frans J. Th. Wackers

Mr. Richard White (individual and/or 30(b)(6))

**EXHIBIT 9B**

**Defendants' List of Rebuttal Witness to Be Called
Live or By Deposition**

1.      Sicor refers to Defendants' List of Witnesses to Be Called Live or By Deposition, attached hereto as Exhibit 9A, and states that Sicor does not expect to call any additional witnesses.

2.      Sicor may call in rebuttal any of the witnesses that it has previously disclosed.  Sicor further reserves the right to designate or counter-designate portions of deposition transcripts in rebuttal and/or to render complete any deposition designations made by Plaintiffs.

## EXHIBIT 9C

## Defendants' Statement of the Qualifications of
## Experts to Be Called as Witnesses at Trial

**I.**    **Dr. H. William Strauss**

1.    Dr. H. William Strauss is an expert in, among others, the field of Nuclear Medicine and the use of pharmacological stressors, in particular vasodilators, in myocardial perfusion imaging. Dr. Strauss has been the Nuclear Medicine Program Training Director at Memorial Sloan Kettering Cancer Center since 2001. He is also a Professor of Radiology at the Weill Medical College of Cornell University.

2.    Dr. Strauss has been a practicing physician for thirty-two of the last thirty-four years. Throughout his career, he has specialized in nuclear medicine. Dr. Strauss has been certified by the American Board of Nuclear Medicine since 1972.

3.    Dr. Strauss earned his Doctor of Medicine degree from the State University of New York Downstate Medical Center in Brooklyn, New York in June of 1965. From 1968-1970, he was a nuclear medicine fellow at Johns Hopkins Medical Institutions.

4.    Dr. Strauss has conducted extensive research in the field of Nuclear Medicine, including research concerning the use of pharmacological stressors, in particular vasodilators, for use in myocardial perfusion imaging.

5.    Dr. Strauss has also served on various editorial boards for professional journals. He is currently a member of the editorial board for the Journal of Nuclear Cardiology and the Journal of Nuclear Medicine.

II.    **Dr. Keith Leffler**

1.      Dr. Leffler is an expert in the field of economics.  He received his Master's degree and Ph.D. from U.C.L.A. in 1974 and 1977, respectively.  He has taught undergraduate and graduate level economics courses for over thirty years, and is presently an Associate Professor of Economics at the University of Washington.

2.      Dr. Leffler has extensive experience in the economics of the pharmaceutical industry, including economic analysis related to the impact on sales of various business practices in the pharmaceutical industry and how product characteristics and marketing interact to influence prescription drug sales.  His experience includes funded research projects, consulting work on matters involving litigation of pharmaceutical patents, and work as a visiting research scholar at Pfizer Pharmaceuticals from 1977-1978 on competition, research and development and marketing issues related to pharmaceuticals.

3.      Dr. Leffler has published numerous articles on the topics of advertising and the pharmaceutical industry, and served as Associate Editor on two economics journals.

# EXHIBIT   10

**EXHIBIT 10**

**Brief Statement of Proof at Trial**

The Plaintiffs may prove such matters as set forth in their final contentions, expert reports,

interrogatory responses and depositions and to respond as may be required to meet any defense

asserted by Defendants at trial.  By way of brief summary Plaintiffs will prove.

**The Asserted  Claims**

1.       For purposes of determining infringement of the '877 patent by Defendants' ANDA No.

77-423, Plaintiffs will assert at trial only claims 23(17), 23(18) and 43.  Claim 23 is a multiply

dependent claim dependent on any one of claims 17, 18, or 19.  It is legally equivalent to three

individual dependent claims, one dependent on claim 17, one dependent on claim 18, and one

dependent on claim 19.  "Claim 23(18)," for example, refers to claim 23, as dependent from

claim 18.  See Pretrial Order Exh. 4, Section 1(C) ¶ 10.  Claims 23(17) and 23(18) are illustrative

and read:

> **17.**  A method of detecting the presence and assessing the severity
> of coronary artery disease in a human comprising the steps of:
>
>   (a) administering by an intravenous route to said human about 20
> mcg/kg/minute to about 200 mcg/kg/minute of an adenosine
> receptor agonist sufficient to provide coronary artery dilation
>
>   (b) administering a radiopharmaceutical agent into said human;
> and
>
>   (c) performing radiopharmaceutical myocardial perfusion
> imaging on said human in order to detect the presence and assess
> the severity of coronary artery disease.
>
> **18.**  The method of claim **17** wherein said adenosine receptor
> agonist is administered by intravenous infusion in a dosage of
> about 140 mcg/kg/minute.
>
> **23.**  The method of claim **17**, **19** or **18**, wherein said adenosine
> receptor agonist is adenosine.

2.     Claim 23(17) specifies use of an effective amount of adenosine in the range of 20 to 200 mcg/kg/min.  Claim 23(18) recites use of 140 mcg/kg/min.

3.     The asserted claims, particularly Claim 23(18), closely track the instructions for use of Adenoscan® in the FDA-approved package insert that Sicor has copied for its product, and infringement is conceded.

4.     For purposes of the ensuing summary, familiarity with the Brief Statement of Proof at Trial for the Item case is presumed.

## The Patented Invention

5.     The invention was based on experiments conducted by Drs. Mohiuddin and Hilleman of Creighton University on actual human heart patients to determine (1) if continuous infusion of adenosine could be used to image the human heart and (2) if an adenosine dose could be found that would sufficiently stress the heart to obtain reliable diagnostic images while still being tolerable by patients with potentially severe coronary artery disease.  Mohiuddin Dep. at 38:12-40:7, Mar. 2, 2006.  Those experiments revealed that adenosine could be used for this purpose and that the dose of 140 mg/kg/min, though often uncomfortable, could be safely used to obtain reliable diagnostic images.

6.     The invention was disclosed in a patent application filed on August 11, 1988 (TX-059).

## The Prior Art Taught Away from Use of Adenosine as a Pharmacological Stress Agent in Human Heart Patients

7.     As reflected in the Item Pre-Trial Order in the Brief Statement of Proof at Trial, the prior art was replete with concerns regarding the safety of administering adenosine alone by continuous infusion.

8.     These safety concerns included disruption of electrical conduction in the heart (so-called "AV-block"), sharp decreases in blood pressure, uric acid build-up (and the risk of resulting

2

kidney dysfunction), deprivation of blood flow to portions of the heart muscle, chest pain, and myocardial infarction.

9.    Adenosine's exceptionally short duration of action was also viewed as precluding ultimate use in humans.  See Maguire 1971 (TX-214).

10.    Consistent with the bias in the art against using adenosine itself, the original work developing the technique of myocardial perfusion imaging in 1977 was done using "ethyl adenosine."  This compound was an adenosine analog thought to be longer-acting and not to cause a significant drop in blood pressure.  Strauss 1977 (TX-230); Somani (TX-176).

11.    Highlighting the unpredictability of extrapolating animal testing to human patients, ethyl adenosine was later found to cause angina in human patients.  Irshad (TX-259).

12.    The field turned instead to "dipyridamole," which was longer acting (half life about 30 minutes), acted indirectly by preventing breakdown of endogenous adenosine (although other actions were reported in the literature), and could be counteracted by "aminophylline" in case of untoward reactions.  Marcus 1983 (TX-217).

13.    The requirements for a pharmacologic stress agent were well defined by 1988.  In addition to dilating coronary arteries, the drug had to have "an insignificant systemic effect" and have "an effect that lasts for at least three minutes."  Iskandrian 1988.  Adenosine, with a half life in humans of only about 10 seconds, had a well documented risk of systemic effects, particularly the potential to significantly reduce blood pressure (hypotension).  Not surprisingly, the published scientific literature was devoid of any suggestion for human use of adenosine itself as a pharmacological stress agent.

14. Indeed, it had been noted as early as 1983 that "[b]ecause of the hypotensive effects of adenosine, it is not utilized clinically to produce maximal coronary dilation." Marcus 1983 (TX-217) at 430.

15. The perceptions that precluded earlier consideration of adenosine as a pharmacological stress agent were widely acknowledged in the subsequent literature. A 1990 publication stated:

> Despite the widespread use of adenosine in animal studies, concern over adenosine-induced hypotension and heart block have hampered its use in humans.

*See* Wilson 1990 (TX-046) at 1596.

16. Another 1990 publication stated:

> "[d]espite [its] interesting characteristics, adenosine never achieved clinical usefulness; rather it found a staid, but secure, role over the years as a short-acting vasodilating agent in experimental animal studies, especially those involving the coronary circulation."

*See* Pantely 1990 (TX-047) at 1854.

17. Even after the publication of Dr. Sollevi's work, the scientific community remained cautious about administering continuous infusions of adenosine to patients with heart disease.

18. Indeed, a 1987 Sollevi scientific publication counseled against the use of adenosine infusion in heart patients, noting irregular heartbeats caused by the drug in patients who had suffered heart attacks. Owall 1987 (TX-132).

19. Although at least 20 different cardiology groups were working with adenosine to treat arrhythmia (PSVT), nobody proposed use of adenosine as a pharmacological stress agent before Drs. Mohiuddin and Hilleman did. Salzberg Dep. at 15:2-17:14, May 2, 2006.

## There Was No Reasonable Expectation of Success

20. The problem confronted by the inventors of the '877 patent was multifaceted.

21.     The inventors did not know whether or not it was possible to get reliable images at all with adenosine in humans at any dose.  To avoid incorrectly diagnosing patients with coronary artery disease as healthy, the adenosine dose administered had to be high enough to dilate the coronary arteries sufficiently to obtain reliable images for diagnosis.

22.     Moreover, myocardial perfusion imaging had to be performed on patients with potentially severe heart disease.  Consequently, the inventors did not know whether or not they could achieve reliable images at doses that could be tolerated by such patients.

23.     Prior to conducting the experiments, there was no way to know whether such a dose existed or, if so, what it was without testing in human patients.

24.     Indeed, there was no clear indication of what was a tolerable dose even in young healthy volunteers.

25.     A 1986 report of a study of healthy volunteers reported that 2 of 7 subjects could not tolerate doses over 100 mcg/kg/min.  Biaggioni 1986 (TX-048).

26.     Other similar experiments in normal volunteers also produced conflicting results.  For example, a 1987 study by Conradson (TX-220) reported that two patients could not tolerate 90 mcg/kg/min, three more could not tolerate 100 mcg/kg/min, and only three of eight patients could tolerate 100 mcg/kg/min.

27.     Low doses that do not create any patient discomfort at all may not provide sufficient coronary artery dilation to detect the presence of coronary artery disease.  Wilson 1990 (TX-046).

### Neither Sollevi Example XIII Nor the Karolinska Request Is Invalidating Prior Art

28.     The only other suggestion to do the experiment done by Drs. Mohiuddin and Hilleman was made by Dr. Sollevi.  He added an Example XIII to his patent application on December 27, 1987, proposing the use of adenosine in lieu of dipyridamole in the conventional myocardial

5

perfusion imaging protocol. '296 Patent (TX-001). On the same day, he submitted a request to the Ethics Board of the Karolinska Hospital (the Karolinska request) (TX-239) to do a related experiment.

29.     Example XIII contains a half column prophetic suggestion on the use of adenosine in connection with myocardial imaging. Example XIII of the '296 patent does not identify adenosine doses that were both tolerable and effective for reliable diagnosis. It states instead that "[t]he exact dose will normally have to be titrated individually" and goes on to speculate that the dose "should lie in the range of 10 to 150 [mcg/kg/min]." *See* TX-001 at col. 21, ll. 59-61. While titration is proposed, the end point of the titration is not.

30.     Example XIII is not prior art to the '877 inventors because they had previously conceived and thereafter diligently reduced to practice the concept proposed in Example XIII. Moreover, Example XIII does not disclose or render obvious the 140 mcg/kg/min dose determined through actual experimentation and set forth in claim 23(18).

## Sollevi Example XIII Is Not Prior Art

31.     Medco agreed to provide adenosine for the imaging studies proposed by Drs. Hilleman and Mohiuddin and filed the appropriate Investigational New Drug application ("IND") with the FDA on December 9, 1987 -- before the December 28, 1987 filing of Dr. Sollevi's Example XIII.

32.     The original protocols for those clinical trials proposed (as Dr. Sollevi did later) to determine if there was an appropriate dose by titration--the gradual escalation of the dose. The IND proposed to titrate until one of a number of end points was reached, including appearance of disabling side effects. Once the maximal tolerable does was reached, myocardial perfusion imaging was to be performed.

33.     Following a mandatory waiting period for government review of the IND, the inventors proceeded diligently to conduct the experiments. Studies C-1A and C-1B (TX-072).

34.     By May of 1988, the inventors had succeeded in diagnosing coronary artery disease in an actual heart patient who had received an adenosine infusion at 140 mcg/kg/min rather than exercising on a treadmill.  (TX-072 at AST0004357).

35.     Thus, the '877 patent inventors were in possession of as much of the invention as Dr. Sollevi's Example XIII disclosed before the December 28, 1987 effective filing date of Example XIII of the '296 patent, whereby Example XIII is not prior art to the '877 patent.  See Pretrial Order, Ex. 4, ¶ 12.

### The Karolinska Request is Not Prior Art

36.     The Karolinska Request is not itself prior art under any section of 35 U.S.C. §102 for the additional reason that it was outside the United States and Sicor cannot prove that the collection of ethics requests at the Karolinska Institute were indexed in any way that would have made them sufficiently accessible to constitute a "printed publication" under U.S. law.  See Pretrial Order, Ex. 4, ¶ 13.

### Neither Example XIII Nor the Karolinska Request Suggests the 140 mcg/kg/min Dose

37.     Moreover, Example XIII in the '296 patent does not specifically disclose a dose of about 140 mcg/kg/min.  That 140 mcg/kg/min may fall within the range of 10 to 150 mcg/kg/min is legally insufficient to constitute a disclosure of the 140 mcg/kg/min dose.  See Pretrial Order, Ex. 4, ¶ 11.

38.     The Karolinska Request, which represents Dr. Sollevi's actual proposal for testing the use of adenosine in connection with myocardial perfusion imaging, squarely establishes the nonobviousness of the claimed dose of about 140 mcg/kg/min by recommending a dose of 60 mcg/kg/min in order to avoid side effects and discomfort.  TX-239 at 5, 9-10.

## The Invention of the '877 Patent Was Met with Skepticism

39.  As was true for the '296 patent, the nonobviousness of the invention of the '877 patent was reflected by the reaction of others.

40.  Upon learning of the plans of Drs. Hilleman and Mohiuddin to test adenosine in myocardial perfusion imaging, the Director of Clinical Cardiology at the University of Minnesota wrote "I am not certain how effective and safe adenosine would be as a coronary vasodilator for this purpose…." TX-053.

41.  Following the publication of the work of Drs. Hilleman and Mohiuddin, Dr. Spiegler wrote a letter to the editor stating that he was "particularly disturbed by the electrocardiographic changes noted during the adenosine infusion." TX-169.  He further stated that "[o]nly further investigation will determine whether this will ultimately preclude routine use of adenosine as a pharmacological stress agent." *Id*.  *See also* Verani 1995 (TX-240) at 439-40; Verani 1992 (TX-300) at 1038 (referring to a "very appropriate concern" about the safety of adenosine); Wilson 1990 (TX-046) (commenting on the need for larger studies to establish safety).

42.  Other cardiologists in the field expressed concerns that adenosine would cause AV block and/or hypotension even after its use became known.  *See, e.g.*, Pantely 1990 (TX-047).

## Use of Adenosine is Superior to the Prior Art

43.  Studies relating to the invention of the '877 patent demonstrated the superiority of adenosine over dipyridamole as a pharmacological stress agent.

44.  Advantages such as adenosine's short half-life, its rapid onset, and its ability to cause maximal and more consistent vasodilation were important features that could affect patient safety as well as the comfort and efficacy of a pharmacological coronary stress test.  *See* Wackers 1990 (TX-186) at 1385.

45.    Dr. Strauss, Sicor's expert, uses adenosine in his own practice because of the "[r]apidity of the procedure and safety."  Strauss Dep. at 114:19.

46.    In contrast to adenosine, dipyridamole's long duration of action required extended medical supervision of patients receiving the drug and often required an "antidote" drug, aminophylline, that would relieve the uncomfortable and occasionally serious side effects. Johnston 1995 (TX-128).

47.    The effects of dipyridamole sometimes outlasted the effects of aminophylline, with the result that patients whose side effects were treated initially with aminophylline, could subsequently experience a recurrence of symptoms.  Wackers 1990 (TX-231).

## Adenoscan® Has Been a Dramatic Commercial Success

48.    As set forth in connection with the '296 patent in the Brief Statement of Proof at Trial in the Pre-Trial Order in the Item case, adenosine has been adopted and widely used as a pharmacologic stress agent in connection with myocardial perfusion imaging in the field.  It is now used in two-thirds of the pharmacologic stress tests being done even though it is dose-for-dose much more expensive than dipyridamole.  Its annual sales are about $300 million and represent over 90% of the value of the market for pharmacologic stress agents.  The success is due to technical superiority of the product, not advertising and promotion.

## Response to Defendants' Allegations

49.    In view of the foregoing, plaintiffs will prove at trial that:

a.    The asserted claims of the '877 patent are not anticipated under 35 U.S.C. § 102(e) by Example XIII of the '296 patent (TX-001), at least because that disclosure is not prior art to the '877 patent and does not disclose or render obvious the claimed 140 µg/kg/min infusion dose.

b.      The asserted claims of the '877 patent are not anticipated under 35 U.S.C.

§ 102(a) by the Karolinska Request (TX-239), for the reasons noted in

subparagraph a, above, and because the Karolinska Request is not a "printed

publication."

c.      The asserted claims of the '877 patent would not have been obvious under 35

U.S.C. § 103 over the '296 patent (TX-001) and/or the Karolinska Request (TX-

239), for the reasons noted in subparagraph b, above.

d.      The asserted claims of the '877 patent would not have been obvious under 35

U.S.C. § 103 over the '296 patent (TX-001) and/or the Karolinska Request (TX-

239)in view of one or more of the following publications:

1) Sollevi 1983 (TX-082);
2) Sollevi 1984b(TX-112).;
3) Sollevi 1986 (TX-266);
4) Biaggioni 1986 (TX-048);
5) Biaggioni 1987 (TX-226);
6) Conradson 1987 (TX-220);
7) Fuller 1987 (TX-111); or
8) Owall 1987 (TX-132)

For the reasons noted in subparagraph b, above, and because none of these

additional publications addresses adenosine infusion doses that are tolerable yet

diagnostically reliable for myocardial perfusion imaging in human heart patients.

e.      The asserted claims of the '877 patent would not have been obvious under 35

U.S.C. § 103 over Gould 1978 (TX-038) in combination with any of Sollevi 1983

(TX-082), Sollevi 1984b (TX-112), Sollevi 1986 (TX-266), the '296 patent

(TX-001), Biaggioni 1986 (TX-048), Biaggioni 1987 (TX-226), Conradson 1987

(TX-220), Fuller 1987 (TX-111, or Owall 1987 (TX-132), at least because Gould

describes use of dipyridamole, not adenosine, and because none of these

additional publications addresses adenosine infusion doses that are tolerable yet diagnostically reliable for myocardial perfusion imaging in human heart patients.

f.     The asserted claims of the '877 patent would not have been obvious under 35 U.S.C. § 103 over Albro 1978 (TX-093) in combination with any of the secondary references noted in subparagraph e, above at least because Albro describes use of dipyridamole, not adenosine, and because none of these additional publications addresses adenosine infusion doses that are tolerable yet diagnostically reliable for myocardial perfusion imaging in human heart patients.

g     The asserted claims of the '877 patent would not have been obvious under 35 U.S.C. § 103 over Iskandrian 1988 (TX-229) and Lagerkranser 1984 (TX-236) in combination with any of the secondary references referred to in subparagraph e above, at least because Iskandrian 1988 (TX-229) actually teaches away from use of adenosine, Lagerkranser 1984 (TX-236) relates to experiments in dogs, not human heart patients, and none of these additional publications addresses adenosine infusion doses that are tolerable yet diagnostically reliable for myocardial perfusion imaging in human heart patients.

h     The asserted claims of the '877 patent would not have been obvious under 35 U.S.C. § 103 over Strauss 1977 (TX-230) and any of Gould 1978 (TX-038), Albro (TX-093), or Iskandrian 1988 (TX-229) in combination with any of the secondary references referred to in subparagraph e, above, at least because Strauss employs ethyl adenosine, not adenosine and conducts his imaging in dogs, not human heart patients, and because none of these additional publications addresses

adenosine infusion doses that are tolerable yet diagnostically reliable for myocardial perfusion imaging in human heart patients.

i        The asserted claims of the '877 patent would not have been obvious under 35 U.S.C. § 103 over Leppo 1981 (TX-245) and any of the secondary references referred to in subparagraph h, above, at least because Leppo's experiments were in dogs, not human heart patients, and because none of these additional publications addresses adenosine infusion doses that are tolerable yet diagnostically reliable for myocardial perfusion imaging in human heart patients.

j.      Example XIII of the '296 patent (TX-001), the Karolinska Request (TX-239), and Iskandrian 1988 (TX-229) are not prior art with respect to the '296 patent.

k.      The non-obviousness of the claimed invention is further supported by teaching away from use of continuous infusions of adenosine into heart patients in the prior art, the skepticism in the art over the safety of such adenosine infusions, the unpredictability of the tolerability and diagnostic reliability of the claimed methods in actual human patients, the unexpected results obtained with the claimed invention, and the commercial success of the invention.

# EXHIBIT   11

**EXHIBIT 11**
**DEFENDANTS' STATEMENT OF INTENDED PROOF**

Defendants intend to prove the following facts in support of their defenses:

I.    **Myocardial Perfusion Imaging**

1.      Myocardial perfusion imaging is a diagnostic technique used to identify and assess conditions such as coronary artery disease and stenosed arteries.  Myocardial perfusion imaging utilizes a radiation-sensitive camera to depict the distribution of radiotracers to identify the regional distribution of blood flow in the myocardium under normal conditions and under circumstances of increased myocardial blood flow.

2.      Myocardial perfusion imaging was identified as potentially useful in the 1960s.

3.      The usefulness of the technique improved through the 1970s with the identification of better radiotracers, such as thallium-201.

4.      By the mid to late 1970s, it was recognized in the art that coronary vasodilators could be used in myocardial perfusion imaging as a pharmacologic stress agents instead of maximal exercise as a means of increasing blood flow and radiotracer extraction.

5.      By 1978, dipyridamole had been used as a pharmacological stress agent in connection with myocardial perfusion imaging in humans.

6.      By the relevant time, it was known in the art that dipyridamole was at least as effective as exercise for improving imaging.

7.      At the relevant time, it was known in the art that dipyridamole was an adenosine uptake inhibitor and that the vasodilation action of dipyridamole was linked to metabolism and transport of adenosine.

8.      Adenosine has long been known to be a vasodilator in mammals, including in humans.

9.      At the relevant time, the only United States source of pharmaceutical grade adenosine for intravenous administration to humans was Medco Research, Inc., the original assignee of United States Patent No. 5,070,877 patent (the "'877 patent").

10.     Pharmaceutical grade adenosine is required for intravenous administration of adenosine in humans.

## II.     The '877 Patent

11.     Several of the asserted claims, including claims 1 and 17, are generally directed to continuous intravenous infusion of an adenosine receptor agonist, infused at a rate within the range of 20 to 200 µg/kg/min, to cause coronary artery dilation and then performing a technique, such as myocardial perfusion imaging, to detect and assess dysfunction.  Other claims, including claims 7-9, 23-24, and 43, specify that the adenosine receptor agonist is adenosine.  Claims 4 and 20 identify a group, which includes adenosine, from which the adenosine receptor agonist is chosen.

12.     Claims 6 and 18 require that the adenosine receptor agonist be administered by intravenous infusion at a dosage of about 140 µg/kg/min.

13.     Claim 3 requires that the myocardial dysfunction be selected from the group consisting of coronary artery disease, ventricular dysfunction, and differences in blood flow through the disease free coronary vessels and stenotic coronary vessels.

14.     Claim 5 specifies certain techniques for detecting the presence and assessing the severity of the myocardial dysfunction, including by radiopharmaceutical myocardial perfusion imaging.  Claims 10 and 22 identify a group -- including scintigraphy, SPECT and PET, among others -- from which the method of radiopharmaceutical myocardial perfusion imaging may be

selected.  Claims 12 and 26 require that the method of radiopharmaceutical myocardial perfusion imaging is scintigraphy.

15.     Claims 11, 12, 21, and 25 identify radiopharmaceutical agents for use with the radiopharmaceutical myocardial perfusion imaging, including thallium-201.

16.     The alleged inventions in asserted claims 1, 3-12, 17, 18, 20-26, and 43 of the '877 patent were conceived on or after December 28, 1987.

III.     **Anticipation**

17.     The asserted claims of the '877 patent are invalid as anticipated by one or more of (a) United States Patent No. 5,731,296 ("the '296 patent") and (b) Request to the Ethics Committee at Karolinska Institute dated December 28, 1987, and identified as having arrived on February 3, 1988 (the "Karolinska Request").

18.     The '296 patent, including Example XIII, is prior art to the '877 patent.

19.     The '296 patent, including Example XIII, discloses every element of the asserted claims of the '877 patent because it discloses at least the following: (a) the use of adenosine in the diagnosis of coronary heart disease in humans by radionuclide scintigraphy; (b) that the dose of adenosine for this purpose should lie in the range of 10 to 150 µg/kg/minute; (c) the use of radio-isotopes such as thallium-201 and gamma radiation detection to visualize myocardial irrigation; and (d) continuous infusion of adenosine to humans at varying rates under varying conditions.

20.     The Karolinska Request is prior art to the '877 patent.

21.     The Karolinska Request discloses every element of asserted claims 1, 3-5, 7-12, 17, 20-26, and 43 of the '877 patent because it discloses at least the following: (a) replacing the coronary dilating substance of dipyridamole with adenosine; (b) that dipyridamole has the same

effect as adenosine and is used as a diagnostic tool in myocardial scintigraphy with thallium;

(c) a dose of 60 µg/kg/minute of adenosine, which, according to the Karolinska Request, is

sufficient for dilation of coronary arteries; and (d) use of thallium-201 as the

radiopharmaceutical agent for scintigraphy.

## IV.    <u>Obviousness</u>

22.    The asserted claims of the '877 patent are invalid as obvious in light of various

combinations of the following references and/or the knowledge and skill in the art at the time:

The '296 patent;

Albro, P.C., *et al.*, *Noninvasive Assessment of Coronary Stenoses by Myocardial Imaging During Pharmacologic Coronary Vasodilatation: III. Clinical Trial*, Am. J. Cardiol., 42:751-760 (1978) ("Albro");

I. Biaggioni *et al.*, *Cardiovascular effects of adenosine infusion in man and their modulation by dipyridamole*, Life Sciences 39:2229-2236 (1986) ("Biaggioni 1986");

I. Biaggioni *et al.*, C*ardiovascular and respiratory effects of adenosine in conscious man: evidence for chemoreceptor activation*, Circulation Research 61(6):779-786 (Dec. 1987) ("Biaggioni 1987");

T.B.G. Conradson *et al.*, *Cardiovascular effects of infused adenosine in man: potentiation by dipyridamole*, Acta Physiol Scand. 129:387-391 (1987) ("Conradson");

R.W. Fuller, *Circulatory and respiratory effects of infused adenosine in conscious man,"* Br. J. Clin. Pharma., 24:309-317 (1987) ("Fuller");

Gould, K.L., *Noninvasive Assessment of Coronary Stenoses by Myocardial Imaging During Pharmacologic Vasodilatation: II. Clinical Methodology and Feasibility*, Am. J. Cardiol., 41:279-287 (1978) ("Gould 1978");

A.S. Iskandrian *et al.*, *Dipyridamole cardiac imaging*, Am. Heart J. 115(2):432-443 (Feb. 1988) ("Iskandrian");

M. Lagerkranser *et al.*, *Central and splanchinic hemodynamics in the dog during controlled hypotension with adenosine*, Anesth. 60:547-552 (June 1984) ("Lagerkranser");

J. Leppo *et al.*, *Quantitative thallium-201 redistribution with a fixed coronary stenosis in dogs*, Circulation 63(3):632-639 (March 1981) ("Leppo");

A. Öwall *et al.*, *Clinical experience with adenosine for controlled hypotension during cerebral aneurysm surgery*, Anesth Analg. 66:229-34 (1987) ("Owall");

A. Sollevi *et al.*, *Cardiovascular effects of adenosine during controlled hypotension in cerebral artery aneurysm surgery*, Anesthesiology 59(3): A9 (Sept. 1983) ("Sollevi 1983");

A. Sollevi, *et al.*, *Controlled hypotension with adenosine in cerebral aneurysm surgery*, Anesthesiology, 61:400-405 (Oct. 1984) ("Sollevi 1984b");

A. Sollevi, *Cardiovascular effects of adenosine in man: possible clinical implications*, Progress in Neurobiology 27:319-349 (1986) ("Sollevi 1986");

H. W. Strauss and Bertram Pitt, *Noninvasive detection of subcritical coronary arterial narrowings with a coronary vasodilator and myocardial perfusion imaging*; The American Journal of Cardiology, 30:403-406 (1977) ("Strauss 1977"); and

The Karolinska Request.

23.     Gould 1978 discloses a method of detecting the presence and assessing the severity of myocardial dysfunction in a human by (1) administering dipyridamole intravenously in an amount sufficient to cause coronary artery dilation (142 μg/kg/min) and (2) performing a technique on the human – administration of thallium-201 followed by myocardial imaging – to detect the presence and assess the severity of the dysfunction.  Gould 1978 also expressly suggests substituting another, more potent, vasodilator for dipyridamole in the diagnostic procedure and thus provides motivation to substitute adenosine for dipyridamole in the method described in Gould.

24.     Albro discloses a method of detecting the presence and assessing the severity of myocardial dysfunction in a human by (1) intravenously administering dipyridamole in an amount sufficient to cause coronary artery dilation (142 μg/kg/min); and (2) performing a technique on the human – administration of thallium-201 followed by myocardial perfusion

imaging – to detect the presence and assess the severity of the dysfunction. Albro also provides motivation to substitute adenosine for dipyridamole in the method described in Albro.

25.    It was known at the relevant time that the identity of the vasodilator used to increase blood flow for myocardial perfusion imaging was not critical, provided that adequate vasodilation was achieved.

26.    It was known in the art at the relevant time that dipyridamole was an adenosine uptake inhibitor and that the vasodilation action of dipyridamole was linked to metabolism and transport of adenosine.

27.    By the relevant time, it was known in the art that adenosine could be safely administered to humans as a continuous, intravenous infusion at various infusion levels with or without pretreatment with dipyridamole.

28.    Sollevi 1983 discloses continuous intravenous infusion of adenosine at a mean dose of 140 µg/kg/min to anesthetized patients who had been pretreated with dipyridamole.

29.    Sollevi 1984b discloses continuous intravenous infusion of adenosine at rates of 10 to 320 µg/kg/min to anesthetized patients who had been pretreated with dipyridamole.

30.    Sollevi 1986 discloses continuous intravenous infusion of adenosine to humans for various purposes at various rates, including ranges of 20-50 µg/kg/min, 50-150 µg/kg/min, and 150-350 µg/kg/min.

31.    Biaggioni 1986 discloses continuous intravenous infusion of adenosine to conscious humans at rates of 10, 20, 40, 60, 80, 100, and 140 µg/kg/min for periods of 15 minutes each.

32.    Biaggioni 1987 discloses continuous intravenous infusion of adenosine to humans at doses of 80 to 180 µg/kg/min.

33. Conradson discloses continuous, intravenous infusion of adenosine to conscious humans at rates of 70 to 100 µg/kg/min.

34. Fuller discloses continuous intravenous infusion of adenosine to conscious healthy humans at rates up to 200 µg/kg/min.

35. Owall discloses continuous infusion of adenosine to anesthetized patients at rates of 88-530 µg/kg/min.

36. Iskandrian (February 1988) provides motivation for replacing dipyridamole with adenosine in the then-established method of detecting the presence and assessing the severity of myocardial dysfunction in a human by (1) administering dipyridamole in an amount sufficient to cause coronary artery dilation, including intravenous administration at a rate of 142 µg/kg/min, and (2) administering thallium-201 followed by myocardial perfusion imaging to detect the presence and assess the severity of the dysfunction.

37. Iskandrian identifies adenosine triphosphate as a coronary vasodilator. Lagerkranser teaches that adenosine triphosphate is degraded entirely to adenosine and its breakdown products.

38. A person of ordinary skill in the art at the relevant time would have reasonably expected that continuous infusion of adenosine, at rates within the ranges disclosed in the art, would likely succeed as a pharmacologic stress agent in connection with myocardial perfusion imaging.

39. A person of ordinary skill in the art at the time would have reasonably expected that adenosine, administered at a rate within the ranges disclosed in the art, would succeed as a substitute for dipyridamole as a pharmacologic stress agent in connection with myocardial perfusion imaging.

40.     A person of ordinary skill in the art would have had a reasonable expectation, based on Strauss 1977 and/or Leppo in light of the knowledge in the art and/or in combination with the other references in that art, that use of adenosine for myocardial perfusion images in humans would succeed.

41.     The asserted claims of the '877 patent are also obvious in light of studies involving the use of pharmacological stressors for myocardial perfusion imaging in dogs, in combination with the knowledge in the art and/or Strauss 1977 and Leppo.

## V.     Secondary Considerations

42.     Plaintiffs' proofs concerning secondary considerations of non-obviousness do not rebut Defendants' prima facie case of obviousness.

### A.     Commercial Success

43.     Plaintiffs have failed to demonstrate nexus between the asserted claims of the '877 patent and the alleged commercial success of their Adenoscan® product.

44.     The sales levels achieved by Adenoscan® provide no evidence of any superiority of Adenoscan®, as these sales levels have no demonstrated nexus to the subject matter of the asserted claims of the '877 patent.

45.     The commercial sales of Adenoscan® are a result of extensive marketing and promotional campaigns; an increase in demand for myocardial perfusion imaging employing pharmacological stress agents that occurred for reasons unrelated to the asserted inventions; and the absence of marketing and promotion by the manufacturers of drugs that are competitive alternatives to Adenoscan®.

**B.     Skepticism**

46.     There is no evidence of skepticism that demonstrates the non-obviousness of the asserted claims of the '877 patent.

47.     Numerous prior art publications describe the continuous intravenous infusion of adenosine to humans.

48.     The state of the art and knowledge in the art suggested substituting adenosine, the direct acting agent, for dipyridamole, which acted indirectly either by inhibiting adenosine deaminase or by preventing the uptake of adenosine into these tissues.

**C.     Unexpected Results**

49.     Plaintiffs have not demonstrated any unexpected results for the methods of the asserted claims.

50.     Any difference in results between adenosine and dipyridamole were expected based on the knowledge in the art at the time of the properties, mechanism, and half-life of both agents.

**D.     Additional Secondary Considerations**

51.     In their Statement of Issues of Law that Remain to Be Litigated, Plaintiffs refer to at least four additional secondary considerations:  long-felt need, teaching away, failure of others, and acclaim in the field.  Plaintiffs have not yet offered any competent evidence of any of these secondary considerations.

52.     Due to this failure of proof, Plaintiffs cannot be permitted to rely upon the secondary considerations of long-felt need, teaching away, failure of others, and acclaim in the field at trial.

**VI.     Exceptional Case**

53.     Plaintiffs have failed to prove by clear and convincing evidence that this case is exceptional pursuant to 35 U.S.C. § 285.

54.     Defendants maintain that it is improper, and a waste of the parties' and Court's time and resources, to address issues of exceptional case at this time, and that all such issues should be bifurcated until the Court has rendered a decision on the merits and determined that there is a "prevailing party" as required by 35 U.S.C. § 285.

# EXHIBIT   12

**EXHIBIT 12**

**ASTELLAS'S LIST OF MISCELLANEOUS ISSUES FOR
THE PRETRIAL CONFERENCE**

Astellas intends to raise the following issues at the Pretrial Conference:

1.  How the Court will handle documents that have been designated as highly confidential.  Sicor's exhibit list includes more than 60 highly confidential post-patent-filing internal documents and private communications (primarily relating to the activities of Astellas in supporting research, supporting professional societies, retaining consultants, and marketing its products) whose relevance to the patent-validity issues is tangential at best.  If Sicor is determined to offer some or all such documents at trial, Plaintiffs request that they not be disclosed on the public record.

2.  Whether Sicor may assert new theories of anticipation that were never disclosed in its contentions or expert reports.  Sicor has asserted anticipation in view of references by Gould 1978 and Albro, but neither theory was described in Sicor's contentions and neither was disclosed in Sicor's expert reports.

3.  Plaintiffs wish to make the Court aware that certain witnesses, such as physician-experts who have patient responsibilities, and witnesses from Europe and California may need to be taken out of order due to scheduling problems.

4.  Plaintiffs and Defendants disagree on the notice to be provided of exhibits that may be offered on redirect.  Plaintiffs believe it would be impractical and prejudicial to require identification of redirect exhibits before cross-examination since no identification of cross-examination exhibits is required.  Defendants disagree and seek to require identification of redirect exhibits two days before the witness testifies.

# EXHIBIT   13

**EXHIBIT 13**

**DEFENDANTS' STATEMENT OF MISCELLANEOUS
ISSUES FOR THE PRETRIAL CONFERENCE**

Defendants intend to raise the following issues at the Pretrial Conference:

1.    How the hours of trial time will be allotted to each side at trial.

2.    Order of presentation. (Sicor believes that it should go first at trial on the question of the validity of the '877 patent claims at issue. After Sicor presents its *prima facie* case on '877 patent invalidity, plaintiffs would present their case on '877 patent validity, including alleged secondary factors of non-obviousness, to be followed by Sicor's rebuttal.)

3.    Whether any issues other than commercial success of Adenoscan® will be consolidated for trial with C.A. 05-336-SLR. (Sicor believes that no other issues have been identified that may properly be consolidated.)

4.    Whether plaintiffs should be precluded from relying at trial on secondary considerations of non-obviousness that have been raised for the first time in this case in Exhibit 4, Section II.D.

5.    The '877 patent claims at issue at trial. (Plaintiffs have asserted, including in their Final Infringement Contentions dated May 2, 2006, that Defendants' proposed product would infringe claims 1, 3-12, 17, 18, 20-26 and 43 of the '877 patent. The May 16, 2006 stipulation concerning infringement identifies each of these claims. However, Plaintiffs' expert reports on issues of validity and Plaintiffs' sections of the proposed pretrial order address only claims 23 and 43.)

6.    Whether exceptional case issues will be bifurcated and deferred for trial pending the Court's ruling on the validity of the '877 patent and identification of a prevailing party. (Sicor believes that exceptional case is not a proper issue for trial at this time.)

7.    The timing and requirements for exchange of demonstratives and exhibits to be used during examination of a witness being called by the party offering the exhibit(s).

8.    Whether a party may offer expert evidence in connection with this action when an expert witness and his opinions were disclosed pursuant to Rule 26 only in connection with Civil Action No. 05-336 SLR. Defendants maintain that if an expert was not disclosed in this action and the expert's report and deposition are not part of the record in this action, then it is not appropriate to offer his opinion, or any part thereof or reference thereto, in this action.