# Morris James LLP

Mary B. Matterer
302.888.6960
mmatterer@morrisjames.com

June 29, 2007

The Honorable Sue L. Robinson
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re: *King Pharmaceuticals Research and Development, Inc. et al. v. Sicor Inc. et al.*;
           Civil Action No. 05-0337-SLR

Your Honor:

     We are writing pursuant to D.Del. L.R. 7.1.2(c) to call the Court's attention to a new Federal Circuit opinion decided after the post-trial briefing in this matter. On June 28, 2007, the Federal Circuit decided its first pharmaceutical patent case involving obviousness since *KSR* and affirmed the district court's determination that the generic manufacturer defendants failed to prove by clear and convincing evidence that the asserted claims of the patent at issue were invalid as obvious under 35 U.S.C. § 103. *Takeda Chem. Indus., Ltd. v. Alphapharm Pty., Ltd.*, No. 06-1329 (Fed. Cir. June 28, 2007).

     In *Takeda*, the Federal Circuit stressed that the teaching, suggestion, or motivation ("TSM") test retains an important role in obviousness analyses. (*See id.* at 10.) The court stated that "[a]s long as the [TSM] test is not applied as a 'rigid and mandatory' formula, that test can provide 'helpful insight' to an obviousness inquiry. *Id.* at 10 (quoting *KSR Int'l Co. v. Teleflex, Inc.*, 127 S. Ct. 1727, 1731 (2007)). Moreover, the Federal Circuit stated that the Court in *KSR* "acknowledged the importance of identifying 'a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does' in an obviousness determination." *Id.* In view of this understanding, the Federal Circuit upheld the determination of the district court that the prior art taught away from the claimed invention, and further that a person of ordinary skill in the art would not have been motivated to make the claimed invention. *See id.* at 10, 13, 16.

     The Federal Circuit also addressed the "obvious to try" language in *KSR*. *Id.* at 15. In particular, the court differentiated between predictable arts, where "there are a finite number of identified, predictable solutions," and unpredictable arts, such as pharmaceutical development. *See id.* (stating "[r]ather than identify predictable solutions for antidiabetic treatment, the prior art disclosed a broad selection of compounds any one of which could have been selected as a

**Morris James**LLP

The Honorable Sue L. Robinson
June 29, 2007
Page 2

lead compound for investigation."). Moreover, the court emphasized that the lead compound selected by the inventors in *Takeda* was described in the prior art as exhibiting negative properties that would have directed one of ordinary skill in the art away from that compound. *See id* at 15.

Much like this case, the defendants in *Takeda* argued that the holding of *Pfizer* directly supported their position. *Id.* at 15-16 (citing *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348 (Fed. Cir. 2007)). However, the Federal Circuit reiterated that the conclusion in *Pfizer* was based on the "particularized facts" of that case. *Id.* at 15-16. The court contrasted the situation in *Pfizer*, noting in *Takeda* that a person of ordinary skill in the art would not have chosen a compound that was associated with the existence of toxicity or side effects. *Id.* at 16.

Plaintiffs respectfully submit that the *Takeda* case deserves careful consideration in the Court's determination in this action.

Respectfully,

*/s/ Mary Matterer*
Mary B. Matterer #2696
mmatterer@morrisjames.com

Enclosure

cc:   Karen Keller, Esq. (via email & hand delivery)
      Paul Crawford, Esq. (via email & hand delivery)
      Annemarie Hassett, Esq. (via email & fedex)
      Jonathan Muenkel, Esq. (via email & fedex)